UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RYAN SCOVILLE,

       Plaintiff,

v.

U.S. DEPARTMENT OF STATE,

       Defendant.

Civil Action No. 2:22-cv-91
ECF Case

## COMPLAINT

Plaintiff RYAN SCOVILLE, by his undersigned attorneys, alleges:

  1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, for declaratory, injunctive, and other appropriate relief brought by Ryan Scoville, professor of law at Marquette University Law School, in his personal and individual capacity.

  2.  Professor Scoville's FOIA request to Defendant, the U.S. Department of State ("State"), seeks reports submitted to Congress regarding the use and transfer of military equipment. Although he filed the request in March 2020, he has yet to receive any responsive documents. State has estimated it will not complete his request until 2023.

  3.  Professor Scoville is far from alone. Thousands of other FOIA requesters must also wait months — or often years — before receiving the documents they requested. When requestors finally get the documents they asked for, if they get them at all, the records are frequently years out of date, effectively denying them FOIA's promise of a transparent government accessible to its citizens.

  4.  FOIA exists to "ensure an informed citizenry, vital to the functioning of a democratic society." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978). By requiring agencies to turn over documents to the citizens, it helps "hold the governors

accountable to the governed." *Id.* In short, FOIA is a citizen's tool "to open agency action to the light of public scrutiny." *Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 772 (1989) (quoting *Dep't of Air Force v. Rose,* 425 U.S. 352, 372 (1976)).

5. But State systematically disregards its FOIA obligations — and therefore blocks effective public scrutiny — by regularly ignoring FOIA's timing requirements and failing to provide requested documents "promptly," as the law demands.

6. Professor Scoville seeks to compel State to release records responsive to his FOIA request.

7. He also seeks to compel State to correct its policy or practice of impermissible delays in response to FOIA requests and, instead, to make timely determinations as required by FOIA. 5 U.S.C. § 552(a)(3)(A), (a)(6).

## PARTIES

8. Plaintiff Ryan Scoville is a professor of law at Marquette University Law School. He teaches and writes about U.S. foreign relations law and international law. His research focuses on the various ways in which domestic law regulates U.S. diplomatic activities and on comparative international law. Much of his published writing addresses the separation of powers with respect to U.S. diplomatic activities. *See, e.g.*, Ryan Scoville, *Unqualified Ambassadors*, 69 Duke L.J. 71 (2019); Ryan Scoville, *Ad Hoc Diplomats*, 68 Duke L.J. 907 (2019).

9. Defendant U.S. Department of State is a department of the executive branch of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f)(1).

## JURISDICTION AND VENUE

10. Professor Scoville resides in this district. Accordingly, this Court has subject-matter jurisdiction over this action and personal jurisdiction over the Defendant pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

11. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

**FACTS**

**Long-Delayed FOIA Request to the U.S. Department of State**

12. In the course of Professor Scoville's research, he has made and continues to make requests under FOIA for government records, particularly those related to the government's practices and conduct in the fields of diplomacy and international law.

13. On March 4, 2020, Professor Scoville submitted a FOIA request (hereinafter, the "Request") to the State Department Office of Information Programs and Services seeking certain reports submitted to Congress regarding "defense articles" — a term defined by State regulations to include various military equipment. *See* 22 C.F.R. § 120.6. Specifically, the Request sought the following for the time period from January 20, 2001 to January 20, 2020:

    a. All reports submitted to Congress pursuant to 22 U.S.C. 2753(a)(4). These reports concern agreements for use and transfer restrictions pertaining to defense articles.

    b. All reports submitted to Congress pursuant to 22 U.S.C. 2753(c)(2). These reports concern violations of agreements for use, safeguard, or transfer restrictions pertaining to defense articles.

    c. All reports submitted to Congress pursuant to 22 U.S.C. 2753(c)(3)(A). These reports concern presidential determinations that a country is ineligible for defense articles due to violations of use, safeguard, or transfer restrictions.

    d. All reports submitted to Congress pursuant to 22 U.S.C. 2753(e). These reports concern defense article transfers made without the President's consent.

A true and correct copy of the Request is annexed as Exhibit A.

14. The Request is entitled to a fee waiver under 5 U.S.C. § 552(a)(4)(A)(ii)(II) because it was made by an affiliate of an "educational or noncommercial scientific institution, whose purpose is scholarly or scientific research," and under 5 U.S.C. § 552(a)(4)(A)(iii), as disclosure "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." *See also* 22 C.F.R. § 171.16 (State's regulations implementing FOIA fee waiver provisions).

15. On March 24, 2020, Professor Scoville received an email from A_FOIAacknowledgement@groups.state.gov that acknowledged receipt of the Request and assigned it reference number F-2020-04794. A true and correct copy of the email is annexed as Exhibit B.

