IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RYAN SCOVILLE,

    Plaintiff,

v.

UNITED STATES DEPARTMENT STATE,

    Defendant.

Case No. 2:22-cv-00091-NJ

## PROTECTIVE ORDER

The Parties jointly request entry of this proposed Protective Order in the above-captioned action to limit the disclosure, dissemination, and use of confidential information as defined below.

The Court finds good cause for entry of this Protective Order pursuant to Federal Rule of Civil Procedure 26(c) and Civil Local Rule 26(e) of the United States District Court for the Eastern District of Wisconsin. Nothing in this Order supersedes other applicable regulatory and statutory obligations requiring disclosure of information.

The Court hereby enters the following Protective Order:

## DEFINITIONS

For purposes of this Protective Order:

    1.    "Action" means the ligation, *Scoville v. U.S. Department of State*, No. 2:22-cv-00091-NJ (E.D. Wis.).

    2.    "Confidential Information" means Discovery Material that the Designating Party believes in good faith falls within one or more of the following categories: (a) information kept

confidential pursuant to law or regulation, including any applicable privilege; (b) non-public information that is sensitive, proprietary, or reveals trade secrets; (c) competitively sensitive research, technical, commercial, business, or financial information that a Party or Third Party has maintained as confidential; (d) information protected from disclosure by the Privacy Act of 1974, 5 U.S.C. § 552a; or (e) other private personal or medical information, including but not limited to current or past email addresses, home addresses, and telephone numbers and any other personally identifiable information regarding any person.

      3.    "Designating Party" means a Party or Third Party who, by following the procedures in this Protective Order, designates Discovery Material as Confidential Information.

      4.    "Discovery Material" means all documents, testimony, pleadings, exhibits, and all other material or information produced or disclosed in this Action, including responses to requests for production of documents and/or things, responses to interrogatories, responses to requests for admissions, documents and things made available for inspection, deposition testimony, expert testimony and reports, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, including Third Party discovery pursuant to Rule 45, matters in evidence, and any other information hereafter furnished, directly or indirectly, by or on behalf of any Party, Third Party, or witness in connection with this Action. This Protective Order and protections herein shall apply to all Discovery Material.

      5.    "Expert" means a person with specialized knowledge or experience in a matter pertinent to this Action who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action who, at the time of retention, is not an officer, director, or employee of a Party and is not anticipated to become an officer, director, or employee of a Party. Nothing in this Protective Order purports to alter in any way the requirements for offering

testimony under Fed. R. Evid. 703, or to define the term "expert" for purposes other than those addressed in this Protective Order.

6. "Party" means a party to this Action.

7. "Producing Party" means any Party or any Third Party who produces or otherwise discloses, whether through formal or informal means, Discovery Material in this Action.

8. "Professional Vendor(s)" means persons or entities that provide litigation support services (e.g., photocopying, audio or video recording, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

9. "Protective Order" means this Stipulated Protective Order.

10. "Protected Material" means any Discovery Material that is designated as Confidential.

11. "Receiving Party" means any Party that receives Discovery Material produced or otherwise disclosed by any Producing Party.

12. "Third Party" means a person or entity that is not a Party.

## DESIGNATION

13. Any Party or Third Party may designate Discovery Material as Protected Material in accordance with this Protective Order if such party in good faith believes that such Discovery Material contains Confidential Information. A Party that wishes to designate such Discovery Material produced by another Producing Party must do so promptly upon learning of the production without the required designation by delivering to the Receiving Parties and the Producing Party (i) written notice of such designation and (ii) properly designated copies of such Discovery Material.

14. For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial proceedings), designation in conformity with this Protective Order requires that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains Protected Material. For responses to written discovery requests, the legend "CONFIDENTIAL" shall be placed on each page containing Protected Material. For data in the form of a medium that makes the marking impracticable, the producing party shall mark the diskette case, USB drive and/or accompanying cover letter. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and does not otherwise disclose the substance of the Confidential Information are not required to be marked.

15. Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within thirty (30) days after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript to be designated as confidential or any exhibits to be protected.

