# EXHIBIT 3

## Tobin Raju

**From:** Tobin Raju
**Sent:** Thursday, November 16, 2023 2:48 PM
**To:** 'Federighi, Carol (CIV)'
**Cc:** David Schulz; 'Williamson, Brady'; 'Talbott Settle, Nicole'
**Subject:** RE: [Scoville] Scoville v. U.S. Dep't of State, No. 22-cv-00091 // Plaintiff's Notice of Deposition Pursuant to FRCP 30(b)(6)

Carol,

In response to your objections to topics 6 and 8 of our 30(b)(6) deposition notice served on October 2, 2023, and pursuant to our multiple meet-and-confer discussions regarding the notice, we write to provide the additional detail you requested. Plaintiff does not waive his right to depose a corporate representative on topic 10, but in hopes of obviating the need to do so Plaintiff will submit an inquiry to you on that topic once production on RFP 34 has begun.

<u>Topic 6: State's use of information technology in its FOIA program from April 16, 2014, to the present, including, but not limited to</u>:

- The capabilities and uses of the FOIA Xpress platform and eRecords archive.
  - ADDITIONAL DETAIL: Our aim is to understand how State uses technological tools to process FOIA requests and the effect these technological tools have on processing times. Specifically, we seek to learn about the technological programs that State has implemented to complete FOIA requests (such as FOIAXPress) and any other platforms it uses in the ordinary course of business for that purpose. We do not seek to acquire complex technical information about the functioning of these FOIA processing programs (such as their source code). Instead, we want to learn how a typical user would use these tools to process a FOIA request, the ways these tools facilitate the processing of requests, and their overall impact on FOIA processing times.

- Information disclosed and terminology used in FOIA Xpress Request Details Reports.
  - Our understanding is that State has no objection to this category.

- Assessment, acquisition, and/or implementation of technological tools and platforms to improve State's processing of FOIA requests.
  - ADDITIONAL DETAIL: We will inquire into State's efforts to acquire and implement the technological tools described in the first category above, as well as State's assessment regarding these tools' effectiveness in processing FOIA requests and reducing processing times. Plaintiff will also seek information regarding State's plans to acquire additional technological tools used to process FOIA requests and efforts to improve its records management systems to ensure records are made promptly available.

<u>Topic 8: State's funding, staffing and administration of FOIA litigation from April 16, 2014, to the present, including, but not limited to</u>:

- State's budget, expenditures, and sources of funding for FOIA litigation.
  - ADDITIONAL DETAIL: Questions about State's budget, expenditures, and sources of funding for FOIA litigation do not fall under the attorney-client or work-product privileges. We do not anticipate asking questions about funding related to a particular lawsuit, but rather budgeting and expenditures for FOIA litigation in the aggregate. Factual information about how State allocates funding and resources for FOIA litigation in general does not implicate confidential attorney-client communications, nor does it relate to

preparation for any specific legal action. For example, the amount of money State spends on FOIA litigation in a given year would not be privileged. Indeed, State disclosed the amount of FOIA "Litigation-Related Costs" in its 2022 Annual FOIA Report. To the extent that State believes any particular question calls for privileged information, it is welcome to assert that objection during the deposition.

- State's policies and practices for responding to and settling FOIA lawsuits.
  - ADDITIONAL DETAIL: We withdraw the portion of this category relating to State's policies for responding to and settling FOIA lawsuits. We will, however, seek factual information regarding State's response to and settlement of FOIA lawsuits, including how often FOIA lawsuits are resolved before summary judgment.

- State's policies and practices for seeking Open America stays in FOIA lawsuits.
  - ADDITIONAL DETAIL: We will narrow this category to the information sought in Interrogatory No. 24, which asks State to "describe the Department's efforts to use *Open America* stays, including the total number of times each year the Department filed for an *Open America* stay, the total number of times the court granted an *Open America* stay, and the total number of times the court denied an *Open America* stay." State previously declined to answer Interrogatory No. 24, but as explained at length in our October 6, 2023 Deficiency Letter, the information sought about State's use of *Open America* stays is highly relevant to Plaintiff's case.

- State's policies and practices for the processing of FOIA requests after they become subject to litigation.
  - ADDITIONAL DETAIL: This category concerns factual information about how State processes FOIA requests after they become the subject of litigation. We do not seek to probe attorney-client communications, but instead underlying factual information about State's actions in processing the subset of FOIA requests that are litigated. This is central to Plaintiff's case given that Professor Scoville's own requests have been subject to litigation, and that State has represented the allocation of resources to processing such requests might impact State's backlog. *See, e.g.*, SCO_00000361 ("FOIA litigation cases continue to absorb most of the available FOIA review resources . . . . This will reduce our ability to work on other FOIA cases which will likely increase the backlog."). For example, to what extent State accelerates the processing of requests subject to litigation is factual information that does not rest in any way on confidential attorney-client communications. It also does not constitute attorney work product because it does not ask for an attorney's mental impressions, conclusions, opinions, or legal theories and simply seeks the underlying facts regarding the processing of FOIA requests after they become subject to litigation. Again, if State believes any particular question calls for a privileged answer, it is welcome to object during the deposition.

- The impact of State's FOIA litigation on the processing of FOIA requests that are not subject to litigation.
  - ADDITIONAL DETAIL: As noted above, discovery Plaintiff has already received suggests that State's own officials have blamed FOIA delays, at least in part, on the fact that it must allocate FOIA resources to requests that are being litigated. *See, e.g.*, SCO_00000361. Information about the impact of FOIA litigation on State's processing of other FOIA requests—for example, how FOIA litigation affects State's overall backlog and average response times—is plainly relevant to Plaintiff's case. It neither implicates confidential attorney-client communications, nor does it involve attorney work product prepared in anticipation of litigation.

Best,
Tobin

**Tobin Raju**
Clinical Lecturer | Newmark Fellow
Media Freedom & Information Access Clinic

Yale Law School
(203) 436-5836 [Office]

---

**From:** Tobin Raju
**Sent:** Monday, October 2, 2023 6:09 PM
**To:** Federighi, Carol (CIV) <Carol.Federighi@usdoj.gov>
**Cc:** David Schulz <david.schulz@ylsclinics.org>; Williamson, Brady <Bwilliam@gklaw.com>; Talbott Settle, Nicole <NTalbott@gklaw.com>
**Subject:** [Scoville] Scoville v. U.S. Dep't of State, No. 22-cv-00091 // Plaintiff's Notice of Deposition Pursuant to FRCP 30(b)(6)

Carol:

Please find attached Plaintiff's notice of deposition of U.S. Department of State pursuant to Federal Rule of Civil Procedure 30(b)(6). We are happy to work with you on a mutually acceptable date, time, and location for the deponent(s) and welcome a prompt meet and confer as contemplated by the rules. Perhaps we can confer on this during our upcoming October 5 meeting.

Sincerely,
Tobin

**Tobin Raju**
Clinical Lecturer | Newmark Fellow
Media Freedom & Information Access Clinic
Yale Law School
127 Wall St., P.O. Box 208215, New Haven, CT 06511
(203) 436-5836 [Office]

MFIA | MEDIA FREEDOM & INFORMATION ACCESS CLINIC