# EXHIBIT 7

**From:** Lynch, Christopher M. (CIV)
**To:** Tobin Raju
**Subject:** Scoville v. State, No. 220cv091 (E.D. Wis.)--
**Date:** Friday, March 1, 2024 2:47:17 PM
**Attachments:** EXTERNAL RE  Scoville Scoville v. U.S. Dep"t of State No. 22-cv-00091   Plaintiff"s Notice of Deposition Pursuant to FRCP 30(b)(6).pd (003).pdf

---

Hi Tobin,

I write to follow up on our discussion regarding 30b6 deposition topics.

As an initial, global matter, Defendant objects to the timeframe of "April 6, 2014, to the present" set forth in topics 1-8 of Attachment A to the October 2, 2023 deposition notice. The only claim in Plaintiff's complaint which justifies discovery is the injunctive relief claim, which is necessarily forward-looking. *See, e.g.*, ECF No. 21 at 16 ("Scoville alleges that he reasonably expects that he will continue to experience unreasonable, unexcused delays *with future FOIA requests*.") (emphasis added). Accordingly, only *current* practices and policies are relevant for purposes of discovery in this case. Defendant will agree to a time period for the noticed topics (subject to the further limitations discussed below) from March 4, 2020, the date of the FOIA request that gives rise to this action, to the present.

For similar reasons, Defendant objects to noticed topic number 9 to the extent that it addresses FOIA requests that were the subject of now-closed litigation. To the extent this topic addresses the pending FOIA requests referenced in Plaintiff's complaint, Defendant objects that such material is protected by the attorney-client privilege and the attorney work product doctrine. Plaintiff is welcome to submit inquiries regarding the status of his pending FOIA requests through counsel.

In addition, the parties have previously discussed Defendant's objections to noticed topics 6, 8, and 10. It is my understanding that Plaintiff does not presently seek to depose a 30b6 witness on topic 10.

With respect to topic 6, Defendant agrees to this topic subject to the "additional details" provided in your November 16, 2023 email (attached hereto), which State interprets as narrowing the scope of the first and third bullets of this topic, and subject to the date restriction noted above. In other words, Defendant agrees to provide a witness who can testify about "how a typical user would use [the FOIA Xpress platform and eRecords archive] to process a FOIA request, the ways these tools facilitate the processing of requests, and their overall impact on FOIA processing times, "[i]nformation disclosed and terminology used in FOIA Xpress Request Details Reports," and "State's efforts to acquire and implement [the FOIA Xpress platform and eRecords archive] , . . . State's assessment regarding [the FOIA Xpress platform's and eRecords archive's] effectiveness in processing FOIA requests and reducing processing times [, and] . . . State's plans to acquire additional technological tools used to process FOIA requests and efforts to improve its records management systems to ensure records are made promptly available." Defendants continue to object to topic 6 to the extent Plaintiff seeks testimony about "State's use of information technology in its FOIA program" beyond the limits set forth in the explanation provided in that email, as further set forth above.

With respect to topic 8, Defendant understands that Plaintiff has partially withdrawn the second bullet of this topic ("State's policies and practices for responding to and settling FOIA lawsuits"). To the extent Plaintiff has not withdrawn this portion of the topic, Defendant continues to object to it. Defendant further objects to the third bullet of this topic ("State's policies and practices for seeking *Open America* stays in FOIA lawsuits") for the reasons stated in its objection to Plaintiff's Interrogatory No. 24 and in the portion of Ms. Federighi's December 19, 2023 letter discussing Plaintiff's Interrogatory No. 24. Defendant agrees to the first ("State's budget, expenditures, and sources of funding for FOIA litigation"), fourth ("State's policies and practices for the processing of FOIA requests after they become subject to litigation"), and fifth ("[t]he impact of State's FOIA litigation on the processing of FOIA requests that are not subject to litigation ") bullets of this topic subject to the narrowing constructions set forth under "additional detail" in your November 16, 2023 email. In other words, Defendant agrees to provide a witness who can testify about "budgeting and expenditures for FOIA litigation in the aggregate," generalized "facts regarding the processing of FOIA requests after they become subject to litigation" (as opposed to the processing of any FOIA request in any specific litigation), and "how FOIA litigation affects State's overall backlog and average response times." Defendant continues to object to topic 8 to the extent Plaintiff seeks testimony about "State's funding, staffing, and administration of FOIA litigation" beyond the limits set forth in your November 16, 2023 email with respect to bullets one, four, and five, as further set forth above.

Finally, Defendant of course reserves the right to object at the deposition to (and instruct the witness not to answer) any question or line of questions to the extent the answer would reveal information protected by any privilege, including but not limited to the attorney client privilege and the deliberative process privilege, and Defendant's agreement above to any topic should not be construed as waiving or limiting any privilege.

Please let me know if you have any questions.

Best,
Chris

**Christopher M. Lynch**
Trial Attorney
U.S. Department of Justice, Civil Division
Federal Programs Branch
1100 L Street NW, Room 11312
Washington, DC 20005
(202) 353-4537 (office)
(202) 616-8470 (fax)
Christopher.M.Lynch@usdoj.gov