# EXHIBIT 9

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

RYAN SCOVILLE,

        Plaintiff,

v.

UNITED STATES DEPARTMENT OF
STATE,

        Defendant.

Case No. 2:22-cv-00091-NJ

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant United States Department of State ("State") responds to Plaintiff's First Set of Requests for Production of Documents (the "Requests") as follows:

### Objection to Definitions

State objects to the definition of "Defendant" to the extent it requires State to produce information that pertains only to the Freedom of Information Act ("FOIA") operations of decentralized components within State that are responsible for their own FOIA processing (in lieu of State's Office of Information Programs and Services ("IPS")), because those decentralized components played no role in the processing of Plaintiff's requests.

### Objections to Instructions

1.     State objects to Instruction No. 1 to the extent it seeks to impose any obligation inconsistent with the Federal Rules of Civil Procedure ("FRCP") and for being unduly burdensome insofar as it purports to require more than a reasonable search.

2.	State objects to Instruction No. 2 to the extent it seeks to impose upon State any obligation to supplement its responses to the Requests and produce additional documents beyond the scope of FRCP 26(e).

3.	State objects to Instruction No. 3, which requests information about documents that are no longer in State's possession, custody or control, as imposing obligations beyond the scope of FRCP 34 and for being unduly burdensome insofar as it purports to require a document-by-document recounting without regard to the date on which the document was created, the date on which it was destroyed, discarded, or otherwise placed outside of State's custody or control, or whether litigation involving the substance of the document was reasonably foreseeable at that time it was destroyed, discarded, or otherwise placed outside of State's custody or control.

4.	State objects to Instruction No. 4 to the extent it seeks to impose upon State any obligation to rewrite the Requests where they are vague, overbroad, or unclear.  Where State objects to a request as vague, overbroad, or unclear it will endeavor to provide an alternative that is reasonable in light of the claims and defense in this case and the parties' rights and obligations under FRCP 26 and 34.

5.	State objects to Instruction No. 5 to the extent it implies any obligation outside of the scope of FRCP 26(b)(5) and on the ground that it is unduly burdensome.  State reserves the right to create a categorical privilege log.  Additionally, documents created by or communications sent to or from litigation counsel (including agency counsel responsible for this litigation after commencement of this matter) will not be logged, as information contained therein is not relevant to the claims and defenses in this litigation.

6.	State reserves the right to object to any request by Plaintiff pursuant to Instruction No. 9 to view the original of any copy of any document produced in response to these Requests.

2

## Objections to All Requests for Production

1. State objects to Plaintiff's discovery requests to the extent they seek documents that are publicly available or are readily accessible to Plaintiff or otherwise would be less burdensome for Plaintiff to obtain than State. *See* FRCP 26(b)(2)(C).

2. State objects to the requests to the extent that they seek information protected against disclosure by (a) the attorney work product doctrine; (b) the attorney-client privilege; (c) the deliberative process privilege, the joint defense privilege, the common interest privilege, the law enforcement privilege, or the state secrets privilege; (d) any other form of executive privilege; or (e) any other applicable privilege or protection. Any inadvertent production of privileged or otherwise protected information in response to the Requests shall not be deemed to be a waiver by State of any such privilege or protection from disclosure.

3. State objects to the requests to the extent that they seek information protected against disclosure by the Privacy Act, 5 U.S.C. § 552a, and by the privacy interests and expectations of persons not party to this litigation. State objects to producing, and will not produce, any documents until the parties have executed and the Court has approved a protective order governing the use of confidential information in this litigation ("Protective Order").

4. Each and every response contained herein is subject to the above objections, which apply to each and every response, regardless of whether a specific objection is interposed in a specific response. The making of a specific objection in response to a particular request is not intended to constitute a waiver of any other objection not specifically referenced in the particular response.

5. A response stating that State will produce responsive documents following a reasonable search does not mean that State has any such non-privileged (or otherwise protected

3

from disclosure) documents in its possession, custody or control, only that it will produce such documents if located following a reasonable search.

6.      State specifically reserves the right to make further objections as necessary to the extent additional issues arise regarding the meaning of and/or information sought by discovery.

**Objections and Responses to Specific Requests for Production**

**REQUEST FOR PRODUCTION NO. 1:**

All documents containing or discussing Defendant's policies or practices for responding to FOIA requests that were in force at any time between April 16, 2014 and the present, including but not limited to rules and regulations, written policies, training materials, manuals, and memoranda.

**OBJECTIONS:**

State objects to the request for documents containing or discussing its policies or practices for responding to Freedom of Information Act ("FOIA") requests that were in force from April 16, 2014, to the present on the ground that the requested timeframe is overbroad and not proportional to the needs of the case. Prior FOIA policies and practices that are now up to more than eight years old are of no relevance to Plaintiff's claims, which concern State's current policies or practices, or to the only relief the Court could order, which would be forward-looking injunctive relief. Moreover, the FOIA request submitted by Plaintiff on April 16, 2014, is dissimilar to Plaintiff's other FOIA requests, because, unlike the other requests, State responded to the earlier request prior to Plaintiff filing suit in federal court. The burden of obtaining and producing documents from 2014-2015 disproportionately outweighs any possible need for the requested documents. State will construe this request for production to be limited to information about the period from March 10, 2016, the date of the second oldest FOIA request referenced in the Complaint, until the present.

4

State further objects to this request as vague because the term "practices" is unduly vague and undefined.  State will interpret the word "practices" to mean the standard procedures used to implement State's policies for responding to FOIA requests for the period March 10, 2016, to the present.  State further objects to this request to the extent that it seeks information protected against disclosure by the deliberative process privilege, attorney-client privilege, or attorney work product doctrine.  State further objects to this request on the grounds that the request for all documents "containing or discussing" the subject matter of the request is unduly burdensome and not proportional to the needs of the case because it seeks information beyond the reasonable scope of discovery pursuant to FRCP 26(b)(1) and the burden and expense of the requested discovery outweighs its likely benefit.  The use of the term "discussing" in the request could require State to produce all documents created by State and its employees that contain any reference to State's policies or practices for responding to FOIA requests that were in force at any time between April 16, 2014, and the present, no matter how minor or nonsubstantive.  Further, pre-decisional deliberations "discussing" State's policies or practices for responding to FOIA requests that were in force at any time between April 16, 2014, and the present, including drafts, would be protected under the deliberative process privilege.  State will construe this request for production to be limited to State's final policies or practices for responding to FOIA requests for the relevant time period, not embodied in emails (per plaintiff's definition of "document").

**RESPONSE:**

Subject to and without waiving the foregoing objections, State will produce the non-privileged portions of final State policies and procedures for responding to FOIA requests that were in force for the period March 10, 2016, to the present to the extent it locates such documents after a reasonable search.

5

**REQUEST FOR PRODUCTION NO. 2:**

All documents containing or discussing Defendant's policies or practices for prioritizing the processing of any category of FOIA requests from April 16, 2014, to the present.

