# EXHIBIT 10

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RYAN SCOVILLE,<br><br>      Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE,<br><br>      Defendant. | Case No. 2:22-cv-00091-NJ |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant United States Department of State ("State") responds to Plaintiff's Second Set of Requests for Production of Documents (the "Requests") as follows:

### Objection to Definitions

State objects to the definition of "Defendant" to the extent it requires State to produce information that pertains only to the Freedom of Information Act ("FOIA") operations of decentralized components within State that are responsible for their own FOIA processing (in lieu of State's Office of Information Programs and Services ("IPS")), because those decentralized components played no role in the processing of Plaintiff's requests.

### Objections to Instructions

1.    State objects to Instruction No. 1 to the extent it seeks to impose any obligation inconsistent with the Federal Rules of Civil Procedure ("FRCP") and for being unduly burdensome insofar as it purports to require more than a reasonable search.

2. State objects to Instruction No. 2 to the extent it seeks to impose upon State any obligation to supplement its responses to the Requests and produce additional documents beyond the scope of FRCP 26(e).

3. State objects to Instruction No. 3, which requests information about documents that are no longer in State's possession, custody or control, as imposing obligations beyond the scope of FRCP 34 and for being unduly burdensome insofar as it purports to require a document-by-document recounting without regard to the date on which the document was created, the date on which it was destroyed, discarded, or otherwise placed outside of State's custody or control, or whether litigation involving the substance of the document was reasonably foreseeable at that time it was destroyed, discarded, or otherwise placed outside of State's custody or control.

4. State objects to Instruction No. 4 to the extent it seeks to impose upon State any obligation to rewrite the Requests where they are vague, overbroad, or unclear. Where State objects to a request as vague, overbroad, or unclear it will endeavor to provide an alternative that is reasonable in light of the claims and defense in this case and the parties' rights and obligations under FRCP 26 and 34.

5. State objects to Instruction No. 5 to the extent it implies any obligation outside of the scope of FRCP 26(b)(5) and on the ground that it is unduly burdensome. State reserves the right to create a categorical privilege log. Additionally, documents created by or communications sent to or from litigation counsel (including agency counsel responsible for this litigation after commencement of this matter) will not be logged, as information contained therein is not relevant to the claims and defenses in this litigation.

6. State reserves the right to object to any request by Plaintiff pursuant to Instruction No. 9 to view the original of any copy of any document produced in response to these Requests.

7. State objects to Instruction No. 10, stating that, unless otherwise specified, the time period for each request is April 16, 2014 to the present, on the ground that this timeframe is overbroad and not proportional to the needs of the case. Prior FOIA policies and practices that are now up to more than nine years old are of no relevance to Plaintiff's claims, which concern State's current policies or practices, or to the only relief the Court could order, which would be forward-looking injunctive relief. Moreover, the FOIA request submitted by Plaintiff on April 16, 2014, is dissimilar to Plaintiff's other FOIA requests, because, unlike the other requests, State responded to the earlier request prior to Plaintiff filing suit in federal court. The burden of obtaining and producing documents from 2014-2015 disproportionately outweighs any possible need for the requested documents. State will construe these requests for production to be limited to information about the period from March 10, 2016, the date of the second oldest FOIA request referenced in the Complaint, until the present.

## Objections to All Requests for Production

1. State objects to the Requests to the extent they seek documents that are publicly available or are readily accessible to Plaintiff or otherwise would be less burdensome for Plaintiff to obtain than State. *See* FRCP 26(b)(2)(C).

2. State objects to the Requests to the extent that they seek information protected against disclosure by (a) the attorney work product doctrine; (b) the attorney-client privilege; (c) the deliberative process privilege, the joint defense privilege, the common interest privilege, the law enforcement privilege, or the state secrets privilege; (d) any other form of executive privilege; or (e) any other applicable privilege or protection. Any inadvertent production of privileged or otherwise protected information in response to the Requests shall not be deemed to be a waiver by State of any such privilege or protection from disclosure.

3

3. State objects to the Requests to the extent that they seek information protected against disclosure by the Privacy Act, *see* 5 U.S.C. § 552a, and by the privacy interests and expectations of persons not party to this litigation. State will produce such documents pursuant to and subject to the protective order entered in this case governing the use of confidential information ("Protective Order," ECF No. 32), where appropriate.

