# EXHIBIT 11

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

RYAN SCOVILLE,

        Plaintiff,

v.

        Case No. 2:22-cv-00091-NJ

UNITED STATES DEPARTMENT OF
STATE,

        Defendant.

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant United States Department of State ("State") responds to Plaintiff's First Set of Interrogatories (the "Interrogatories") as follows:

### General Objections

1.      State objects to the Interrogatories to the extent they call for information the disclosure of which is prohibited by The Privacy Act of 1974, *see* 5 U.S.C. § 552a, *et seq.* ("Privacy Act") or implicate the privacy interests and expectations of persons not party to this litigation.

2.      State objects to the Interrogatories to the extent they call for information protected by the deliberative process privilege, the attorney work product doctrine, the attorney-client privilege, or any other applicable privilege, immunity or protection from disclosure.

### Objections to Definitions

1.      State objects to the definition of "Defendant" to the extent it requires State to produce information that pertains only to the Freedom of Information Act ("FOIA") operations of decentralized components within State that are responsible for their own FOIA processing (in lieu

of State's Office of Information Programs and Services ("IPS")), because those decentralized components played no role in the processing of Plaintiff's requests.

2.      State objects to applying the definition of "identify" set forth in Local Rule 26(d)(2)(C)(i) of the Local Rules for the Eastern District of Wisconsin to the extent that it calls for information protected against disclosure by the Privacy Act or implicates the privacy interests and expectations of persons not party to this litigation.  With regard to an identified person's present or last known address and present or last known place of employment, such person may be contacted through undersigned counsel.

**Objections to Instructions**

1.      In response to Instruction No. 1, State states that these interrogatory responses are based upon the relevant individuals' best recollections at this time and the documentary materials currently available to them.  State will supplement its responses as required by Federal Rule of Civil Procedure ("FRCP") 26(e) if additional materials become available.

2.      State objects to Instruction No. 2 to the extent it seeks to impose upon State any obligation beyond that which is required under FRCP 26 or 33.

3.      State objects to Instruction No. 3 to the extent it seeks to impose upon State any obligation to rewrite any interrogatory that is vague, overbroad, or ambiguous.  Where State objects to a request as vague, overbroad, or ambiguous it will endeavor to provide an alternative that is reasonable in light of the claims and defense in this case and the parties' rights and obligations under FRCP 26 and 33.

**Objections and Responses to Interrogatories**

**INTERROGATORY NO. 1:**

Identify every person who occupied or occupies the position of Director of the Office of Information Programs and Services within the State Department's Bureau of Administration, or

2

any predecessor to such position, at any time between April 16, 2014 and the present, including any acting Director, and state the dates each held the position.

**OBJECTION:**

State objects to the request for information from between April 16, 2014, and the present on the ground that the requested timeframe is overbroad and not proportional to the needs of the case. Prior IPS Directors or acting Directors who served up to more than eight years ago would not have information of any relevance to Plaintiff's claims, which concern State's current policies or practices, or to the only relief the Court could order, which would be forward-looking injunctive relief. Moreover, the FOIA request submitted by Plaintiff on April 16, 2014, is dissimilar to Plaintiff's other FOIA requests, because, unlike the other requests, State responded to the earlier request prior to Plaintiff filing suit in federal court. State will construe this interrogatory to be limited to information about the period from March 10, 2016, the date of the second oldest FOIA request referenced in the Complaint, until the present.

**RESPONSE:**

Subject to and without waiving the foregoing objections, State responds as follows:

- John Hackett (March 10-19, 2016)

- William Fischer and Eric F. Stein, Acting Co-Directors (Stein oversaw FOIA and FOIA litigation) (March 21, 2016 - October 15, 2016)

- Eric F. Stein, Acting Director (October 16, 2016 - January 21, 2017)

- Eric F. Stein (January 22, 2017 – November 6, 2021)

- Vacant: (November 7, 2021 – present); overall responsibility remains with Eric F. Stein as Deputy Assistant Secretary for the Office of Global Information Services ("GIS"), Bureau of Administration ("A"), U.S. Department of State. Operational responsibility for IPS is divided between Eric F. Stein and IPS Deputy Director, Susan C. Weetman.

