# EXHIBIT 12

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RYAN SCOVILLE,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF STATE,

    Defendant.

Case No. 2:22-cv-00091-NJ

## DEFENDANT'S RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Defendant United States Department of State ("State") responds to Plaintiff's Second Set of Interrogatories (the "Interrogatories") as follows:

### General Objections

1. State objects to the Interrogatories to the extent that they call for information the disclosure of which is prohibited by The Privacy Act of 1974, *see* 5 U.S.C. § 552a, *et seq*. or the privacy interests and expectations of persons not party to this litigation.

2. State objects to the Interrogatories to the extent that they call for information protected by the deliberative process privilege, the attorney work product doctrine, the attorney-client privilege, or any other applicable privilege, immunity or protection from disclosure.

### Objections to Definitions

1. State objects to the definition of "Defendant" to the extent it requires State to produce information that pertains only to the Freedom of Information Act ("FOIA") operations of decentralized components within State that are responsible for their own FOIA processing (in lieu

of State's Office of Information Programs and Services ("IPS")), because those decentralized components played no role in the processing of Plaintiff's requests.

2. State objects to applying the definition of "Processing Notes" on the grounds that the terms "electronic platform" and "writings" are vague and ambiguous.

## Objections to Instructions

1. In response to Instruction No. 1, State states that these interrogatory responses are based upon the relevant individuals' best recollections at this time and the documentary materials currently available to them. State will supplement its responses as required by Federal Rule of Civil Procedure ("FRCP") 26(e) if additional materials become available.

2. State objects to Instruction No. 2 to the extent it seeks to impose upon State any obligation beyond that which is required under FRCP 26 or 33.

3. State objects to Instruction No. 3 to the extent it seeks to impose upon State any obligation to rewrite any interrogatory that is vague, overbroad, or ambiguous. Where State objects to a request as vague, overbroad, or ambiguous it will endeavor to provide an alternative that is reasonable in light of the claims and defense in this case and the parties' rights and obligations under FRCP 26 and 33.

## Objections and Responses to Interrogatories

**INTERROGATORY NO. 20:**

For each of the past ten fiscal years, provide the number of State's FOIA responses to "Perfected Requests in Which Information Was Granted" that have a "Response Time" corresponding with each of the following increments of time: <1-20 days; 21-40 days; 41-60 days; 61-80 days; 81-100 days; 101-120 days; 121-140 days; 141-160 days; 161-180 days; 181-200 days; 201-300 days; 301-400 days, 401+ days. As used here, "Perfected Requests in Which Information Was Granted" and "Response Time" have the same meaning as in State's Annual

FOIA Reports. See, e.g., Department of State Freedom of Information Act Annual Report, Fiscal Year 2021, at p. 22. This Interrogatory seeks the same "Response Time in Day Increments" information provided in State's Annual FOIA Reports for "Processed Simple Requests," "Processed Complex Requests," and "Processed Requests Granted Expedited Processing," id. at pp. 23-24, but seeks "Response Time in Day Increments" information specifically for "Perfected Requests in Which Information Was Granted."

**OBJECTION:**

State objects to the request for information "for the past ten fiscal years" on the ground that the requested timeframe is overbroad and not proportional to the needs of the case. Information concerning State's FOIA responses to "Perfected Requests in Which Information Was Granted" prior to March 10, 2016, have no relevance to Plaintiff's claims, which concern State's current policies or practices, or to the only relief the Court could order, which would be forward-looking injunctive relief. Moreover, the FOIA request submitted by Plaintiff on April 16, 2014, is dissimilar to Plaintiff's other FOIA requests, because, unlike the other requests, State responded to the earlier request prior to Plaintiff filing suit in federal court. State will construe this interrogatory to be limited to information about the period from March 10, 2016, the date of the second oldest FOIA request referenced in the Complaint, until the present.

State further objects to this interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks information beyond the reasonable scope of discovery pursuant to FRCP 26(b)(1) as it would require State to endeavor to determine the individual response times for tens of thousands of FOIA requests processed over a period of ten fiscal years. In addition, State's FOIAXpress system does not have functionality that would allow State to ascertain the requested information. As Plaintiff acknowledges, State already provides in its Annual FOIA Reports the response time in day increments for FOIA requests that are

3

processed through both of State's primary FOIA processing tracks, the "Simple Track" and the "Complex Track." In addition, State also provides the response time in day increments for the Processed Requests Granted Expedited Processing. This information is included in each of State's Annual FOIA Reports for the years 2013-2022 and provides a detailed picture of the timing of State's responses to FOIA requests during each of those years. As a result, the burden and expense of the requested discovery outweighs its likely benefit.