16. The email stated that the Office of Information Programs and Services would "not be able to respond within the 20 [business] days provided by the statute due to 'unusual circumstances' . . . includ[ing] the need to search for and collect requested records from other Department offices or Foreign Service posts." *Id.*

17. Contrary to FOIA, State failed to specify "the date on which a determination is expected to be dispatched" or to offer Professor Scoville "an opportunity to arrange with the agency an alternative time frame for processing the request." 5 U.S.C. § 552(a)(6)(B).

18. Professor Scoville received no further communication from State for nearly a year.

19. On February 22, 2021, Plaintiff's counsel emailed FOIAstatus@state.gov on Plaintiff's behalf seeking an update on the status of the Request. A true and correct copy of this email correspondence is contained in an email chain annexed as Exhibit C.

20. After receiving no response to counsel's email, on February 28, 2021, Plaintiff's counsel followed up by telephone. In a return call from the FOIA Requester Service Center, Plaintiff's counsel were directed to contact the office by email again, and they did so on March 2, 2021. Ex. C at 2.

21. On March 3, 2021, Plaintiff's counsel received a response from FOIAStatus@state.gov stating that "[t]his request is in process and has a March 8, 2023, estimated date of completion (EDC)." Ex. C at 2.

22. Plaintiff's counsel sought to confirm that the estimated date of completion was in fact two years away. On March 23, 2021, the agency confirmed the March 8, 2023 estimated date of completion. Ex. C at 1.

23. On March 31, 2021, Plaintiff's counsel filed an appeal of the Request with the State Department FOIA Appeals Officer. A true and correct copy of the appeal is annexed as Exhibit D.

24. Appeals Officer Lori Hartmann responded on March 31, 2021, stating that the Request was "not subject to administrative appeal at this time, since no specific material has been denied in response to the request," but noting that requestors who do not receive a response within the statutory time limit of 20 business days have exhausted their administrative remedies and are entitled to file suit in federal court. A true and correct copy of the response is annexed as Exhibit E.

25. Now, more than 22 months since he filed his FOIA request, Professor Scoville has still received none of the requested documents, even in part.

26. State has constructively denied Plaintiff's FOIA request, and Professor Scoville has thus exhausted his administrative remedies, 5 U.S.C. § 552(A)(6)(C), which State acknowledged.

### Years-long Delays With Previous FOIA Requests

27. The long delay Professor Scoville is facing on the Request is the latest example of State's exceedingly long delays in violation of its statutory obligations.

28. Due to his professional research activities, Professor Scoville regularly files FOIA requests with the State Department.

29. On April 16, 2014, Professor Scoville submitted a FOIA request to State seeing documents related to ambassadorial nominees. More than a year later, State produced a small portion of the responsive records. But by 2017, after waiting more than three years, most of the records remained unproduced. Professor Scoville filed suit against State on May 19, 2017. A true and correct copy of the complaint is annexed as Exhibit F.

30. State finally produced all requested records by May 2018. State had forced Professor Scoville to wait nearly 49 months from his initial request to final production of the requested documents.

31. Professor Scoville filed additional FOIA requests with State on March 10, 2016 (control number F-2016-01912), October 21, 2016 (F-2016-13984), and February 17, 2018 (F-2018-01436). After Professor Scoville waited well over a year for the requests — more than three years for the March 10, 2016 request — State had still produced no documents. Professor Scoville again filed suit against State, seeking documents responsive to all three requests, on July 3, 2019. A true and correct copy of the complaint is annexed as Exhibit G.

32. State finally responded several months after Professor Scoville filed suit. It produced a limited number of documents responsive to request F-2016-01912 in October 2019, informed Professor Scoville in December 2019 that it would withhold all responsive documents to request F-2016-13984, and produced one record in response to request F-2018-01436 in January 2020.

33. State not has still not completed its response to request F-2016-01912 — 70 months after the initial request.

### The State Department's Pattern of Failing to Meet FOIA Requirements

34. Like Scoville, thousands of other FOIA requesters also face unlawful delays from the State Department, according to data published by State itself.[1]

35. The data from State show that the department's backlog — defined as the number of FOIA requests "that are pending beyond the statutory time period for a response" — reached nearly 14,000 at the end of fiscal year 2020.[2] That was an increase from the 11,000 backlogged requests at the end of 2019.[3] State has had at least 10,000 backlogged requests every year since 2013, when it ended the year with 8,669.[4]

36. Although FOIA requires an agency to respond to a request within 20 days absent unusual circumstances, 5 U.S.C. § 552(a)(6), State's data show that its average response time is much longer. Even for requests that State identifies as "simple," meaning the request seeks a "low volume" or simple set of records, the department still took an average of 86 days — nearly three months — to respond in 2020.[5]

37. For other categories of requests, the average response times were worse: 399 days for "expedited" requests, and 350 days for "complex" requests.[6]

38. At no time since State began reporting its FOIA response data, for the 1998 fiscal year, has the department fully complied with FOIA's timing requirements.