## **FILING PROTECTED MATERIAL**

16. To the extent that any party seeks to file any paper with the Court that contains or reflects any Protected Material, including but not limited to pleadings, briefs, exhibits, discovery responses, and portions of depositions where the contents of Protected Material are discussed, the parties shall first attempt to agree that the documents can be redacted to remove the Protected Material. In the absence of such agreement, the Protected Material in these papers must be redacted from the filed pleading or brief and an unredacted copy of the document be filed under seal in compliance with General Local Rule 79(d) of the United States District Court for the

Eastern District of Wisconsin. If a Court filing contains information, documents, or other materials that were designated as Confidential Information by a Third Party, the Party making the filing shall provide notice of the filing to the Third Party. Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The parties understand that the requested documents may be filed under seal only with the permission of the Court after proper motion.

**USE**

17. Protected Material produced by a Party or Third Party may be used by a Receiving Party only for purposes of litigating this Action. A Receiving Party shall not use such Protected Material for any other purpose including, but not limited to, public disclosure, academic projects, or any other lawsuit or proceeding. Nothing in this Protective Order precludes a Producing Party from using or disseminating its own Discovery Material for purposes other than this Action.

**DISCLOSURE OF PROTECTED MATERIAL**

18. Unless otherwise directed by the Court or authorized in writing by the Producing Party, Protected Material may be disclosed by a Receiving Party only to the following persons:

   (a) Counsel or other attorneys for the Parties, including agency counsel assigned to this Action;

   (b) Support personnel for attorneys identified in Paragraph 18(a), such as law clerks, paralegals, secretaries, and clerical staff, assisting with this Action under the supervision of an attorney described in Paragraph 18(a);

   (c) Contract attorneys retained by a Party for the sole purpose of assisting with document review in this Action;

(d) During depositions or sworn testimony, or in preparation therefore, witnesses and deponents in this Action and their attorneys to whom Counsel determines in good faith disclosure of Protected Material is reasonably necessary to the conduct of the Action, but only after they confirm their understanding and agreement to abide by the terms of this Protective Order by making such a statement on the record, and/or by signing the "Acknowledgment and Agreement to be Bound by Protective Order" attached as Exhibit A, which signed agreement shall be maintained by counsel for the Receiving Party. Witnesses and deponents shall not retain copies of documents containing Confidential Information, except a witness and his or her attorney(s) may receive a copy of the transcript of the witness's testimony and all exhibits marked at his or her testimony in connection with review of the transcripts;

(e) Any Expert who is expressly retained to assist in this Action, including any associates or analysts working under the supervision of the Expert, with disclosure of Confidential Discovery Material only to the extent necessary to perform such work, provided that the Expert, and the associates and analysts working under the supervision of the Expert, have signed the "Acknowledgment and Agreement to be Bound by Protective Order" attached as Exhibit A, which signed agreement shall be maintained by counsel for the Receiving Party;

(f) Support personnel for Experts, such as secretaries and clerical staff, assisting with this Action under the supervision of an Expert and who have signed the "Acknowledgment and Agreement to be Bound by Protective Order" attached as Exhibit A, which signed agreement shall be maintained by counsel for the Receiving Party;

(g) Any interpreter, court reporter, or other shorthand reporter or typist who is translating, recording, or transcribing documents or testimony in connection with this Action;

(h) Professional Vendors, as defined herein, who have signed the "Acknowledgment and Agreement to be Bound by Protective Order" attached as Exhibit A, which signed agreement shall be maintained by counsel for the Receiving Party;

(i) Professional trial consulting personnel who have signed the "Acknowledgment and Agreement to be Bound by Protective Order" attached as Exhibit A, which signed agreement shall be maintained by counsel for the Receiving Party;

(j) Personnel of the Court and all appropriate courts of appellate jurisdiction;

(k) Any mediator or arbitrator whom the Parties have agreed to use for any form of alternative dispute resolution in connection with this Action; and

(*l*) Any other person with the prior written consent of the Producing Party or by order of this Court, and who has signed the "Acknowledgment and Agreement to be Bound by Protective Order" attached as Exhibit A, which signed agreement shall be maintained by counsel for the Receiving Party.