**OBJECTIONS:**

State objects to the request for documents containing or discussing its policies or practices for prioritizing the processing of any category of FOIA requests from April 16, 2014, to the present on the ground that the requested timeframe is overbroad and not proportional to the needs of the case. Prior FOIA policies and practices that are now up to more than eight years old are of no relevance to Plaintiff's claims, which concern State's current policies or practices, or to the only relief the Court could order, which would be forward-looking injunctive relief. Moreover, the FOIA request submitted by Plaintiff on April 16, 2014, is dissimilar to Plaintiff's other FOIA requests, because, unlike the other requests, State responded to the earlier request prior to Plaintiff filing suit in federal court. The burden of obtaining and producing documents from 2014-2015 disproportionately outweighs any possible need for the requested documents. State will construe this request for production to be limited to information about the period from March 10, 2016, the date of the second oldest FOIA request referenced in the Complaint, until the present.

State further objects to this request as vague because the term "practices" is unduly vague and undefined. State will interpret the word "practices" to mean the standard procedures used to implement State's policies for prioritizing the processing of any category of FOIA requests for the period March 10, 2016, to the present.

State further objects to this request to the extent that it seeks information protected against disclosure by the deliberative process privilege, attorney-client privilege, or attorney work product doctrine. State further objects to this request on the grounds that the request for all

6

documents "containing or discussing" the subject matter of the request is unduly burdensome and not proportional to the needs of the case because it seeks information beyond the reasonable scope of discovery pursuant to FRCP 26(b)(1) and the burden and expense of the requested discovery outweighs its likely benefit. The use of the term "discussing" in the request could require State to produce all documents created by State and its employees that contain any reference to State's policies or practices for prioritizing the processing of any category of FOIA requests that were in force at any time between April 16, 2014, and the present, no matter how minor or nonsubstantive. Further, pre-decisional deliberations "discussing" State's policies or practices for prioritizing the processing of any category of FOIA requests from April 16, 2014, and the present, including drafts, would be protected under the deliberative process privilege. State will construe this request for production to be limited to State's final policies or practices for prioritizing the processing of any category of FOIA requests for the relevant time period, not embodied in emails (per plaintiff's definition of "document").

**RESPONSE:**

Subject to and without waiving the foregoing objections, State will produce the non-privileged portions of final State policies and procedures for prioritizing the processing of any category of FOIA requests for the period March 10, 2016, to the present, to the extent it locates such documents after a reasonable search.

**REQUEST FOR PRODUCTION NO. 3:**

All documents containing or discussing Defendant's budget or any budgetary categories pertaining to Defendant's processing of FOIA requests from April 16, 2014, to the present.

**OBJECTIONS:**

State objects to the request for documents containing or discussing its budget or any budgetary categories pertaining to its processing of FOIA requests from April 16, 2014, to the

present on the ground that the requested timeframe is overbroad and not proportional to the needs of the case. Prior FOIA budgets or budgetary categories that are now up to more than eight years old are of no relevance to Plaintiff's claims, which concern State's current policies or practices, or to the only relief the Court could order, which would be forward-looking injunctive relief. Moreover, the FOIA request submitted by Plaintiff on April 16, 2014, is dissimilar to Plaintiff's other FOIA requests, because, unlike the other requests, State responded to the earlier request prior to Plaintiff filing suit in federal court. The burden of obtaining and producing documents from 2014-2015 disproportionately outweighs any possible need for the requested documents. State will construe this request for production to be limited to information about the period from March 10, 2016, the date of the second oldest FOIA request referenced in the Complaint, until the present.

State further objects to this request to the extent that it seeks information protected against disclosure by the deliberative process privilege, attorney-client privilege, or attorney work product doctrine. State further objects to this request on the grounds that the request for all documents "containing or discussing" the subject matter of the request is unduly burdensome and not proportional to the needs of the case because it seeks information beyond the reasonable scope of discovery pursuant to FRCP 26(b)(1) and the burden and expense of the requested discovery outweighs its likely benefit. The use of the term "discussing" in the request could require State to produce all documents created by State and its employees that contain any reference to State's budget or any budgetary categories pertaining to its processing of FOIA requests, no matter how minor or nonsubstantive. Further, pre-decisional deliberations "discussing" State's budget or any budgetary categories pertaining to its processing of FOIA requests, including drafts, would be protected under the deliberative process privilege. State will construe this request for production to be limited to final documents containing State's budget or

8

any budgetary categories pertaining to its processing of FOIA requests for the relevant time period, not embodied in emails (per plaintiff's definition of "document").

**RESPONSE:**

Subject to and without waiving the foregoing objections, State will produce the non-privileged portions of final documents containing State's budget or any budgetary categories pertaining to its processing of FOIA requests for the period March 10, 2016, to the present, to the extent it locates such documents after a reasonable search.

**REQUEST FOR PRODUCTION NO. 4:**

All documents containing or discussing the funding Defendant received for the purpose of processing of FOIA requests from April 16, 2014, to the present.

**OBJECTIONS:**

State objects to the request for documents containing or discussing the funding State received for the purpose of processing of FOIA requests from April 16, 2014, to the present on the ground that the requested timeframe is overbroad and not proportional to the needs of the case. Prior FOIA funding that was received now up to more than eight years ago is of no relevance to Plaintiff's claims, which concern State's current policies or practices, or to the only relief the Court could order, which would be forward-looking injunctive relief. Moreover, the FOIA request submitted by Plaintiff on April 16, 2014, is dissimilar to Plaintiff's other FOIA requests, because, unlike the other requests, State responded to the earlier request prior to Plaintiff filing suit in federal court. The burden of obtaining and producing documents from 2014-2015 disproportionately outweighs any possible need for the requested documents. State will construe this request for production to be limited to information about the period from March 10, 2016, the date of the second oldest FOIA request referenced in the Complaint, until the present.

9

State further objects to this request to the extent that it seeks information protected against disclosure by the deliberative process privilege, attorney-client privilege, or attorney work product doctrine.  State further objects to this request on the grounds that the request for all documents "containing or discussing" the subject matter of the request is unduly burdensome and not proportional to the needs of the case because it seeks information beyond the reasonable scope of discovery pursuant to FRCP 26(b)(1) and the burden and expense of the requested discovery outweighs its likely benefit.  The use of the term "discussing" in the request could require State to produce all documents created by State and its employees that contain any reference to State's funding pertaining to its processing of FOIA requests, no matter how minor or nonsubstantive.  Further, pre-decisional deliberations "discussing" State's budget or any budgetary categories pertaining to its processing of FOIA requests, including drafts, would be protected under the deliberative process privilege.  State will construe this request for production to be limited to final documents containing the funding State received for the purpose of processing of FOIA requests for the relevant time period, not embodied in emails (per plaintiff's definition of "document").

**RESPONSE:**

Subject to and without waiving the foregoing objections, State will produce the non-privileged portions of final documents containing the funding State received for the purpose of processing of FOIA requests for the period March 10, 2016, to the present, to the extent it locates such documents after a reasonable search.

**REQUEST FOR PRODUCTION NO. 5:**

All documents containing or discussing Defendant's actual expenditures relating to its processing of FOIA requests from April 16, 2014, to the present.

10

**OBJECTIONS**:

State objects to the request for all documents containing or discussing State's actual expenditures relating to its processing of FOIA requests from April 16, 2014, to the present on the ground that the requested timeframe is overbroad and not proportional to the needs of the case. Prior FOIA expenditures that were made now up to more than eight years ago are of no relevance to Plaintiff's claims, which concern State's current policies or practices, or to the only relief the Court could order, which would be forward-looking injunctive relief. Moreover, the FOIA request submitted by Plaintiff on April 16, 2014, is dissimilar to Plaintiff's other FOIA requests, because, unlike the other requests, State responded to the earlier request prior to Plaintiff filing suit in federal court. The burden of obtaining and producing documents from 2014-2015 disproportionately outweighs any possible need for the requested documents. State will construe this request for production to be limited to information about the period from March 10, 2016, the date of the second oldest FOIA request referenced in the Complaint, until the present.