4. Each and every response contained herein is subject to the above objections, which apply to each and every response, regardless of whether a specific objection is interposed in a specific response. The making of a specific objection in response to a particular request is not intended to constitute a waiver of any other objection not specifically referenced in the particular response.

5. A response stating that State will produce responsive documents following a reasonable search does not mean that State has any such non-privileged (or otherwise protected from disclosure) documents in its possession, custody or control, only that it will produce such documents if located following a reasonable search.

6. State specifically reserves the right to make further objections as necessary to the extent additional issues arise regarding the meaning of and/or information sought by discovery.

**Objections and Responses to Specific Requests for Production**

**REQUEST FOR PRODUCTION NO. 29:**

Provide the complaint from every lawsuit (or alternatively a list of case names, courts of jurisdiction, and case numbers) in which State was named as a defendant in an action brought under the Freedom of Information Act (FOIA).

**OBJECTION:**

State objects to this request to the extent it seeks documents that are publicly available or are readily accessible to Plaintiff or otherwise would be less burdensome for Plaintiff to obtain

4

than State.  *See* FRCP 26(b)(2)(C); https://pacer.uscourts.gov/my-account-billing/billing/fee-exemption-request-researchers.

State further objects to this request on the ground that the specified timeframe, April 16, 2014, to the present, is overbroad and not proportional to the needs of the case.  FOIA lawsuits in which State was named as a defendant filed more than nine years ago have no relevance to Plaintiff's claims, which concern State's current policies or practices, or to the only relief the Court could order, which would be forward-looking injunctive relief.  Moreover, the FOIA request submitted by Plaintiff on April 16, 2014, is dissimilar to Plaintiff's other FOIA requests, because, unlike the other requests, State responded to the earlier request prior to Plaintiff filing suit in federal court.  The burden of obtaining and producing documents from 2014-2015 disproportionately outweighs any possible need for the requested documents.  State will construe this request for production to be limited to information about the period from March 10, 2016, the date of the second oldest FOIA request referenced in the Complaint, until the present.

**RESPONSE:**

Subject to and without waiving the foregoing objections, State will produce complaints from lawsuits in which State was named as a defendant in an action brought under the FOIA that were filed during the period March 10, 2016, to the present, to the extent it locates such documents after a reasonable search.

**REQUEST FOR PRODUCTION NO. 30:**

Provide every memorandum of law and all accompanying declaration(s) or affidavit(s) publicly filed by State in a FOIA action to oppose an award of attorney's fees or other sanctions.

**OBJECTION:**

State objects to this request to the extent it seeks documents that are publicly available or are readily accessible to Plaintiff or otherwise would be less burdensome for Plaintiff to obtain

5

than State.  *See* FRCP

26(b)(2)(C); https://pacer.uscourts.gov/my-account-billing/billing/fee-exemption-request-researchers.

State further objects to this request as overbroad, unduly burdensome, and seeking information not relevant to the claims and defenses at issue in this litigation to the extent it seeks information about State's positions and arguments regarding attorney's fees or sanctions in FOIA litigation matters.  State's litigation positions and arguments on these issues are not relevant to Plaintiff's claims which concern State's FOIA policies and practices for the processing of FOIA requests.  State further objects to this request to the extent it improperly characterizes attorney's fees awarded pursuant to the FOIA as a form of "sanctions."

State further objects to the request on the ground that the specified timeframe, April 16, 2014, to the present, is overbroad and not proportional to the needs of the case.  FOIA lawsuits in which State was named as a defendant filed more than nine years ago have no relevance to Plaintiff's claims, which concern State's current policies or practices, or to the only relief the Court could order, which would be forward-looking injunctive relief.  Moreover, the FOIA request submitted by Plaintiff on April 16, 2014, is dissimilar to Plaintiff's other FOIA requests, because, unlike the other requests, State responded to the earlier request prior to Plaintiff filing suit in federal court.  The burden of obtaining and producing documents from 2014-2015 disproportionately outweighs any possible need for the requested documents.

**RESPONSE:**

In keeping with the above objections, State will not produce documents in response to this request.

## REQUEST FOR PRODUCTION NO. 31:

Provide every memorandum of law and all accompanying declaration(s) or affidavit(s) asserting in words or substance that "exceptional circumstances" and/or "unusual circumstances" prevent State from complying with a FOIA request in the statutory timeframe.