3

**INTERROGATORY NO. 2:**

Identify every person who occupied or occupies the position of State Department's FOIA Program Manager, or any predecessor to such position, at any time between April 16, 2014 and the present, including any acting Manager, and state the dates each held the position.

**OBJECTION:**

State objects to the request for information from between April 16, 2014, and the present on the ground that the requested timeframe is overbroad and not proportional to the needs of the case. Prior FOIA Program Managers or acting Program Managers who served up to more than eight years ago would not have information of any relevance to Plaintiff's claims, which concern State's current policies or practices, or to the only relief the Court could order, which would be forward-looking injunctive relief. Moreover, the FOIA request submitted by Plaintiff on April 16, 2014, is dissimilar to Plaintiff's other FOIA requests, because, unlike the other requests, State responded to the earlier request prior to Plaintiff filing suit in federal court. State will construe this interrogatory to be limited to information about the period from March 10, 2016, the date of the second oldest FOIA request referenced in the Complaint, until the present.

**RESPONSE:**

Subject to and without waiving the foregoing objections, State will provide the names of individuals who held the position of State Department FOIA Program Manager following entry of a Protective Order.

**INTERROGATORY NO. 3:**

Identify all past or present participants in or members of the State Department's FOIA Working Group referenced on page 9 of the 2022 State Department Chief FOIA Officer's Report and state the dates of their service in the Working Group.

4

**OBJECTION:**

State objects to this interrogatory as vague and ambiguous because the terms "participant" and "member" are undefined. State will construe this interrogatory to be seeking information regarding those invited to attend meetings of State's FOIA Working Group. State further objects to this interrogatory to the extent it seeks "the dates of . . . service in the Working Group" because those invited to attend meetings did not have defined terms of service. State will provide information about the dates of the meetings to which individuals were invited. State further objects to this interrogatory as overbroad, unduly burdensome, and seeking information not relevant to the claims and defenses at issue in this litigation to the extent it calls for State to identify dozens of "past and present participants or members" of State's FOIA Working Group because the specific identities of those who participated with varying degrees of involvement and for varying periods of time are not relevant to the claims and defenses at issue in this litigation. State objects to this interrogatory to the extent that it calls for information the disclosure of which is prohibited by the Privacy Act or which implicates the privacy interests and expectations of persons not party to this litigation.

**RESPONSE:**

Subject to and without waiving the foregoing objections, in accordance with Rule 33(d) State directs Plaintiff to documents that will be produced in response to this interrogatory once the parties have executed and the Court has approved a protective order governing the use of confidential information in this litigation ("Protective Order").

**INTERROGATORY NO. 4:**

Identify every person who planned, administered, or assessed the FOIA Surge.

5

**OBJECTION**:

State objects to this interrogatory as vague and ambiguous because the terms "planned," "administered," and "assessed" are undefined. State will construe this interrogatory to be seeking information regarding those persons who led the planning and implementation of the FOIA Surge.

**RESPONSE**:

Subject to and without waiving the foregoing objections, State responds as follows. An asterisk by a date indicates that that date is an approximation based on State's best knowledge and information at the present and State will supplement if and as additional information becomes available:

- Rex Tillerson, U.S. Secretary of State (February 1, 2017 – March 31, 2018)

- Nicole R. Nason, Assistant Secretary for Administration & Chief FOIA Officer (2017 – 2019)

- Harry Mahar, Assistant Secretary for Administration & Chief FOIA Officer (Acting, 2017*)

- Philippe Lussier, Deputy Assistant Secretary Bureau of Global Talent Management (June 5, 2011 – present)

- Mary Avery, Senior Official acting as Deputy Assistant Secretary, A/GIS (July 2017 – July 2018)

- Eric F. Stein, A/GIS/IPS Director (Acting, October 16, 2016 – January 21, 2017; January 22, 2017 – November 6, 2021)

- Janice DeGarmo, Executive Director, Bureau of Administration (April 2016 – July 2018)

**INTERROGATORY NO. 5:**

Identify each person who at any time had supervisory decision making authority as to the implementation of the FOIA Surge.