**RESPONSE:**

In keeping with the above objections, State will not provide a response to this interrogatory.

**INTERROGATORY NO. 23:**

Provide a breakdown of FOIA-related funding by category, including both personnel and non-personnel costs (training, materials, professional services) for each year since 1995. To the extent known or ascertainable, please explain the reason(s) for each increase or decrease in funding by category.

**OBJECTION:**

State objects to the request for information "for each year since 1995" on the ground that the requested timeframe is overbroad and not proportional to the needs of the case. Information concerning funding allocated for State's FOIA processing prior to March 10, 2016, have no relevance to Plaintiff's claims, which concern State's current policies or practices, or to the only relief the Court could order, which would be forward-looking injunctive relief. Moreover, the FOIA request submitted by Plaintiff on April 16, 2014, is dissimilar to Plaintiff's other FOIA requests, because, unlike the other requests, State responded to the earlier request prior to Plaintiff filing suit in federal court. State will construe this interrogatory to be limited to information about

4

the period from March 10, 2016, the date of the second oldest FOIA request referenced in the Complaint, until the present.

**RESPONSE:**

Subject to and without waiving the foregoing objections, State responds as follows:

Pursuant to FRCP 33(d), State directs Plaintiff to documents that will be produced that describe the funding allocated to State for FOIA processing for fiscal years 2016 – 2022, including a breakdown of personnel and non-personnel-related funding. State will supplement when information regarding the Bates numbers of these documents becomes available.

**INTERROGATORY NO. 24:**

For each year since 1995, describe the Department's efforts to use *Open America* stays, including the total number of times each year the Department filed for an *Open America* stay, the total number of times the court granted an *Open America* stay, and the total number of times the court denied an *Open America* stay.

**OBJECTION:**

State objects to the request for information "for each year since 1995" on the ground that the requested timeframe is overbroad and not proportional to the needs of the case. Information concerning State's "efforts to use Open America stays" prior to March 10, 2016, has no relevance to Plaintiff's claims, which concern State's current policies or practices, or to the only relief the Court could order, which would be forward-looking injunctive relief. Moreover, the FOIA request submitted by Plaintiff on April 16, 2014, is dissimilar to Plaintiff's other FOIA requests, because, unlike the other requests, State responded to the earlier request prior to Plaintiff filing suit in federal court. State will construe this interrogatory to be limited to information about the period from March 10, 2016, the date of the second oldest FOIA request referenced in the Complaint, until the present.

5

State further objects to the interrogatory as overbroad, unduly burdensome, and seeking information not relevant to the claims and defenses at issue in this litigation to the extent it calls for information about State's positions and arguments in FOIA litigation matters. State's litigation choices and strategies are not relevant to Plaintiff's claims which concern State's FOIA policies and practices for the processing of FOIA requests that are not the subject of litigation. State further objects to this interrogatory as overbroad and unduly burdensome because State does not maintain comprehensive records documenting its use of *Open America* stays. State further objects to this interrogatory as vague and ambiguous because the phrase "efforts to use" is unduly vague and undefined. State further objects to this interrogatory on the grounds that "the number of times each year the Department filed for an *Open America* stay, the total number of times the court granted an *Open America* stay, and the total number of times the court denied an *Open America* stay" is information that is equally accessible to Plaintiff.

**RESPONSE**:

In keeping with the above objections, State will not provide a response to this interrogatory.

**INTERROGATORY NO. 25**:

Describe the process by which FOIA requests are handled at the Department, including 1) who in the Department receives FOIA requests; 2) how and by whom the FOIA requests are sequenced within the queue(s); 3) whether there is more than one track by which FOIA requests are processed and the nature of each such track; 4) how and to whom FOIA requests get disseminated throughout the Department; 5) how and by whom the information relevant to the FOIA requests is searched for and collected; 6) how and by whom the deadlines for pending FOIA requests are established; 7) how, by whom, and to whom the deadlines for FOIA requests are communicated throughout the Department; 8) how and by whom the redactions for FOIA

6

requests are conducted; and 9) how and by whom decisions to request time extensions or Open America stays are made.