---

[1] Annual Reports, U.S. Dep't of State, https://foia.state.gov/Learn/Reports.aspx.
[2] Freedom of Information Act Annual Report: Fiscal Year 2020, U.S. Dep't of State, at 6, 37, https://foia.state.gov/Learn/Reports/Annual/2020.pdf.
[3] *Id.* at 41.
[4] Freedom of Information Act Annual Report: Fiscal Year 2013, U.S. Dep't of State, at 39, https://foia.state.gov/Learn/Reports/Annual/2013.pdf.
[5] Freedom of Information Act Annual Report: Fiscal Year 2020, U.S. Dep't of State, at 7, 24, https://foia.state.gov/Learn/Reports/Annual/2020.pdf.
[6] *Id.* at 24.

39. State's FOIA data demonstrate the pattern of unlawful, unexcused delay to which Professor Scoville and thousands of other requesters have fallen victim. This practice fails to comply with the explicit requirements or the purpose of the FOIA.

### Professor Scoville's Pending Request

40. The harm caused by State's pattern or practice of FOIA violation will continue for Professor Scoville. In addition to the Request at issue in this complaint, he currently has another FOIA request pending at the State Department for which State has yet to produce any documents. On August 16, 2021, he submitted a request seeking legal analysis or discussion related to congressional diplomatic communications. A true and correct copy of the request is annexed as Exhibit H.

41. FOIA's response deadline has expired, and State has not produced responsive documents.

42. Given his long experience with State's delays, as well as State's pattern of delays responding to other requests, Professor Scoville reasonably expects that he will continue to experience unreasonable delays.

### CLAIMS FOR RELIEF

### FIRST CLAIM

### Violation of FOIA for failure to respond to Plaintiff's Request

43. Plaintiff repeats, re-alleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

44. Defendant's failure to timely provide a substantive response to the Request violates FOIA, 5 U.S.C. § 552(a)(6)(A), and Defendant's regulations, 22 C.F.R. § 171.11(e), (g).

## SECOND CLAIM

### Violation of FOIA for failure to make records available

45. Plaintiff repeats, re-alleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

46. Defendant's failure to promptly make available the records sought by the Request violates FOIA. 5 U.S.C. § 552(a)(3)(A); *see also* 22 C.F.R. § 171.11.

## THIRD CLAIM

### Impermissible Policy or Practice of Violating FOIA

47. Plaintiff repeats, re-alleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

48. Defendant's repeated, prolonged, and unexcused delays responding to Plaintiff's requests, as well as Defendant's long delays in its FOIA responses overall, demonstrate an impermissible policy or practice of violating FOIA's timing requirements set out in 5 U.S.C. §§ 552(a)(3)(A) and (a)(6).

49. Defendant's repeated and ongoing violations of the text, intent, and purpose of FOIA have caused, and will continue to cause, irreparable harm to Plaintiff by denying him timely access to the documents to which the public is entitled, denying him the transparency envisioned by FOIA, and forcing him to work with outdated documents inadequate to meet the needs of his scholarship.

50. Plaintiff will continue to be irreparably harmed by Defendant's unlawful policy or practice unless Defendant is compelled to comply fully with FOIA's requirements now and on an ongoing basis.

## DECLARATORY AND INJUNCTIVE RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests this Court to:

1. Declare that the records sought in Plaintiff's FOIA Request are public records under 5 U.S.C. § 552 and must be disclosed pursuant to law;

2. Order Defendant to immediately conduct a thorough search for all records responsive to Plaintiff's Request;

3. Order Defendant to immediately disclose, in their entirety, all responsive records to Plaintiff's Request not specifically exempt from disclosure under FOIA and demonstrate that it employed search methods reasonably calculated to uncover all records responsive to the Request;

4. Enjoin Defendant from charging Plaintiff for the search, review, or duplication fees for processing the Request;

5. Award Plaintiff the costs of this proceeding, including reasonable attorneys' fees;

6. Declare that Defendant has implemented an impermissible policy or practice of untimely and noncompliant responses to FOIA requests and issue an Order enjoining Defendant from continuing to implement that policy or practice; and

7. Grant such other and further relief as the Court deems just and proper.

Dated: January 25, 2022

> Respectfully submitted,
>
> By: *s/Brady C. Williamson*
> Brady C. Williamson
> GODFREY & KAHN, S.C.
> State Bar No. 1013896
> One East Main Street, Suite 500
> Madison, WI 53703
> Tel: (608) 257-3911
> bwilliam@gklaw.com
>
> Michael Linhorst*
> David A. Schulz*
> MEDIA FREEDOM AND INFORMATION ACCESS CLINIC
> Yale Law School

P.O. Box 208215
New Haven, CT 06520-8215
Tel: (203) 436-5824
michael.linhorst@ylsclinics.org
david.schulz@ylsclinics.org

*Counsel for Plaintiff Ryan Scoville*

\* Application for admission forthcoming

26613048.