19. The recipient of any Protected Material that is provided under this Protective Order (including any copies or excerpts made thereof) shall maintain such Protected Material in a secure and safe area and shall exercise reasonable and proper care with respect to the storage, custody, use, and/or dissemination of such Discovery Material. The recipient of Protected Material produced in electronic form shall maintain such Protected Material on a secure, password-protected computer, drive, or server with access restricted to persons authorized under Paragraph 18.

20. In the event of disclosure of Protected Material to any person not authorized to such access under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately inform the Party whose Protected Material has been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The Party responsible for improperly disclosing such Protected Material shall also promptly take all reasonable measures to attempt to retrieve the improperly disclosed Protected Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

## INADVERTENT DISCLOSURE

21. The inadvertent production by a Party of Discovery Material subject to the deliberative process privilege, attorney-client privilege, work-product doctrine, or any other applicable privilege or protection will not waive the applicable privilege and/or protection in this Action or any other federal or state proceeding, legal process or request, or as against any requester of such information. The Parties intend that this Protective Order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2), and this Protective Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).

22. If a Party determines that it has inadvertently produced Discovery Material that it asserts is protected by the deliberative process privilege, attorney-client privilege, the work-product doctrine, or any other privilege or protection, the Producing Party shall give notice of that fact to the Receiving Party in writing. Upon receiving such a request and without thereby waiving its right to object to the assertion of privilege, the Receiving Party shall: (1) treat the information as protected until agreed upon otherwise by the Parties or determined by the Court to be not protected, and (2) within 24 hours of receiving the notification from the Producing Party,

8

return the information to the Producing Party or, with the consent of the Producing Party, destroy it (including all copies or portions thereof), and then notify the Producing Party in writing when that destruction is complete. If a Party objects to a claim of privilege, the objecting Party shall make a good-faith effort to resolve the dispute with opposing counsel before involving the Court in accordance with the Scheduling Order entered on September 29, 2022.

## FAILURE TO DESIGNATE

23. The failure by a Producing Party to designate Discovery Material as Protected Material shall not be a waiver of such designation, provided that the Producing Party that fails to make such designation informs the Receiving Party that such Discovery Material is Protected Material promptly after the failure to designate first became known to the Producing Party. The failure by a Producing Party to designate Discovery Material as Protected Material or to correct that designation under this Paragraph shall not preclude a Party from seeking relief from the Court at a later date requesting imposition of such designation or challenging the propriety thereof. The Receiving Party in receipt of Discovery Material that the Producing Party failed to designate as Protected Material shall not be in violation of this Protective Order for any use made of such Protected Material before the Receiving Party is informed of the failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation with the written notice, or as soon thereafter as practicable. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Party shall return or securely destroy all Protected Material that was not designated properly and certify compliance.

## CHALLENGE TO DESIGNATION AS PROTECTED MATERIAL

24. The designation of any Discovery Material as Protected Material is subject to challenge by any Party at any time. A Party challenging such a designation must notify the Designating Party of its objections in writing, identifying the Discovery Material and specifying the basis for the objection. Within seven business days of this notification, the Parties shall meet and confer in good faith concerning the objection. If no resolution is reached, the Designating Party must respond in writing to the challenge within ten business days of the meet and confer. After receipt of the Designating Party's response (or after ten business days have elapsed without such a response), the challenging Party may initiate a challenge by informing the Court, in accordance with the Scheduling Order entered on September 29, 2022, of the discovery dispute arising from the challenge. Until the Court rules on the dispute, all Parties shall treat the Discovery Material as Protected Material.

## RETURN/DESTRUCTION OF MATERIALS

25. Not later than ninety (90) days (as calculated by Fed. R. Civ. P. 6) after the termination of this Action (including all appeals), all Protected Material received from a Party, including all copies thereof, shall be returned to the Producing Party or destroyed, such election to be made by the Receiving Party. Not later than ninety (90) days (as calculated by Fed. R. Civ. P. 6) after the termination of this Action (including all appeals), the Party receiving any Protected Material shall certify in writing that all such material has been returned or destroyed. Further, nothing herein requires Counsel to delete information that may reside on their respective electronic back- up systems that are over-written in the normal course of business. In addition, attorneys for the government may retain copies of any Protected Material in their case file for

this Action, and may retain copies of any notes or summaries containing such Protected Material, subject to 44 U.S.C. § 3101 *et seq*.