State further objects to this request to the extent that it seeks information protected against disclosure by the deliberative process privilege, attorney-client privilege, or attorney work product doctrine. State further objects to this request on the grounds that the request for all documents "containing or discussing" the subject matter of the request is unduly burdensome and not proportional to the needs of the case because it seeks information beyond the reasonable scope of discovery pursuant to FRCP 26(b)(1) and the burden and expense of the requested discovery outweighs its likely benefit. The use of the term "discussing" in the request could require State to produce all documents created by State and its employees that contain any reference to State's actual expenditures relating to its processing of FOIA requests, no matter how minor or nonsubstantive. Further, pre-decisional deliberations "discussing" State's actual

11

expenditures relating to its processing of FOIA requests, including drafts, would be protected under the deliberative process privilege. State will construe this request for production to be limited to final documents containing State's actual annual expenditures relating to its processing of FOIA requests for the relevant time period, not embodied in emails (per plaintiff's definition of "document").

**RESPONSE:**

Subject to and without waiving the foregoing objections, State will produce the non-privileged portions of final documents containing State's actual annual expenditures relating to its processing of FOIA requests for the period March 10, 2016, to the present located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 6:**

All documents identifying or quantifying funds or funding sources that Defendant had the authority to allocate or redirect to its FOIA program from April 16, 2014, to the present.

**OBJECTIONS:**

State objects to this request for all documents identifying or quantifying funds or funding sources that it had the authority to allocate or redirect to its FOIA program from April 16, 2014, to the present on the ground that the requested timeframe is overbroad and not proportional to the needs of the case. FOIA funding information that is now up to more than eight years old is of no relevance to Plaintiff's claims regarding State's current policies or practices or to the only relief the Court could order, which would be forward-looking injunctive relief. Moreover, the FOIA request submitted by Plaintiff on April 16, 2014, is dissimilar to Plaintiff's other FOIA requests, because, unlike the other requests, State responded to the earlier request prior to Plaintiff filing suit in federal court. The burden of obtaining and producing documents from 2014-2015 disproportionately outweighs any possible need for the requested documents. State will construe

12

this request for production to seek information about the period from March 10, 2016, the date of the second oldest FOIA request referenced in the Complaint, until the present.

State further objects to this request to the extent that it seeks information protected against disclosure by the deliberative process privilege, including drafts, attorney-client privilege, or attorney work product doctrine. State will construe this request for production to be limited to final documents identifying or quantifying funds or funding sources that State had the authority to allocate or redirect to its FOIA program for the relevant time period, not embodied in emails (per plaintiff's definition of "document").

**RESPONSE:**

Subject to and without waiving the foregoing objections, State will produce the non-privileged portions of final documents identifying or quantifying funds or funding sources that State had the authority to allocate or redirect to its FOIA program for the period March 10, 2016, to the present located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 7:**

All documents containing or discussing requests for increased or supplemental funding for the purpose of processing FOIA requests that Defendant has made to Congress or any other governmental entity from April 16, 2014, to the present.

**OBJECTIONS:**

State objects to the request for all documents containing or discussing its requests to Congress or any other governmental entity for increased or supplemental funding for the purpose of processing FOIA requests from April 16, 2014, to the present on the ground that the requested timeframe is overbroad and not proportional to the needs of the case. Requests for FOIA-related funding information that is now up to more than eight years old are of no relevance to Plaintiff's claims regarding State's current policies or practices or to the only relief the Court could order, which would be forward-looking injunctive relief. Moreover, the FOIA request submitted by

13

Plaintiff on April 16, 2014, is dissimilar to Plaintiff's other FOIA requests, because, unlike the other requests, State responded to the earlier request prior to Plaintiff filing suit in federal court. The burden of obtaining and producing documents from 2014-2015 disproportionately outweighs any possible need for the requested documents. State will construe this request for production to seek information about the period from March 10, 2016, the date of the second oldest FOIA request referenced in the Complaint, until the present.

State also objects to this request on the ground that the terms and phrases "increased," "supplemental," and "other governmental entity" are undefined and hence vague and overbroad, in addition to not being terms that are readily applicable or understandable in connection with State's budgeting and funding processes.

State further objects to this request to the extent that it seeks information protected against disclosure by the deliberative process privilege, attorney-client privilege, or attorney work product doctrine. State further objects to this request on the grounds that the request for all documents "containing or discussing" the subject matter of the request is unduly burdensome and not proportional to the needs of the case because it seeks information beyond the reasonable scope of discovery pursuant to FRCP 26(b)(1) and the burden and expense of the requested discovery outweighs its likely benefit. The use of the term "discussing" in the request could require State to produce all documents created by State and its employees that contain any reference to requests for increased or supplemental funding for the purpose of processing FOIA requests that State has made to Congress or any other governmental entity, no matter how minor or nonsubstantive. Further, pre-decisional deliberations "discussing" requests for increased or supplemental funding for the purpose of processing FOIA requests that State has made to Congress or any other governmental entity, including drafts, would be protected under the deliberative process privilege.

14

**RESPONSE:**

In keeping with the above objections, State will not produce any material in response to this request at this time because it is unable to reasonably discern what information is being sought. State will meet and confer with Plaintiff regarding this request.

**REQUEST FOR PRODUCTION NO. 8:**

All documents containing or discussing requests made by any employee or office within the State Department seeking increased or supplemental State Department funding for the purpose of processing FOIA requests from April 16, 2014, to the present.

**OBJECTIONS:**

State objects to the request for all documents containing or discussing requests by State employees or offices seeking increased or supplemental State Department funding for the purpose of processing FOIA requests from April 16, 2014, to the present on the ground that the requested timeframe is overbroad and not proportional to the needs of the case. FOIA funding requests that are now up to more than eight years old are of no relevance to Plaintiff's claims regarding State's current policies or practices or to the only relief the Court could order, which would be forward-looking injunctive relief. Moreover, the FOIA request submitted by Plaintiff on April 16, 2014, is dissimilar to Plaintiff's other FOIA requests, because, unlike the other requests, State responded to the earlier request prior to Plaintiff filing suit in federal court. The burden of obtaining and producing documents from 2014-2015 disproportionately outweighs any possible need for the requested documents. State will construe this request for production to seek information about the period from March 10, 2016, the date of the second oldest FOIA request referenced in the Complaint, until the present.

State further objects to this request to the extent that it seeks information protected against disclosure by the deliberative process privilege, attorney-client privilege, or attorney work product doctrine. State further objects to this request on the grounds that the phrase

15

"requests made by any employee or office within the State Department seeking increased or supplemental State Department funding for the purpose of processing FOIA requests" is vague and ambiguous as to the recipient of such requests. State further objects to this request as vague and ambiguous because it does not define "increased" or "supplemental funds" and those terms are not readily applicable or understandable in connection with State's budgeting and funding processes.