## OBJECTIONS:

State objects to this request to the extent it seeks documents that are publicly available or are readily accessible to Plaintiff or otherwise would be less burdensome for Plaintiff to obtain than State. *See* FRCP 26(b)(2)(C); https://pacer.uscourts.gov/my-account-billing/billing/fee-exemption-request-researchers.

State further objects to the request on the ground that the specified timeframe, April 16, 2014, to the present, is overbroad and not proportional to the needs of the case. Memoranda of law and declarations or affidavits filed by State more than nine years ago have no relevance to Plaintiff's claims, which concern State's current policies or practices, or to the only relief the Court could order, which would be forward-looking injunctive relief. Moreover, the FOIA request submitted by Plaintiff on April 16, 2014, is dissimilar to Plaintiff's other FOIA requests, because, unlike the other requests, State responded to the earlier request prior to Plaintiff filing suit in federal court. The burden of obtaining and producing documents from 2014-2015 disproportionately outweighs any possible need for the requested documents. State will construe this request for production to be limited to information about the period from March 10, 2016, the date of the second oldest FOIA request referenced in the Complaint, until the present.

State further objects to this request on the ground that "asserting in . . . substance that 'exceptional circumstances' and/or 'unusual circumstances' prevent State from complying with a FOIA request in the statutory timeframe" is vague as the phrase "in substance" is undefined. State will construe this request without the phrase "or substance."

7

State further objects to this request to the extent that it seeks information, including drafts, protected against disclosure by the deliberative process privilege, attorney-client privilege, or attorney work product doctrine.

**RESPONSE:**

Subject to and without waiving the foregoing objections, State will produce final filed memoranda of law and all accompanying declaration(s) or affidavit(s) asserting that "exceptional circumstances" and/or "unusual circumstances" prevent State from complying with a FOIA request in the statutory timeframe that were filed by State during the period March 10, 2016, to the present, to the extent it locates such documents after a reasonable search.

**REQUEST FOR PRODUCTION NO. 32:**

Provide every memorandum of law and all accompanying declaration(s) or affidavit(s) supporting a request for an Open America stay that have been filed by State since January 1, 1998.

**OBJECTION:**

State objects to this request to the extent it seeks documents that are publicly available or are readily accessible to Plaintiff or otherwise would be less burdensome for Plaintiff to obtain than State. *See* FRCP 26(b)(2)(C); https://pacer.uscourts.gov/my-account-billing/billing/fee-exemption-request-researchers.

State further objects to this request as overbroad, unduly burdensome, and seeking information not relevant to the claims and defenses at issue in this litigation to the extent it seeks information about representations made by State in connections with requests for *Open America* stays. State's past requests for *Open America* stays in cases in litigation are not relevant to Plaintiff's claims which concern State's FOIA policies and practices for the processing of FOIA requests.

State further objects to this request on the ground that the specified timeframe, 1998 to the present, is overbroad and not proportional to the needs of the case. Documents related to State's requests for *Open America* stays prior to March 10, 2016, have no relevance to Plaintiff's claims, which concern State's current policies or practices, or to the only relief the Court could order, which would be forward-looking injunctive relief. Moreover, the FOIA request submitted by Plaintiff on April 16, 2014, is dissimilar to Plaintiff's other FOIA requests, because, unlike the other requests, State responded to the earlier request prior to Plaintiff filing suit in federal court. The burden of obtaining and producing documents from 2014-2015 disproportionately outweighs any possible need for the requested documents.

State further objects to this request to the extent that it seeks information, including drafts, protected against disclosure by the deliberative process privilege, attorney-client privilege, or attorney work product doctrine.

**RESPONSE:**

In keeping with the above objections, State will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 33:**

Provide complete processing notes for every FOIA request State received on January 6, 2023, February 4, 2022; March 5, 2021; April 3, 2020; May 3, 2019; June 1, 2018; July 7, 2017; August 5, 2016; September 4, 2015; and October 3, 2014. Processing notes include writings of any kind, including those automatically generated on any electronic case management platform such as FOIAXpress, that track the status of State's response to an individual FOIA request and/or record any action State takes in response to a FOIA request.