6

**OBJECTION**:

State objects to this interrogatory as vague and ambiguous because the term "supervisory decision making authority" is undefined. State will construe this interrogatory to be seeking information regarding those persons who led the implementation of the FOIA Surge.

**RESPONSE**:

Subject to and without waiving the foregoing objections, State responds as follows. An asterisk by a date indicates that that date is an approximation based on State's best knowledge and information at the present and State will supplement if and as additional information becomes available:

- Harry Mahar, Assistant Secretary for Administration & Chief FOIA Officer (Acting, 2017*)

- Philippe Lussier, Deputy Assistant Secretary Bureau of Global Talent Management (June 5, 2011 – present)

- Mary Avery, Senior Official acting as Deputy Assistant Secretary, A/GIS (July 2017 – July 2018)

- Eric F. Stein, A/GIS/IPS Director (Acting, October 16, 2016 – January 21, 2017; January 22, 2017 – November 6, 2021)

- Janice DeGarmo, Executive Director, Bureau of Administration (April 2016 – July 2018)

**INTERROGATORY NO. 6:**

Identify every person who planned, administered, or assessed the State Department's current seven-year backlog reduction plan, referenced on page 9 of the 2022 State Department Chief FOIA Officer's Report.

7

**OBJECTION:**

State objects to this interrogatory as vague and ambiguous because the terms "planned," administered," and "assessed" are undefined. State will construe this interrogatory to be seeking information regarding those persons who led or are leading the planning and implementation of the State Department's current seven-year backlog reduction plan.

**RESPONSE:**

Subject to and without waiving the foregoing objections, State responds as follows:

- Carrie B. Cabelka, Assistant Secretary for Administration and Chief FOIA Officer (2019 – 2021)

- Eric F. Stein, Acting Director, A/GIS/IPS (October 16, 2016 – January 21, 2017) Director, A/GIS/IPS (January 22, 2017 – November 6, 2021); Deputy Assistant Secretary for A/GIS/IPS (November 7, 2021 – present)

- Susan C. Weetman, A/GIS/IPS Deputy Director (2019 – present)

**INTERROGATORY NO. 7:**

Identify each person who at any time had supervisory decision making authority as to the implementation of the State Department's current seven-year FOIA backlog reduction plan.

**OBJECTION:**

State objects to this interrogatory as vague and ambiguous because the term "supervisory decision making authority" is undefined. State will construe this interrogatory to be seeking information regarding those persons who led or are leading IPS during the implementation of the State Department's current seven-year FOIA backlog reduction plan.

**RESPONSE:**

Subject to and without waiving the foregoing objections, State responds as follows:

8

- Carrie B. Cabelka, Assistant Secretary for Administration and Chief FOIA Officer (2019 – 2021)

- Eric F Stein, Acting Director, A/GIS/IPS (October 16, 2016 – January 21, 2017); Director, A/GIS/IPS (January 22, 2017 – November 6, 2021); Deputy Assistant Secretary for A/GIS/IPS (November 7, 2021 – present)

- Susan C. Weetman, A/GIS/IPS Deputy Director (2019 – present)

**INTERROGATORY NO. 8:**

Identify every person who participated in the development of the State Department FOIA program's annual operating budget at any time between April 16, 2014 and the present.

**OBJECTIONS:**

State objects to the request for information from between April 16, 2014, and the present on the ground that the requested timeframe is overbroad and not proportional to the needs of the case. Individuals who participated in prior FOIA budget development up to more than eight years ago would not have information of any relevance to Plaintiff's claims, which concern State's current policies or practices, or to the only relief the Court could order, which would be forward-looking injunctive relief. Moreover, the FOIA request submitted by Plaintiff on April 16, 2014, is dissimilar to Plaintiff's other FOIA requests, because, unlike the other requests, State responded to the earlier request prior to Plaintiff filing suit in federal court. State will construe this interrogatory to be limited to information about the period from March 10, 2016, the date of the second oldest FOIA request referenced in the Complaint, until the present.