**OBJECTION:**

State objects to this interrogatory on the ground that it is vague and ambiguous because the terms and phrases "handled," "how and to whom FOIA requests get disseminated throughout the Department," and "time extensions" are unduly vague and undefined. State will interpret the term "handled" to mean processed, the phrase "how and to whom FOIA requests get disseminated throughout the Department" to refer to the process through which State searches for documents potentially responsive to FOIA requests that are not contained within centralized document repositories to which State's Office of Information Programs and Services has access, and the term "time extensions" to mean extensions of court-ordered deadlines. State further objects to this interrogatory to the extent it seeks information protected from disclosure by the deliberative process privilege, attorney-client privilege and attorney work production doctrine. State will construe this interrogatory as limited to the final policies and procedures that govern State's processing of FOIA requests. State further objects to subpart nine of the interrogatory as overbroad, unduly burdensome, and seeking information not relevant to the claims and defenses at issue in this litigation to the extent it calls for information about State's positions and arguments in FOIA litigation matters.

**RESPONSE:**

Subject to and without waiving the foregoing objections, State responds as follows:

Pursuant to FRCP 33(d), State directs Plaintiff to the following documents that describe how State processes FOIA requests:

SCO_00000711
SCO_00000714
SCO_00000762

SCO_00000871
SCO_00000897
SCO_00000915
SCO_00000916
SCO_00000939
SCO_00000943
SCO_00000946
SCO_00000976
SCO_00001004
SCO_00001054
SCO_00001073
SCO_00001195
SCO_00001098
SCO_00001118
SCO_00001129
SCO_00001159

**INTERROGATORY NO. 26:**

Describe the process by which Department staff are trained on the Department's FOIA obligations and processes, including: 1) who conducts the training; 2) who receives the training; 3) the method by which the training occurs; 4) the timing of the training relative to the person's hiring; 5) the frequency of the training; 6) the duration of the trainings; 7) the timing and extent of additional trainings responding to changes in law, policy, or practice; and 8) the nature and contents of the material included in the trainings.

**OBJECTION:**

State objects to this interrogatory on the ground that it does not comply with FRCP 33(a)(1) because it exceeds the limit of 25 interrogatories per party, including all discrete subparts. State further objects to this interrogatory as vague and ambiguous on the ground that the terms "Department staff" and "FOIA obligations" are unduly vague and undefined.

**RESPONSE:**

In keeping with the above objections, State will not provide a response to this interrogatory.

**INTERROGATORY NO. 27:**

Describe all changes to internal policies and practices that occurred as a result of the Department's FOIA Surge initiative relative to the internal policies and practices that were in place before the FOIA Surge initiative.

**OBJECTIONS:**

State objects to this interrogatory on the ground that it does not comply with FRCP 33(a)(1) because it exceeds the limit of 25 interrogatories per party, including all discrete subparts. State further objects to this interrogatory as vague and ambiguous on the ground that "internal policies and practices" is unduly vague and undefined.

**RESPONSE:**

In keeping with the above objections, State will not provide a response to this interrogatory.

**INTERROGATORY NO. 28:**

For each year since 2014, provide the extent, nature, and outcome of requests for additional FOIA-related funding or resources that have been made either within the Department or externally (e.g. Congressional request) by each year in which such requests have occurred.

**OBJECTION:**

State objects to this interrogatory on the ground that it does not comply with FRCP 33(a)(1) because it exceeds the limit of 25 interrogatories per party, including all discrete subparts. State further objects to the request for information for each year since 2014 on the ground that the requested timeframe is overbroad and not proportional to the needs of the case. Information concerning "requests for additional FOIA-related funding or resources that have been made either within the Department or externally (e.g. Congressional request)" prior to March 10, 2016, have no relevance to Plaintiff's claims, which concern State's current policies or practices,

or to the only relief the Court could order, which would be forward-looking injunctive relief. Moreover, the FOIA request submitted by Plaintiff on April 16, 2014, is dissimilar to Plaintiff's other FOIA requests, because, unlike the other requests, State responded to the earlier request prior to Plaintiff filing suit in federal court. State further objects to this interrogatory as vague and ambiguous because the terms "requests" and "additional FOIA-related funding or resources" are undefined and those terms are not readily applicable or understandable in connection with State's budgeting and funding processes.