## MISCELLANEOUS PROVISIONS

26. This Protective Order is without prejudice to the right of any Party to seek further or additional protection of information for which the protection of this Protective Order is not believed by any Party to be adequate. Nothing in this Protective Order shall be deemed to bar or preclude any Producing Party from seeking such additional protection, including, without limitation, an order that certain information may not be discovered at all.

27. The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any Party of the obligation of producing information in the course of discovery.

28. If at any time Protected Material of a Producing Party is subpoenaed from a Receiving Party or is the subject of a discovery request directed to a Receiving Party in any proceeding before any court or arbitral, administrative, or legislative body, that Receiving Party shall promptly give written and email notice in the manner required by this Protective Order and shall provide the Producing Party with an opportunity to object to the production of such materials or to try to obtain a protective order.

29. Other Proceedings. By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this Protective Order who becomes subject to a motion to disclose another Party's information designated as Protected Material pursuant to this Protective Order shall promptly

notify that Party of the motion so that the Party may have the opportunity to appear and be heard on whether that information should be disclosed.

30. All notices during this Action required by this Protective Order are to be made by email to a Party's counsel, and all notices subsequent to the termination of Action are to be made by email and U.S. mail to a Party's counsel. The date by which a Party receiving notice shall respond or otherwise take action shall be computed from the date of service as calculated by Fed. R. Civ. P. 5. Any of the notice requirements herein may be waived in whole or in part, but only in writing.

31. Nothing in this Protective Order shall bar or otherwise restrict any counsel from rendering advice to his or her client with respect to this Action and, in the course thereof, relying in a general way upon his or her examination of Protected Material produced or exchanged in this Action; provided, however, that in rendering such advice and in otherwise communicating with a person not permitted access to Protected Material under this Protective Order, counsel shall not disclose the contents of Protected Material produced by any other Party or Third Party.

32. Each person who receives Protected Material agrees to be subject to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Protective Order.

33. This Order may be amended by the agreement of the Parties in the form of a written stipulated Amended Protective Order signed by each Party's Counsel and filed with the Court for approval. The Court retains the authority to allow disclosure of any subject or Protected Material covered by this Protective Order or to modify or vacate this Protective Order at any time in the interest of justice.

34.     Neither the termination of this Action nor the termination of employment of any person with access to any Protected Material shall relieve any individual from the obligation of maintaining the confidentiality of such information in accordance with this Protective Order. The Court shall retain jurisdiction to enforce the terms of the Protective Order after final termination of this Action.

35.     Pursuant to 5 U.S.C. § 552a(b)(11), Defendant is authorized to disclose to Plaintiff's counsel, the Court, and those persons defined in Paragraph 18 of this Order, records or information containing Privacy Act-protected material, without redacting such material, without obtaining prior written consent of the individuals whose names, addresses, and other identifying information may be present in such documents. Such disclosure is subject to the conditions set forth in this Order. So long as counsel for Defendant exercises reasonable efforts to prevent the disclosure of information protected from disclosure by the Privacy Act, 5 U.S.C. § 552a, other than as permitted under the terms of this Order, disclosures under this Order, including inadvertent disclosures of such information, shall not be construed as a violation of the Privacy Act.

**IT IS SO ORDERED.**

Dated at Milwaukee, Wisconsin this __th day of February, 2023.

_____
NANCY JOSEPH
U.S. Magistrate Judge

## ATTACHMENT A

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RYAN SCOVILLE,<br><br>       Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT STATE,<br><br>       Defendant. | Case No. 2:22-cv-00091-NJ |

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY
## PROTECTIVE ORDER

    I hereby certify that Confidential Information is being provided to me pursuant to the terms and restrictions in the Protective Order ("Order") dated February ___, 2023, in the case captioned *Scoville v. U.S. Department of State*, Case No. 2:21-cv-00091-NJ (E.D. Wis.). I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return any Confidential Information in my possession – including copies, notes, or other transcriptions therefrom – to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the United States District Court for the Eastern District of Wisconsin for the purpose of enforcing the Order.

I acknowledge that violation of the Order may result in penalties for contempt of court.

Name: _____

Date: _____ Signature: _____