State further objects to this request on the grounds that the request for all documents "containing or discussing" the subject matter of the request is unduly burdensome and not proportional to the needs of the case because it seeks information beyond the reasonable scope of discovery pursuant to FRCP 26(b)(1) and the burden and expense of the requested discovery outweighs its likely benefit. The use of the term "discussing" in the request could require State to produce all documents created by State and its employees that contain any reference to requests made by any employee or office within the State Department seeking increased or supplemental State Department funding for the purpose of processing FOIA requests, no matter how minor or nonsubstantive. Further, pre-decisional deliberations "discussing" requests made by any employee or office within the State Department seeking increased or supplemental State Department funding for the purpose of processing FOIA requests would be protected under the deliberative process privilege.

**RESPONSE:**

In keeping with the above objections, State will not produce any material in response to this request at this time because it is unable to reasonably discern what information is being sought. State will meet and confer with Plaintiff regarding this request.

16

**REQUEST FOR PRODUCTION NO. 9:**

All documents concerning the following aspects of Defendant's staffing or personnel allocation or assignment of its FOIA operations from April 16, 2014, to the present:

(a)     projected and/or actual staffing levels;
(b)     unfilled positions; or
(c)     recruitment for unfilled positions.

**OBJECTIONS:**

State objects to the request for all documents on the identified aspects of its staffing or personnel allocation or assignment of its FOIA operations from April 16, 2014, to the present on the ground that the requested timeframe is overbroad and not proportional to the needs of the case.  FOIA staffing information that is now up to more than eight years old is of no relevance to Plaintiff's claims regarding State's current policies or practices or to the only relief the Court could order, which would be forward-looking injunctive relief.  Moreover, the FOIA request submitted by Plaintiff on April 16, 2014, is dissimilar to Plaintiff's other FOIA requests, because, unlike the other requests, State responded to the earlier request prior to Plaintiff filing suit in federal court.  The burden of obtaining and producing documents from 2014-2015 disproportionately outweighs any possible need for the requested documents.  State will construe this request for production to seek information about the period from March 10, 2016, the date of the second oldest FOIA request referenced in the Complaint, until the present.

State further objects to this request to the extent that it seeks information protected against disclosure by the deliberative process privilege, including drafts, attorney-client privilege, or attorney work product doctrine.  State further objects to this request on the grounds that the phrase "Defendant's staffing or personnel allocation or assignment of its FOIA operations" is vague and ambiguous.  State further objects to subpart (c) of this request on the grounds that the request for all documents "concerning . . . recruitment for unfilled positions" is

17

unduly burdensome and not proportional to the needs of the case because it seeks information

beyond the reasonable scope of discovery pursuant to FRCP 26(b)(1) and the burden and

expense of the requested discovery outweighs its likely benefit to the extent it seeks information

regarding individual applicant information provided to State in response to any such recruitment

efforts.  State will construe this request for production to be limited to final memoranda,

directives, plans, or policies responsive to the request for the relevant time period, not embodied

in emails (per plaintiff's definition of "document").

**RESPONSE:**

Subject to and without waiving the foregoing objections, State will produce the non-

privileged portions of final memoranda, directives, plans, or policies responsive to the request for

March 10, 2016, to the present located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 10:**

All documents concerning the "FOIA Bootcamp" (referenced on page 5 of Defendant's
2022 Chief FOIA Officer Report) or any other training given to employees or agents of
Defendant's FOIA office, including but not limited to all documentation concerning training
attendance, the substance of the training, copies of training materials, and any evaluations
conducted by the Defendant and/or any other federal agency regarding the effectiveness of the
training being provided.

**OBJECTIONS:**

State objects to the request for all documents on any other training given to employees or

agents of its FOIA office as vague, overbroad, and not proportional to the needs of the case

because no timeframe is specified.  State further objects to this request to the extent it is

duplicative of Request for Production No. 1.

State further objects to this request to the extent that it seeks information protected

against disclosure by the deliberative process privilege, including drafts, attorney-client

privilege, or attorney work product doctrine.  State will construe this request as limited to final

18

documents concerning the FOIA Bootcamp, not embodied in emails (per plaintiff's definition of "document").

**RESPONSE:**

Subject to and without waiving the foregoing objections, State refers Plaintiff to the documents produced in response to Request for Production No. 1. State will produce the non-privileged portions of any additional final documents concerning the FOIA Bootcamp located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 11:**

All documents containing or discussing Defendant's FOIA backlog or response times from April 16, 2014, to the present, including but not limited to statistical data.

**OBJECTIONS:**

State objects to the request for all documents containing or discussing State's FOIA backlog or response times from April 16, 2014, to the present on the ground that the requested timeframe is overbroad and not proportional to the needs of the case. FOIA backlog or response time information that is now up to more than eight years old is of no relevance to Plaintiff's claims regarding State's current policies or practices or to the only relief the Court could order, which would be forward-looking injunctive relief. Moreover, the FOIA request submitted by Plaintiff on April 16, 2014, is dissimilar to Plaintiff's other FOIA requests, because, unlike the other requests, State responded to the earlier request prior to Plaintiff filing suit in federal court. The burden of obtaining and producing documents from 2014-2015 disproportionately outweighs any possible need for the requested documents. State will construe this request for production to seek information about the period from March 10, 2016, the date of the second oldest FOIA request referenced in the Complaint, until the present.

19

State also objects to this request to the extent it encompasses public court filings discussing State's FOIA backlog or response times.

State further objects to this request to the extent that it seeks information protected against disclosure by the deliberative process privilege attorney-client privilege, or attorney work product doctrine. State further objects to this request on the grounds that the request for all documents "containing or discussing" the subject matter of the request is unduly burdensome and not proportional to the needs of the case because it seeks information beyond the reasonable scope of discovery pursuant to FRCP 26(b)(1) and the burden and expense of the requested discovery outweighs its likely benefit. State further objects to this request because the use of the term "discussing" in the request could require State to produce all documents created by State and its employees that contain any reference to State's FOIA backlog or response times, no matter how minor or nonsubstantive. Further, pre-decisional deliberations "discussing" FOIA backlog or response times, including drafts, would be protected under the deliberative process privilege. State will construe this request for production to be limited to final documents describing State's FOIA backlog or response times for the relevant time period, not embodied in emails (per plaintiff's definition of "document") and excluding public court filings.

**RESPONSE:**

Subject to and without waiving the foregoing objections, State will produce the non-privileged portions of final documents, exclusive of public court filings, describing State's FOIA backlog or response times for the period March 10, 2016, to the present located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 12:**

All documents containing or discussing efforts or initiatives Defendant has considered and/or implemented to reduce FOIA backlogs or response times from April 16, 2014 to the present.

**OBJECTIONS:**

State objects to the request for all documents containing or discussing efforts or initiatives State has considered and/or implemented to reduce FOIA backlogs or response times from April 16, 2014, to the present on the ground that the requested timeframe is overbroad and not proportional to the needs of the case. FOIA efforts or initiatives that are now up to more than eight years old are of no relevance to Plaintiff's claims regarding State's current policies or practices or to the only relief the Court could order, which would be forward-looking injunctive relief. Moreover, the FOIA request submitted by Plaintiff on April 16, 2014, is dissimilar to Plaintiff's other FOIA requests, because, unlike the other requests, State responded to the earlier request prior to Plaintiff filing suit in federal court. The burden of obtaining and producing documents from 2014-2015 disproportionately outweighs any possible need for the requested documents. State will construe this request for production to seek information about the period from March 10, 2016, the date of the second oldest FOIA request referenced in the Complaint, until the present.