**OBJECTIONS:**

State objects to the request for documents concerning its processing of certain FOIA requests during the period October 3, 2014, through January 6, 2023, on the ground that the requested timeframe is overbroad and not proportional to the needs of the case. State's

9

processing of FOIA requests prior to March 10, 2016, is of no relevance to Plaintiff's claims, which concern State's current policies or practices, or to the only relief the Court could order, which would be forward-looking injunctive relief. Moreover, the FOIA request submitted by Plaintiff on April 16, 2014, is dissimilar to Plaintiff's other FOIA requests, because, unlike the other requests, State responded to the earlier request prior to Plaintiff filing suit in federal court. In addition, State's FOIAXpress system did not exist until 2019 and is not able to produce reliable information concerning requests submitted prior to 2019. The burden of obtaining and producing documents from 2014-2018 disproportionately outweighs any possible need for the requested documents. State will construe this request for production to be limited to information about requests filed on January 6, 2023, February 4, 2022; March 5, 2021; April 3, 2020; and May 3, 2019.

State further objects to this request as vague because the phrase "complete processing notes" is unduly vague and undefined. State will interpret the phrase "complete processing notes" to mean reports in the FOIAXpress case management system that describe actions taken to process a FOIA request.

State further objects to this request to the extent that it seeks information protected against disclosure by the deliberative process privilege, attorney-client privilege, or attorney work product doctrine. State further objects to this request to the extent that it calls for information the disclosure of which is prohibited by the Privacy Act or which implicates the privacy interests and expectations of persons not party to this litigation.

**RESPONSE:**

Subject to and without waiving the foregoing objections, State will produce the non-privileged portions of FOIAXpress reports describing State's processing of FOIA requests

received on January 6, 2023, February 4, 2022; March 5, 2021; April 3, 2020; and May 3, 2019, located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 34:**

All emails sent or received by the current or former employees of State listed below between the time period of April 16, 2014, until today, that contain the search terms attached in Appendix A.

- Julie Arrighetti
- Mary Avery
- Joyce A. Barr
- John Bass
- Brian Bulatao
- Carrie B. Cabelka
- Janice DeGarmo
- John Dinkelman
- William Fischer
- John Hackett
- Heather Anne Higginbottom
- Patrick Kennedy
- Philippe Lussier
- Harry Mahar
- Brian McKeon
- Nicole R. Nason
- Carol Perez
- Douglas A. Pitkin
- Kellie Robinson
- Patrick Scholl
- Eric F. Stein
- Alaina Teplitz
- William Todd
- Susan Weetman

**OBJECTIONS:**

State objects to the request for all emails sent to and from the individuals identified in the request that contain the search terms identified in Appendix A for the period April 16, 2014, to the present on the ground that the requested timeframe is overbroad and not proportional to the needs of the case. Prior communications within such parameters are of no relevance to Plaintiff's claims regarding State's current policies or practices or to the only relief the Court

could order, which would be forward-looking injunctive relief. Moreover, the FOIA request submitted by Plaintiff on April 16, 2014, is dissimilar to Plaintiff's other FOIA requests, because, unlike the other requests, State responded to the earlier request prior to Plaintiff filing suit in federal court. The burden of obtaining and producing documents from 2014-2015 disproportionately outweighs any possible need for the requested documents. State will construe this request for production to seek information about the period from March 10, 2016, the date of the second oldest FOIA request referenced in the Complaint, until the present.

State further objects to the request on the grounds that it is overbroad and not proportional to the needs of the case because a preliminary search using a subset of the terms and custodians identified in the request for emails dating from March 10, 2016, to the present has already produced more than 134,000 hits in State's eRecords system.

State further objects to the use of the search term "Freedom of Information" in the suggested proximity searches because State's eRecords system can only run a proximity search for two words, not for one or more phrases.

State further objects to this request to the extent that it seeks information protected against disclosure by the deliberative process privilege, attorney-client privilege, or attorney work product doctrine. State further objects to this request to the extent that it calls for information the disclosure of which is prohibited by the Privacy Act or which implicates the privacy interests and expectations of persons not party to this litigation.

**RESPONSE:**

Subject to and without waiving the foregoing objections, State will produce the non-privileged portions of emails sent or received by a subset of the individuals identified in the request using a subset of the terms identified for the period March 10, 2016, to the present

12

located after a reasonable search. State will confer with Plaintiff about the individuals and specific set of search terms to be used.

Dated: May 26, 2023

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Director, Federal Programs Branch

*s/Carol Federighi*
CAROL FEDERIGHI
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 514-1903
Email: carol.federighi@usdoj.gov

*Counsel for Defendant*