State further objects to this interrogatory as overbroad, unduly burdensome and not proportional to the needs of the case because it seeks information beyond the reasonable scope of discovery pursuant to FRCP 26(b)(1) and the burden and expense of the requested discovery outweighs its likely benefit to the extent it seeks the names of every employee involved in the

9

budgeting process from the Office of the Deputy Secretary for Management and Resources (where applicable),[1] Office of the Under Secretary for Management, Bureau of Administration, Office of Management Strategy and Solutions (formerly the Office of Management Policy, Rightsizing, and Innovation (M/PRI)), Bureau of Budget and Planning, and Office of the Secretary, for a period of nearly ten years.  State further objects to this interrogatory as vague and ambiguous because the term "participated" is undefined.  State will construe this interrogatory to be seeking information regarding those persons within the Bureau of Administration who led the development of the State Department FOIA program's annual operating budget during the period March 10, 2016, to the present.

**RESPONSE:**

Subject to and without waiving the foregoing objections, State responds as follows: the individuals within the Bureau of Administration who led the development of the State Department FOIA program's annual operating budget during the period March 10, 2016, to the present were as follows.  An asterisk by a date indicates that that date is an approximation based on State's best knowledge and information at the present and State will supplement if and as additional information becomes available:

- Assistant Secretary of State for Administration (A): Joyce A Barr (2011 – 2017), Harry Mahar (Acting, 2017*), Nicole R. Nason (2017 – 2019), Carrie B. Cabelka (2019 – 2021), John Dinkelman (Acting, 2019*, 2021*), Alaina B. Teplitz (2021 – present)

- Deputy Assistant Secretary for A/GIS: Margaret P. Grafeld (March 10, 2016 – June 12, 2016), Amb. Larry Palmer (June 13, 2016 – 2017*), Mary Avery (July 2017 – July 2018),

---

[1] The position of Deputy Secretary for Management and Resources was vacant from January 20, 2017 through March 18, 2021.

10

John C. Sullivan (November 8, 2018 – November 6, 2021), Eric F. Stein (November 7, 2021 – present)

**INTERROGATORY NO. 9:**

Identify every person with authority to decide the amount of State Department funding to allocate to the State Department FOIA program's annual operating budget at any time between April 16, 2014 and the present.

**OBJECTION:**

State objects to the request for information for the period April 16, 2014, to the present on the ground that the requested timeframe is overbroad and not proportional to the needs of the case. Individuals who participated in prior FOIA funding allocations up to more than eight years ago would not have information of any relevance to Plaintiff's claims, which concern State's current policies or practices, or to the only relief the Court could order, which would be forward-looking injunctive relief. Moreover, the FOIA request submitted by Plaintiff on April 16, 2014, is dissimilar to Plaintiff's other FOIA requests, because, unlike the other requests, State responded to the earlier request prior to Plaintiff filing suit in federal court. State will construe this interrogatory to be limited to information about the period from March 10, 2016, the date of the second oldest FOIA request referenced in the Complaint, until the present.

**RESPONSE:**

Subject to and without waiving the foregoing objections, State responds as follows. An asterisk by a date indicates that that date is an approximation based on State's best knowledge and information at the present and State will supplement if and as additional information becomes available:

- Secretary of State (S): John F. Kerry (2013 – 2017), Rex W. Tillerson (2017 – 2018), Michael R. Pompeo (2018 – 2021), Antony J. Blinken (2021 – present)

11

- Deputy Secretary of State (D): Antony J. Blinken (2015 – 2017), John J. Sullivan (2017 – 2019), Stephen E. Biegun (2019 – 2021), Wendy R. Sherman (2021 – present)

- Deputy Secretary of State for Management and Resources (D-MR): Heather Anne Higginbottom (2013 – 2017), Brian McKeon (2021 – present)