**RESPONSE:**

In keeping with the above objections, State will not provide a response to this interrogatory.

**INTERROGATORY NO. 29:**

For each year since 2014, provide the extent, nature, and outcome of requests for additional FOIA-related funding or resources that have been made either within the Department or externally (e.g. Congressional request) by each year in which such requests have occurred.

**OBJECTION:**

State objects to this interrogatory on the ground that it does not comply with FRCP 33(a)(1) because it exceeds the limit of 25 interrogatories per party, including all discrete subparts. State further objects to the request for information for each year since 2014 on the ground that the requested timeframe is overbroad and not proportional to the needs of the case. Information concerning "requests for additional FOIA-related funding or resources that have been made either within the Department or externally (e.g. Congressional request)" prior to March 10, 2016, have no relevance to Plaintiff's claims, which concern State's current policies or practices, or to the only relief the Court could order, which would be forward-looking injunctive relief. Moreover, the FOIA request submitted by Plaintiff on April 16, 2014, is dissimilar to Plaintiff's

10

other FOIA requests, because, unlike the other requests, State responded to the earlier request prior to Plaintiff filing suit in federal court. State further objects to this interrogatory as vague and ambiguous because the terms "requests" and "additional FOIA-related funding or resources that have been made either within the Department or externally (e.g. Congressional request)" are undefined and those terms are not readily applicable or understandable in connection with State's budgeting and funding processes.

**RESPONSE:**

In keeping with the above objections, State will not provide a response to this interrogatory.

**INTERROGATORY NO. 30:**

For each year since 2014, provide the extent, nature, and outcome of requests for additional FOIA-related funding or resources that have been made either within the Department or externally (e.g. Congressional request) by each year in which such requests have occurred.

**OBJECTIONS:**

State objects to this interrogatory on the ground that it does not comply with FRCP 33(a)(1) because it exceeds the limit of 25 interrogatories per party, including all discrete subparts. State further objects to the request for information for each year since 2014 on the ground that the requested timeframe is overbroad and not proportional to the needs of the case. Information concerning "requests for additional FOIA-related funding or resources that have been made either within the Department or externally (e.g. Congressional request)" prior to March 10, 2016, have no relevance to Plaintiff's claims, which concern State's current policies or practices, or to the only relief the Court could order, which would be forward-looking injunctive relief. Moreover, the FOIA request submitted by Plaintiff on April 16, 2014, is dissimilar to Plaintiff's other FOIA requests, because, unlike the other requests, State responded to the earlier request

prior to Plaintiff filing suit in federal court. State further objects to this interrogatory as vague and ambiguous because the terms "requests" and "additional FOIA-related funding or resources that have been made either within the Department or externally (e.g. Congressional request)" are undefined and those terms are not readily applicable or understandable in connection with State's budgeting and funding processes.

**RESPONSE:**

In keeping with the above objections, State will not provide a response to this interrogatory.

**INTERROGATORY NO. 31:**

Explain whether State contends that it currently has sufficient funding to meet its FOIA obligations; if so, explain why current funding levels are deemed sufficient, and if not, explain what steps State is taking to address the shortfall, if any.

**OBJECTIONS:**

State objects to this interrogatory on the ground that it does not comply with FRCP 33(a)(1) because it exceeds the limit of 25 interrogatories per party, including all discrete subparts.

**RESPONSE:**

In keeping with the above objections, State will not provide a response to this interrogatory.

As to the responses, see attached verification(s).

As to the objections:

Dated: May 15, 2023

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Director, Federal Programs Branch

*s/Carol Federighi*
CAROL FEDERIGHI
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 514-1903
Email: carol.federighi@usdoj.gov

*Counsel for Defendant*

## VERIFICATION OF ERIC F. STEIN

I declare under penalty of perjury that the foregoing response to Plaintiff's Interrogatories Nos. 23 and 25 are true and complete to the best of my knowledge, information, belief, understanding, and recollection.

Dated: 05/15/23

/s/ Eric F Stein
Digitally signed by Eric F Stein
Date: 2023.05.15 21:11:51 -04'00'

Eric F. Stein