State further objects to this request as vague because the terms "efforts" and "initiatives" are unduly vague and undefined. State will interpret the words "efforts" and "initiatives" to refer to undertakings outside of State's standard FOIA processes.

State further objects to this request to the extent that it seeks information protected against disclosure by the deliberative process privilege, attorney-client privilege, or attorney work product doctrine. State further objects to this request on the grounds that the request for all documents "containing or discussing" the subject matter of the request is unduly burdensome and not proportional to the needs of the case because it seeks information beyond the reasonable scope of discovery pursuant to FRCP 26(b)(1) and the burden and expense of the requested

21

discovery outweighs its likely benefit. State further objects to this request because the use of the term "discussing" in the request could require State to produce all documents created by State and its employees that contain any reference to efforts or initiatives State has considered and/or implemented to reduce FOIA backlogs or response times, no matter how minor and nonsubstantive. Further, pre-decisional deliberations "discussing" efforts or initiatives State has considered and/or implemented to reduce FOIA backlogs or response times, including drafts, would be protected under the deliberative process privilege. State will construe this request for production to be limited to final documents concerning undertakings State has considered and/or implemented to reduce FOIA backlogs or response times outside of State's standard FOIA processes for the relevant time period, not embodied in emails (per plaintiff's definition of "document").

**RESPONSE:**

Subject to and without waiving the foregoing objections, State will produce the non-privileged portions of final documents concerning undertakings State has considered and/or implemented to reduce FOIA backlogs or response times outside of State's standard FOIA processes for the period March 10, 2016, to the present located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 13:**

All documents containing or discussing Defendant's seven-year plan to reduce Defendant's FOIA backlog, referenced on page 9 of Defendant's 2022 Chief FOIA Officer Report.

**OBJECTIONS:**

State objects to this request to the extent that it seeks information protected against disclosure by the deliberative process privilege, attorney-client privilege, or attorney work product doctrine. State further objects to this request on the grounds that the request for all documents "containing or discussing" the subject matter of the request is unduly burdensome

22

and not proportional to the needs of the case because it seeks information beyond the reasonable

scope of discovery pursuant to FRCP 26(b)(1) and the burden and expense of the requested

discovery outweighs its likely benefit. State further objects to this request because the use of the

term "discussing" in the request could require State to produce all documents created by State

and its employees that contain any reference to State's seven-year plan to reduce its FOIA

backlog, no matter how minor and nonsubstantive. Further, pre-decisional deliberations

"discussing" State's seven-year plan to reduce its FOIA backlog, including drafts, would be

protected under the deliberative process privilege. State will construe this request for production

to be limited to final documents concerning State's seven-year plan to reduce its FOIA backlog

for the relevant time period, not embodied in emails (per plaintiff's definition of "document").

**RESPONSE:**

Subject to and without waiving the foregoing objections, State will produce the non-

privileged portions of final documents concerning State's seven-year plan to reduce Defendant's

FOIA backlog located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 14:**

All "IPS Weekly Achievement Reports" prepared by Defendant's Office of Information
Programs and Services—referenced on page 9 of OIG Report No. ISP-I-11-09 (Response to
Congressional Inquiry on Dept. of State Leadership's Role in FOIA Processes - October 2010)—
from April 16, 2014, to the present.

**OBJECTIONS:**

State objects to this request for IPS Weekly Achievement Reports from April 16, 2014, to

the present on the ground that the requested timeframe is overbroad and not proportional to the

needs of the case. Internal reports that are now up to more than eight years old are of no

relevance to Plaintiff's claims regarding State's current policies or practices or to the only relief

the Court could order, which would be forward-looking injunctive relief. Moreover, the FOIA

request submitted by Plaintiff on April 16, 2014, is dissimilar to Plaintiff's other FOIA requests, because, unlike the other requests, State responded to the earlier request prior to Plaintiff filing suit in federal court. The burden of obtaining and producing documents from 2014-2015 disproportionately outweighs any possible need for the requested documents. State will construe this request for production to seek information about the period from March 10, 2016, the date of the second oldest FOIA request referenced in the Complaint, until the present.

State further objects to this request to the extent that it seeks information protected against disclosure by the deliberative process privilege, including drafts, attorney-client privilege, or attorney work product doctrine. State will construe this request as limited to final IPS Weekly Achievement Reports for the relevant time period.

**RESPONSE:**

Subject to and without waiving the foregoing objections, State will produce the non-privileged portions of final IPS Weekly Achievement Reports for the period March 10, 2016, to the present located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 15:**

All "A/GIS Weekly Achievement Reports" prepared by Defendant's Office of Government Information Services —referenced on page 9 of OIG Report No. ISP-I-11-09 (Response to Congressional Inquiry on Dept. of State Leadership's Role in FOIA Processes - October 2010)— from April 16, 2014, to the present.

**OBJECTIONS:**

State objects to this request for A/GIS Weekly Achievement Reports from April 16, 2014, to the present on the ground that the requested timeframe is overbroad and not proportional to the needs of the case. Internal reports that are now up to more than eight years old are of no relevance to Plaintiff's claims regarding State's current policies or practices or to the only relief the Court could order, which would be forward-looking injunctive relief. Moreover, the FOIA

24

request submitted by Plaintiff on April 16, 2014, is dissimilar to Plaintiff's other FOIA requests, because, unlike the other requests, State responded to the earlier request prior to Plaintiff filing suit in federal court. The burden of obtaining and producing documents from 2014-2015 disproportionately outweighs any possible need for the requested documents. State will construe this request for production to seek information about the period from March 10, 2016, the date of the second oldest FOIA request referenced in the Complaint, until the present.

State further objects to this request to the extent that it seeks information protected against disclosure by the attorney-client privilege or attorney work product doctrine. State further objects to this request to the extent that it seeks information protected against disclosure by the deliberative process privilege, including drafts. State will construe this request as limited to final A/GIS Weekly Achievement Reports for the relevant time period..

**RESPONSE:**

Subject to and without waiving the foregoing objections, State will produce the non-privileged portions of final A/GIS Weekly Achievement Reports for the period March 10, 2016, to the present located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 16:**

All documents containing or discussing reviews or assessments that Defendant has conducted of its FOIA operations from April 16, 2014, to the present, including but not limited to self-assessments conducted with the Department of Justice Office of Information Policy's self-assessment toolkit, and self-assessments conducted by Defendant's internal State Department FOIA Working Group referenced on page 9 of Defendant's 2022 Chief FOIA Officer Report.

**OBJECTIONS:**

State objects to the request for all documents containing or discussing reviews or assessments that State has conducted of its FOIA operations from April 16, 2014, to the present on the ground on the ground that the requested timeframe is overbroad and not proportional to the needs of the case. Internal reviews or assessments that are now up to more than eight years

25

old are of no relevance to Plaintiff's claims regarding State's current policies or practices or to the only relief the Court could order, which would be forward-looking injunctive relief. Moreover, the FOIA request submitted by Plaintiff on April 16, 2014, is dissimilar to Plaintiff's other FOIA requests, because, unlike the other requests, State responded to the earlier request prior to Plaintiff filing suit in federal court. The burden of obtaining and producing documents from 2014-2015 disproportionately outweighs any possible need for the requested documents. State will construe this request for production to seek information about the period from March 10, 2016, the date of the second oldest FOIA request referenced in the Complaint, until the present.