- Under Secretary for Management (M): Patrick Kennedy (2007 – 2017*), William Todd (Acting 2017 – 2019*), Brian Bulatao (2019 – 2021), Carol Perez (Acting 2021), John Bass (2021 – present)

- Bureau of Budget Planning (BP): Douglas A. Pitkin, Director (2015 – present)

- Bureau of Administration (A): Joyce A Barr (2011 – 2017), Harry Mahar (Acting, 2017*), Nicole R. Nason (2017 – 2019), Carrie B. Cabelka (2019 – 2021), John Dinkelman (Acting, 2019*, 2021*), Alaina B. Teplitz (2021 – present)

**INTERROGATORY NO. 10:**

Identify every person with authority to decide the amount of State Department funding to allocate to the procurement or maintenance of case management or document management software used by the State Department's FOIA program at any time between April 16, 2014 and the present.

**OBJECTION:**

State objects to the request for information from between April 16, 2014, and the present on the ground that the requested timeframe is overbroad and not proportional to the needs of the case. Individuals who previously had authority to decide the amount of State Department funding to allocate to FOIA software up to more than eight years ago would not have information of any relevance to Plaintiff's claims, which concern State's current policies or practices, or to the only relief the Court could order, which would be forward-looking injunctive relief. Moreover, the FOIA request submitted by Plaintiff on April 16, 2014, is dissimilar to Plaintiff's other FOIA

requests, because, unlike the other requests, State responded to the earlier request prior to Plaintiff filing suit in federal court. State will construe this interrogatory to be limited to information about the period from March 10, 2016, the date of the second oldest FOIA request referenced in the Complaint, until the present.

**RESPONSE:**

Subject to and without waiving the foregoing objections, State responds as follows. An asterisk by a date indicates that that date is an approximation based on State's best knowledge and information at the present and State will supplement if and as additional information becomes available:

- Secretary of State: John Kerry (2013 – 2017), Thomas A. Shannon Jr. (2017), Rex Tillerson (2017 – 2018), John J. Sullivan (2018), Mike Pompeo (2018 – 2021), Daniel Bennett Smith (2021), Antony Blinken (2021 – present)

- Deputy Secretary for Management and Resources: Heather Higginbottom (2013 – 2017), Brian P. McKeon (2021 – present)

- Under Secretary for Management: Patrick Kennedy (2007-2017*), William Todd (Acting 2017-2019*), Brian Bulatao (2019-2021), Carol Perez (Acting 2021), John Bass (2021-present)

- Director of the Bureau of Budget and Planning: Douglas Pitkin (2015 – present)

**INTERROGATORY NO. 11:**

Identify every person who, at any time between April 16, 2014 and the present, has authored or signed requests to Congress for additional funds for State Department FOIA operations.

13

**OBJECTIONS:**

State objects to the request for information from between April 16, 2014, and the present on the ground that the requested timeframe is overbroad and not proportional to the needs of the case. Individuals who authored or signed FOIA funding requests to Congress up to more than eight years ago would not have information of any relevance to Plaintiff's claims, which concern State's current policies or practices, or to the only relief the Court could order, which would be forward-looking injunctive relief. Moreover, the FOIA request submitted by Plaintiff on April 16, 2014, is dissimilar to Plaintiff's other FOIA requests, because, unlike the other requests, State responded to the earlier request prior to Plaintiff filing suit in federal court. State will construe this interrogatory to be limited to information about the period from March 10, 2016, the date of the second oldest FOIA request referenced in the Complaint, until the present.

State further objects to this interrogatory as vague and ambiguous because the terms "authored," "request, and "additional funds" are undefined and those terms are not readily applicable or understandable in connection with State's budgeting and funding processes.

**RESPONSE:**

In keeping with the above objections, State will not provide a response to this interrogatory at this time because it is unable to reasonably discern what information the interrogatory seeks. State will meet and confer with Plaintiff regarding this interrogatory.