State further objects to this request as vague because the term "review" is unduly vague and undefined. State will interpret the term "review" to mean evaluation.

State further objects to this request to the extent that it seeks information protected against disclosure by the deliberative process privilege, attorney-client privilege, or attorney work product doctrine. State further objects to this request on the grounds that the request for all documents "containing or discussing" the subject matter of the request is unduly burdensome and not proportional to the needs of the case because it seeks information beyond the reasonable scope of discovery pursuant to FRCP 26(b)(1) and the burden and expense of the requested discovery outweighs its likely benefit. State further objects to this request because the use of the term "discussing" in the request could require State to produce all documents created by State and its employees that contain any reference to reviews or assessments that State has conducted of its FOIA operations, no matter how minor and nonsubstantive. Further, pre-decisional deliberations "discussing" reviews or assessments that State has conducted of its FOIA operations, including drafts, would be protected under the deliberative process privilege. State will construe this request as limited to final documents containing evaluations or assessments

26

that State has conducted of its FOIA operations for the relevant time period, not embodied in emails (per plaintiff's definition of "document").

**RESPONSE:**

Subject to and without waiving the foregoing objections, State will produce the non-privileged portions of any final documents containing evaluations or assessments that State has conducted of its FOIA operations for the period March 10, 2016, to the present located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 17:**

All guidance materials about FOIA that Defendant has maintained from April 16, 2014, to the present, including but not limited to the internal website referenced on page 7 of Defendant's 2022 Chief FOIA Officer Report and any documents attached or linked to that website.

**OBJECTIONS:**

State objects to the request for all guidance materials about FOIA that it has maintained from April 16, 2014, to the present on the ground that the requested timeframe is overbroad and not proportional to the needs of the case. Prior guidance materials that have expired up to more than eight years ago are of no relevance to Plaintiff's claims regarding State's current policies or practices or to the only relief the Court could order, which would be forward-looking injunctive relief. Moreover, the FOIA request submitted by Plaintiff on April 16, 2014, is dissimilar to Plaintiff's other FOIA requests, because, unlike the other requests, State responded to the earlier request prior to Plaintiff filing suit in federal court. The burden of obtaining and producing documents from 2014-2015 disproportionately outweighs any possible need for the requested documents. State will construe this request for production to seek information about the period from March 10, 2016, the date of the second oldest FOIA request referenced in the Complaint, until the present.

27

State further objects to this request as vague because the term "guidance materials" is unduly vague and undefined. State will interpret "guidance materials" to mean training materials and policies concerning the processing of FOIA requests received by the State Department.

State further objects to this request to the extent it is duplicative of Request for Production No. 1.

State further objects to this request to the extent that it seeks information protected against disclosure by the deliberative process privilege, including drafts, attorney-client privilege, or attorney work product doctrine. State will construe this request as limited to final guidance materials about FOIA maintained by State for the relevant time period, not embodied in emails (per plaintiff's definition of "document").

**RESPONSE:**

Subject to and without waiving the foregoing objections, State refers Plaintiff to the documents produced in response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 18:**

All documents concerning any review that Defendant has conducted of its FOIA intake and/or case processing procedures from April 16, 2014, to the present, including, but not limited to, reviews related to the assignment and tracking of expedited cases. This includes, but is not limited, to the review referenced on page 8 of Defendant's 2022 Chief FOIA Officer Report.

**OBJECTIONS:**

State objects to the request for all documents concerning any review that State has conducted of its FOIA intake and/or case processing procedures from April 16, 2014, to the present on the ground that the requested timeframe is overbroad and not proportional to the needs of the case. Internal reviews that are now up to more than eight years old are of no relevance to Plaintiff's claims regarding State's current policies or practices or to the only relief the Court could order, which would be forward-looking injunctive relief. Moreover, the FOIA

28

request submitted by Plaintiff on April 16, 2014, is dissimilar to Plaintiff's other FOIA requests, because, unlike the other requests, State responded to the earlier request prior to Plaintiff filing suit in federal court. The burden of obtaining and producing documents from 2014-2015 disproportionately outweighs any possible need for the requested documents. State will construe this request for production to seek information about the period from March 10, 2016, the date of the second oldest FOIA request referenced in the Complaint, until the present.

State objects to the portion of the request seeking documents concerning reviews related to the assignment and tracking of expedited cases as overbroad and not proportional to the needs of the case as neither Plaintiff's claims in this case nor the FOIA requests referenced in the complaint involve requests for expedited treatment.

State further objects to this request to the extent it is duplicative of Request for Production No. 16.

State further objects to this request as vague because the term "review" is unduly vague and undefined. State will interpret the term "review" to mean evaluation.

State further objects to this request to the extent that it seeks information protected against disclosure by the deliberative process privilege, including drafts, attorney-client privilege, or attorney work product doctrine. State further objects to this request on the grounds that the request for all documents "concerning" the subject matter of the request is unduly burdensome and not proportional to the needs of the case because it seeks information beyond the reasonable scope of discovery pursuant to FRCP 26(b)(1) and the burden and expense of the requested discovery outweighs its likely benefit. State will construe this request as limited to final documents containing evaluations or assessments that State has conducted of its FOIA intake and/or case processing procedures for the relevant time period, not embodied in emails (per plaintiff's definition of "document").

29

**RESPONSE:**

Subject to and without waiving the foregoing objections, State refers Plaintiff to the documents produced in response to Request for Production No. 16.

**REQUEST FOR PRODUCTION NO. 19:**

All weekly reports tracking expedited FOIA requests from April 16, 2014, to the present, including but not limited to the reports referenced on page 8 of Defendant's 2022 Chief FOIA Officer Report.

**OBJECTIONS:**

State objects to this request as overbroad and not proportional to the needs of the case as neither Plaintiff's claims in this case nor the FOIA requests referenced in the complaint involve requests for expedited treatment.

State further objects to this request to the extent that it seeks information protected against disclosure by the deliberative process privilege.

**RESPONSE:**

In keeping with the above objections, State will not produce any material in response to this request.

**REQUEST FOR PRODUCTION NO. 20:**

All documents containing or discussing Defendant's Standard Operating Procedures related to FOIA that were in force at any time between April 16, 2014 and the present.

**OBJECTIONS:**

State objects to the request for all documents containing or discussing its Standard Operating Procedures ("SOPs") related to FOIA that were in force at any time between April 16, 2014, and the present on the ground that the requested timeframe is overbroad and not proportional to the needs of the case. Prior FOIA SOPs that have expired up to more than eight years ago are of no relevance to Plaintiff's claims regarding State's current policies or practices

or to the only relief the Court could order, which would be forward-looking injunctive relief. Moreover, the FOIA request submitted by Plaintiff on April 16, 2014, is dissimilar to Plaintiff's other FOIA requests, because, unlike the other requests, State responded to the earlier request prior to Plaintiff filing suit in federal court. The burden of obtaining and producing documents from 2014-2015 disproportionately outweighs any possible need for the requested documents. State will construe this request for production to seek information about the period from March 10, 2016, the date of the second oldest FOIA request referenced in the Complaint, until the present.