**INTERROGATORY NO. 12:**

Identify every person who, at any time between April 16, 2014 and the present, and while employed by or contracted with the State Department, requested from any State Department employee or office additional funds for State Department FOIA operations.

14

**OBJECTIONS:**

State objects to the request for information from between April 16, 2014, and the present on the ground that the requested timeframe is overbroad and not proportional to the needs of the case. Individuals who "requested . . . additional funds for State Department FOIA operations" up to more than eight years ago would not have information of any relevance to Plaintiff's claims, which concern State's current policies or practices, or to the only relief the Court could order, which would be forward-looking injunctive relief. Moreover, the FOIA request submitted by Plaintiff on April 16, 2014, is dissimilar to Plaintiff's other FOIA requests, because, unlike the other requests, State responded to the earlier request prior to Plaintiff filing suit in federal court. State will construe this interrogatory to be limited to information about the period from March 10, 2016, the date of the second oldest FOIA request referenced in the Complaint, until the present.

State further objects to this interrogatory as vague and ambiguous because it does not define "request" or "additional funds" and those terms are not squarely applicable or understandable in connection with State's budgeting and funding processes.

**RESPONSE:**

In keeping with the above objections, State will not provide a response to this interrogatory at this time because it is unable to reasonably discern what information is being sought. State will meet and confer with Plaintiff regarding this interrogatory.

**INTERROGATORY NO. 13**

Identify every person who assessed FOIA Xpress, referenced on page 13 of Defendant's 2022 Chief FOIA Officer Report, or who supervised its procurement or implementation.

**OBJECTION:**

State objects to this interrogatory as vague and ambiguous because the terms and phrases "assessed" and "supervised its procurement or implementation" are undefined. State will construe

15

this interrogatory to be seeking information regarding those persons from the Bureau of Administration who oversaw the acquisition and implementation of FOIAXpress.

**RESPONSE:**

Subject to and without waiving the foregoing objections, State responds as follows:

- Eric F. Stein

**INTERROGATORY NO. 14:**

Identify every person who assessed the State Department's cloud-based e-records archive, referenced on page 13 of Defendant's 2022 Chief FOIA Officer Report, or who supervised its procurement or implementation.

**OBJECTION:**

State objects to this interrogatory as vague and ambiguous because the terms and phrases "assessed" and "supervised its procurement or implementation" are undefined. State further objects to this interrogatory on the grounds that it is overbroad to the extent it seeks information that is not relevant to the relationship between State's eRecords system and State's FOIA processing. State will construe this interrogatory to be seeking information regarding those persons from the Bureau of Administration who oversaw changes in the use of the eRecords system to improve State's processing of FOIA requests.

**RESPONSE:**

Subject to and without waiving the foregoing objections, State responds as follows:

- Eric F. Stein

**INTERROGATORY NO. 15:**

Identify every person involved in processing any of Plaintiff's FOIA requests referenced in paragraph 13, 29, 31, or 40 of the Complaint filed in this action.

16

**OBJECTIONS:**

State objects to this interrogatory to the extent it seeks information protected against disclosure by the Privacy Act or which implicates the privacy interests and expectations of persons not party to this litigation. State further objects to this interrogatory to the extent it seeks the names of every individual State employee who was involved in the processing of Plaintiff's FOIA requests on the ground that the burden on first-level employees' privacy interests is not proportional to the needs of the case. State further objects to this interrogatory as seeking information that is not relevant to the claims and defenses in this litigation to the extent it seeks the names of individual State employees who have no responsibility for determining the policies that govern State's FOIA processing. State will provide the names of supervisory employees who oversaw the processing of Plaintiff's FOIA requests once a Protective Order is in place.

**RESPONSE:**

Subject to and without waiving the foregoing objections, State will provide the names of supervisory employees who oversaw the processing of Plaintiff's FOIA requests following entry of a Protective Order.

**INTERROGATORY NO. 16:**

Identify every person with responsibility for formulating any policy for processing or responding to FOIA requests in effect at any time between April 16, 2014 and the present.