State further objects to this request as vague because the term "Standard Operating Procedures" is unduly vague and undefined. State will interpret the phrase "Standard Operating Procedures" to mean standard procedures used to implement State's policies for responding to FOIA requests for the period March 10, 2016, to the present.

State further objects to this request to the extent it is duplicative of Request for Production No. 1.

State further objects to this request to the extent that it seeks information protected against disclosure by the deliberative process privilege, attorney-client privilege, or attorney work product doctrine. State further objects to this request on the grounds that the request for all documents "containing or discussing" the subject matter of the request is unduly burdensome and not proportional to the needs of the case because it seeks information beyond the reasonable scope of discovery pursuant to FRCP 26(b)(1) and the burden and expense of the requested discovery outweighs its likely benefit. State further objects to this request because the use of the term "discussing" in the request could require State to produce all documents created by State and its employees that contain any reference to State's standard operating procedures related to FOIA that were in force at any time between April 16, 2014, and the present, no matter how

31

minor and nonsubstantive.  Further, pre-decisional deliberations "discussing" State's standard

operating procedures related to FOIA that were in force at any time between April 16, 2014,

,\and the present, including drafts, would be protected under the deliberative process privilege.

State will construe this request for production to be limited to final documents containing State's

standard operating procedures related to FOIA for the relevant time period, not embodied in

emails (per plaintiff's definition of "document").

**RESPONSE:**

Subject to and without waiving the foregoing objections, State refers Plaintiff to the

documents produced in response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 21:**

All documents containing or discussing metrics Defendant has established to track its
progress in processing FOIA requests, including but not limited to the weekly FOIA backlog
report and additional weekly reports tracking simple and expedited cases referenced on page 9 of
Defendant's 2022 Chief FOIA Officer Report.

**OBJECTIONS:**

State objects to the request for all documents containing or discussing metrics State has

established to track its progress in processing FOIA requests as vague, overbroad, and not

proportional to the needs of the case because no timeframe is specified.  State will construe this

request as limited to seeking information about the period from March 10, 2016, the date of the

second oldest FOIA request referenced in the Complaint, until the present.  The FOIA request

submitted by Plaintiff on April 16, 2014, is dissimilar to Plaintiff's other FOIA requests,

because, unlike the other requests, State responded to the earlier request prior to Plaintiff filing

suit in federal court.

State further objects to this request as vague because the term "metrics" is unduly vague

and undefined.  State further objects to this request to the extent it is duplicative of Requests for

Production Nos. 11, 14 and 15.

State further objects to this request to the extent that it seeks information protected against disclosure by the deliberative process privilege, attorney-client privilege, or attorney work product doctrine. State further objects to this request on the grounds that all documents "containing or discussing" the subject matter of the request is unduly burdensome and not proportional to the needs of the case because it seeks information beyond the reasonable scope of discovery pursuant to FRCP 26(b)(1) and the burden and expense of the requested discovery outweighs its likely benefit. State further objects to this request because the use of the term "discussing" in the request could require State to produce all documents created by State and its employees that contain any reference to metrics State has established to track its progress in processing FOIA requests, no matter how minor and nonsubstantive. Further, pre-decisional deliberations "discussing" metrics State has established to track its progress in processing FOIA requests, including drafts, would be protected under the deliberative process privilege. State will construe this request for production to be limited to final documents containing metrics tracking State's processing of FOIA requests, not embodied in emails (per plaintiff's definition of "document").

**RESPONSE:**

Subject to and without waiving the foregoing objections, State refers Plaintiff to the documents produced in response to Request for Production Nos. 11, 14 and 15. State will produce the non-privileged portions of any additional final documents containing metrics tracking State's processing of FOIA requests for the period March 10, 2016, to the present located after a reasonable search.

33

**REQUEST FOR PRODUCTION NO. 22:**

All documents containing or discussing the "annual monthly closure rate targets" for FOIA requests that Defendant set from April 16, 2014, to the present, including but not limited to the targets referenced on page 17 of Defendant's 2022 Chief FOIA Officer Report.

**OBJECTIONS:**

State objects to the request for all documents containing or discussing the annual monthly closure rate targets for FOIA requests that State set from April 16, 2014, and the present on the ground that the requested timeframe is overbroad and not proportional to the needs of the case. Prior targets that have expired up to more than eight years ago are of no relevance to Plaintiff's claims regarding State's current policies or practices or to the only relief the Court could order, which would be forward-looking injunctive relief. Moreover, the FOIA request submitted by Plaintiff on April 16, 2014, is dissimilar to Plaintiff's other FOIA requests, because, unlike the other requests, State responded to the earlier request prior to Plaintiff filing suit in federal court. The burden of obtaining and producing documents from 2014-2015 disproportionately outweighs any possible need for the requested documents. State will construe this request for production to seek information about the period from March 10, 2016, the date of the second oldest FOIA request referenced in the Complaint, until the present.

State further objects to this request to the extent that it seeks information protected against disclosure by the deliberative process privilege, attorney-client privilege, or attorney work product doctrine. State further objects to this request on the grounds that all documents "containing or discussing" the subject matter of the request is unduly burdensome and not proportional to the needs of the case because it seeks information beyond the reasonable scope of discovery pursuant to FRCP 26(b)(1) and the burden and expense of the requested discovery outweighs its likely benefit. State further objects to this request because the use of the term "discussing" in the request could require State to produce all documents created by State and its

34

employees that contain any reference to "annual monthly closure rate targets" for FOIA requests that State set from April 16, 2014, to the present, no matter how minor and nonsubstantive. Further, pre-decisional deliberations "discussing" "annual monthly closure rate targets" for FOIA requests that State set from April 16, 2014, including drafts, would be protected under the deliberative process privilege. State will construe this request for production to be limited to final documents containing the "annual monthly closure rate targets" for FOIA requests that State set for the period March 10, 2016, to the present, not embodied in emails (per plaintiff's definition of "document").

**RESPONSE**:

Subject to and without waiving the foregoing objections, State will produce the non-privileged portions of any final documents containing the "annual monthly closure rate targets" for FOIA requests that State set for the period March 10, 2016, to the present located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 23**:

All documents concerning the procurement of Defendant's FOIA Xpress platform (referenced on page 13 of Defendant's 2022 Chief FOIA Officer Report) or cloud-based eRecords archive (referenced on the same page).

**OBJECTIONS**:

State objects to this request on the grounds to the extent it implies that the procurement of State's FOIA Xpress platform and cloud-based eRecords archive is referenced in State's 2022 Chief FOIA Officer Report, which does not specifically address procurement of these systems. State also objects to the request for all documents concerning the procurement of State's eRecords archive as vague, overbroad, and not proportional to the needs of the case because no timeframe is specified. State will construe this request as limited to seeking information about the period from March 10, 2016, the date of the second oldest FOIA request referenced in the

35

Complaint, until the present. The FOIA request submitted by Plaintiff on April 16, 2014, is dissimilar to Plaintiff's other FOIA requests, because, unlike the other requests, State responded to the earlier request prior to Plaintiff filing suit in federal court. State further objects to this request on the grounds that the "procurement" of the eRecords system is vague and ambiguous as the eRecords system was not obtained externally. State further objects to this request as not relevant to the claims and defenses in this litigation as the eRecords system is an enterprise-wide system that supports business processes for users throughout the State Department, not just those of A/GIS/IPS.