**OBJECTIONS:**

State objects to the request for information from between April 16, 2014, and the present on the ground that the requested timeframe is overbroad and not proportional to the needs of the case. Individuals who formulated FOIA policy up to more than eight years ago would not have information of any relevance to Plaintiff's claims, which concern State's current policies or practices, or to the only relief the Court could order, which would be forward-looking injunctive

17

relief.  Moreover, the FOIA request submitted by Plaintiff on April 16, 2014, is dissimilar to Plaintiff's other FOIA requests, because, unlike the other requests, State responded to the earlier request prior to Plaintiff filing suit in federal court.  State will construe this interrogatory to be limited to information about the period from March 10, 2016, the date of the second oldest FOIA request referenced in the Complaint, until the present.

State further objects to this interrogatory as vague and ambiguous because the term "with responsibility for formulating" is undefined.  State further objects to this interrogatory as vague, ambiguous and overbroad because it seeks information regarding any policy for processing or responding to FOIA requests, without defining or limiting "policy."  State further objects to this interrogatory to the extent it requires State to produce information that pertains only to the formulation of the FOIA policies of decentralized components within State that are responsible for their own FOIA processing (in lieu of IPS), because those decentralized components played no role in the processing of Plaintiff's requests.  State will construe this interrogatory to be seeking information regarding those from the Bureau of Administration who formulated IPS's policies for processing and responding to FOIA requests during the period March 10, 2016, to the present.

**RESPONSE:**

Subject to and without waiving the foregoing objections, State will provide the names of individuals from the Bureau of Administration who formulated IPS's policies for processing and responding to FOIA requests following entry of a Protective Order.

**INTERROGATORY NO. 17:**

Identify every person with responsibility for conducting any FOIA self-assessment or review between April 16, 2014 and the present, including any self-assessments using the Department of Justice Office of Information Policy's self-assessment toolkit and the self-

18

assessments referenced on page 9 of Defendant's 2022 Chief FOIA Officer Report between April 16, 2014 and the present.

**OBJECTIONS:**

State objects to the request for information for the period April 16, 2014, to the present on the ground that the requested timeframe is overbroad and not proportional to the needs of the case. Individuals who conducted FOIA self-assessments or reviews up to more than eight years ago would not have information of any relevance to Plaintiff's claims, which concern State's current policies or practices, or to the only relief the Court could order, which would be forward-looking injunctive relief. Moreover, the FOIA request submitted by Plaintiff on April 16, 2014, is dissimilar to Plaintiff's other FOIA requests, because, unlike the other requests, the State responded to the earlier request prior to Plaintiff filing suit in federal court. State will construe this interrogatory to be limited to information about the period from March 10, 2016, the date of the second oldest FOIA request referenced in the Complaint, until the present.

State further objects to this interrogatory as vague and ambiguous because the phrase "with responsibility for conducting" is undefined. State will construe this interrogatory to be seeking information regarding those Department employees who directed or exercised control over any FOIA self-assessment or review during the period March 10, 2016, to the present.

**RESPONSE:**

Subject to and without waiving the foregoing objections, State will provide the names of Department employees who directed or exercised control over any FOIA self-assessment or review during the period March 10, 2016, to the present following entry of a Protective Order.

**INTERROGATORY NO. 18:**

Identify every person with responsibility for setting any training requirement for the State Department's FOIA program staff between April 16, 2014 and the present.

**OBJECTIONS**:

State objects to the request for information from between April 16, 2014, and the present on the ground that the requested timeframe is overbroad and not proportional to the needs of the case. Individuals who set FOIA training requirements up to more than eight years ago would not have information of any relevance to Plaintiff's claims, which concern State's current policies or practices, or to the only relief the Court could order, which would be forward-looking injunctive relief. Moreover, the FOIA request submitted by Plaintiff on April 16, 2014, is dissimilar to Plaintiff's other FOIA requests, because, unlike the other requests, State responded to the earlier request prior to Plaintiff filing suit in federal court. State will construe this interrogatory to be limited to information about the period from March 10, 2016, the date of the second oldest FOIA request referenced in the Complaint, until the present.