State objects to this request to the extent that it seeks information protected against disclosure by the deliberative process privilege, including drafts, attorney-client privilege, or attorney work product doctrine. State will construe this request as limited to final documents concerning the procurement of the FOIA Xpress platform and any changes in State's use or management of the eRecords archive related to its processing of FOIA requests for the period March 10, 2016, to the present, not embodied in emails (per plaintiff's definition of "document").

**RESPONSE:**

Subject to and without waiving the foregoing objections, State will produce the non-privileged portions of any final documents concerning the procurement of the FOIA Xpress platform and any changes in State's use or management of the eRecords system related to its processing of FOIA requests for the period March 10, 2016, to the present located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 24:**

All organizational charts applicable to any time between April 16, 2014 and the present that includes at least one employee who works in Defendant's FOIA office.

36

**OBJECTIONS:**

State objects to the request for all organizational charts applicable to any time between April 16, 2014, and the present on the ground that the requested timeframe is overbroad and not proportional to the needs of the case. Prior organizational charts that have expired up to more than eight years ago are of no relevance to Plaintiff's claims regarding State's current policies or practices or to the only relief the Court could order, which would be forward-looking injunctive relief. Moreover, the FOIA request submitted by Plaintiff on April 16, 2014, is dissimilar to Plaintiff's other FOIA requests, because, unlike the other requests, State responded to the earlier request prior to Plaintiff filing suit in federal court. The burden of obtaining and producing documents from 2014-2015 disproportionately outweighs any possible need for the requested documents. State will construe this request for production to seek information about the period from March 10, 2016, the date of the second oldest FOIA request referenced in the Complaint, until the present.

State further objects to the request for all organizational charts that "include[] at least one employee who works in Defendant's FOIA office" as overbroad and not proportional to the needs of the case as it would require State to review every employee listed in every organizational chart for the relevant time period. State will construe this request to be seeking organizational charts for IPS or other organizational charts that specifically include IPS.

State further objects to this request to the extent that it seeks information protected against disclosure by the deliberative process privilege, including drafts, attorney-client privilege, or attorney work product doctrine. State will construe this request as limited to final organizational charts for IPS or that specifically include IPS for the relevant time period, not embodied in emails (per plaintiff's definition of "document").

37

**RESPONSE:**

Subject to and without waiving the foregoing objections, State will produce the non-privileged portions of any final organizational charts for IPS or that specifically include IPS for the period March 10, 2016, to the present, located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 25:**

All documents concerning the planning, administration, or assessment of Defendant's "FOIA Surge."

**OBJECTIONS:**

State objects to this request to the extent that it seeks information protected against disclosure by the deliberative process privilege, including drafts, attorney-client privilege, or attorney work product doctrine. State will construe this request as limited to final documents concerning the planning, administration, or assessment of Defendant's "FOIA Surge," not embodied in emails (per plaintiff's definition of "document").

**RESPONSE:**

Subject to and without waiving the foregoing objections, State will produce the non-privileged portions of any final documents concerning the planning, administration, or assessment of Defendant's "FOIA Surge" located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 26:**

All documents containing or discussing Defendant's policies related to proactive disclosure, including but not limited to Defendant's "release to one, release to all" policy referenced on page 2 of the 2022 State Department Chief FOIA Officer's Report.

**OBJECTIONS:**

State objects to this request as overbroad and not proportional to the needs of the case as Plaintiff's claims in this case do not involve proactive disclosures by State.

State further objects to the request as vague, overbroad, and not proportional to the needs of the case because no timeframe is specified.

38

State further objects to this request to the extent that it seeks information protected against disclosure by the deliberative process privilege, attorney-client privilege, or attorney work product doctrine. State further objects to this request on the grounds that all documents "containing or discussing" the subject matter of the request is unduly burdensome and not proportional to the needs of the case because it seeks information beyond the reasonable scope of discovery pursuant to FRCP 26(b)(1) and the burden and expense of the requested discovery outweighs its likely benefit. State further objects to this request because the use of the term "discussing" in the request could require State to produce all documents created by State and its employees that contain any reference to State's policies related to proactive disclosure no matter how minor and nonsubstantive. Further, pre-decisional deliberations "discussing" State's policies related to proactive disclosure, including drafts, would be protected under the deliberative process privilege.

**RESPONSE:**

In keeping with the above objections, State will not produce any material in response to this request.

**REQUEST FOR PRODUCTION NO. 27:**

All documents containing or discussing the number or proportion of first-party FOIA requests (as referenced on page 9 of Defendant's 2022 Chief FOIA Officer Report) that Defendant has received at any time between April 16, 2014 and the present.

**OBJECTIONS:**

State objects to this request as overbroad and not proportional to the needs of the case as Plaintiff's claims in this case do not involve first-party FOIA requests.

State objects to the request for all documents containing or discussing the number or proportion of first-party FOIA requests that Defendant has received at any time between April 16, 2014, and the present on the ground that the requested timeframe is overbroad and not

39

proportional to the needs of the case. First-party FOIA requests that State received up to more than eight years ago are of no relevance to Plaintiff's claims regarding State's current policies or practices or to the only relief the Court could order, which would be forward-looking injunctive relief. Moreover, the FOIA request submitted by Plaintiff on April 16, 2014, is dissimilar to Plaintiff's other FOIA requests, because, unlike the other requests, State responded to the earlier request prior to Plaintiff filing suit in federal court. The burden of obtaining and producing documents from 2014-2015 disproportionately outweighs any possible need for the requested documents. State will construe this request for production to seek information about the period from March 10, 2016, the date of the second oldest FOIA request referenced in the Complaint, until the present.

State further objects to this request to the extent that it seeks information protected against disclosure by the deliberative process privilege, attorney-client privilege, or attorney work product doctrine. State further objects to this request on the grounds that all documents "containing or discussing" the subject matter of the request is unduly burdensome and not proportional to the needs of the case because it seeks information beyond the reasonable scope of discovery pursuant to FRCP 26(b)(1) and the burden and expense of the requested discovery outweighs its likely benefit. State further objects to this request because the use of the term "discussing" in the request could require State to produce all documents created by State and its employees that contain any reference to the number or proportion of first-party FOIA requests that State has received at any time between April 16, 2014 and the present, no matter how minor and nonsubstantive. Further, pre-decisional deliberations "discussing" the number or proportion of first-party FOIA requests that State has received at any time between April 16, 2014 and the present, including drafts, would be protected under the deliberative process privilege.

40

**RESPONSE**:

In keeping with the above objections, State will not produce any material in response to this request.

**REQUEST FOR PRODUCTION NO. 28**:

All documents concerning any of Plaintiff's FOIA requests referenced in paragraph 13, 29, 31, or 40 of the Complaint filed in this action, excluding any document processed in response to the requests, any documents filed as an exhibit to the Complaint, and any document filed in litigation.

**OBJECTIONS**:

State objects to this request to the extent that it seeks information protected against disclosure by (a) the attorney work product doctrine; (b) the attorney-client privilege; or (c) the deliberative process privilege.

**RESPONSE**:

Subject to and without waiving the foregoing objections, State will produce the non-privileged portions of any final responsive documents located after a reasonable search.

Dated:  January 31, 2023

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Director, Federal Programs Branch

 *s/Carol Federighi*
CAROL FEDERIGHI
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone:  (202) 514-1903
Email:  carol.federighi@usdoj.gov

*Counsel for Defendant*