State further objects to this interrogatory as vague and ambiguous because the term "with responsibility for setting" is undefined. State will construe this interrogatory to be seeking information regarding those persons who were responsible for determining training requirements for the State Department's FOIA program staff.

**RESPONSE**:

Subject to and without waiving the foregoing objections, State responds as follows:

- John Hackett, Director, A/GIS/IPS (March 10 –19, 2016)

- William Fischer and Eric F. Stein, Acting Co-Directors, A/GIS/IPS (Stein oversaw FOIA and FOIA litigation) (March 21, 2016 – October 15, 2016)

- Eric F. Stein, Acting Director, A/GIS/IPS (October 16, 2016 – January 21, 2017); Director, A/GIS/IPS (January 22, 2017 – November 6, 2021); Deputy Assistant Secretary for A/GIS/IPS (November 7, 2021 – present)

- Susan C. Weetman, A/GIS/IPS Deputy Director (2019 – present)

**INTERROGATORY NO. 19:**

Identify every person with responsibility for setting any FOIA-related training requirements for non-FOIA program staff at the State Department between April 16, 2014 and the present.

**OBJECTIONS:**

State objects to the request for information from between April 16, 2014, and the present on the ground that the requested timeframe is overbroad and not proportional to the needs of the case. Individuals who set FOIA-related training requirements up to more than eight years ago would not have information of any relevance to Plaintiff's claims, which concern State's current policies or practices, or to the only relief the Court could order, which would be forward-looking injunctive relief. Moreover, the FOIA request submitted by Plaintiff on April 16, 2014, is dissimilar to Plaintiff's other FOIA requests, because, unlike the other requests, State responded to the earlier request prior to Plaintiff filing suit in federal court. State will construe this interrogatory to be limited to information about the period from March 10, 2016, the date of the second oldest FOIA request referenced in the Complaint, until the present.

State further objects to this interrogatory as vague and ambiguous because the term "with responsibility for setting" is undefined. State will construe this interrogatory to be seeking information regarding those persons from the Bureau of Administration with ultimate responsibility for setting any FOIA-related training requirements for non-FOIA program staff at the State Department.

**RESPONSE:**

Subject to and without waiving the foregoing objections, State responds as follows. An asterisk by a date indicates that that date is an approximation based on State's best knowledge and

21

information at the present and State will supplement if and as additional information becomes available:

- Joyce A Barr (2011 – 2017)

- Harry Mahar (Acting, 2017*)

- Nicole R. Nason (2017 – 2019)

- Carrie B. Cabelka (2019 – 2021)

- John Dinkelman (Acting, 2019*, 2021*)

- Alaina B. Teplitz (2021 – present)

- John Hackett, Director, A/GIS/IPS (March 10-19, 2016)

- William Fischer and Eric F. Stein, Acting Co-Directors, A/GIS/IPS (Stein oversaw FOIA and FOIA litigation) (March 21, 2016 – October 15, 2016)

- Eric F. Stein, Acting Director, A/GIS/IPS (October 16, 2016 – January 21, 2017); Director, A/GIS/IPS (January 22, 2017 – November 6, 2021); Deputy Assistant Secretary for A/GIS/IPS (November 7, 2021 – present)

- Susan C. Weetman, A/GIS/IPS Deputy Director (2019 – present)

As to the responses, see attached verification(s).

As to the objections:

Dated: January 31, 2023

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Director, Federal Programs Branch

*s/Carol Federighi*
CAROL FEDERIGHI
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 514-1903
Email: carol.federighi@usdoj.gov

*Counsel for Defendant*

## <u>VERIFICATION OF ERIC F. STEIN</u>

I declare under penalty of perjury that the foregoing responses to Plaintiffs'

Interrogatories are true and complete to the best of my knowledge, information, belief,

understanding, and recollection.

Dated: 01/31/2023

Eric F Stein

Digitally signed by Eric F
Stein
Date: 2023.01.31
21:37:32 -05'00'

/s/

Eric F. Stein

24