UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RYAN SCOVILLE,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE,<br><br>    Defendant. | Civil Action No. 2:22-cv-00091-NJ |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

"[D]iscovery in a FOIA case is rare." *In re Clinton*, 973 F.3d 106, 110 (D.C. Cir. 2020). And while some may be appropriate "in a FOIA policy-or-practice suit," it is limited to "narrow discovery on the agency's 'polices and practices for responding to FOIA requests and the resources allocated to ensure its compliance with the FOIA time limitations.'" *Am. Ctr. for Law & Justice v. U.S. Dep't of State*, 289 F. Supp. 3d 81, 92 (D.D.C. 2018) (quoting *Gilmore v. Dep't of Energy*, 33 F. Supp. 2d 1184, 1190 (N.D. Cal. 1998)); *Alley v. U.S. Dep't of HHS*, 2010 WL 11561222, at *1 (N.D. Ala. Sept. 30, 2010) (authorizing "limited discovery" related to "internal [FOIA] policies"). Despite the thousands of pages of documents that have been produced to date, Borson Dec. ¶ 4, Plaintiff ventures far beyond this narrow scope, seeking expansive discovery unrelated to the only issue before this Court: whether State's policies will impair Plaintiff's rights under the FOIA.

I. **State's Proposed Time Frame Is Reasonable and Accords With the Forward-Looking Nature of a Policy-or-Practice Claim.**

A FOIA policy-or-practice suit is definitionally forward-looking. As the Court previously recognized, such a suit asks if the agency has a policy or practice that will impair the party's lawful access to information *in the future*. ECF No. 21 at 7, 8, 9, 13, 16. The Court relied on Plaintiff's allegations about State's failure to comply with his past FOIA requests without proper excuse to find that he plausibly alleged that "he will continue to experience unreasonable, unexcused delays with future FOIA requests." *Id*. at 16. Contrary to Plaintiff's claim, he does not need "[t]estimony from . . . the date of [his] earliest [FOIA] request [*i.e.*, 2014] . . . concerning State's FOIA processing activities, funding and resource allocation," to "provide relevant evidence of State's *continuing* policy or practice," MTC at 1 (emphasis added), he needs evidence of State's continuing—*i.e.*, current, not historical—FOIA policy or practice, to which State has agreed to testify. Plaintiff seeks injunctive relief only and cannot rely on past violations as a basis for future injunctive relief. *City of Los Angeles. v. Lyons*, 461 U.S. 95, 106-07 (1983). Preparing a witness to

1

discuss the last decade of State's FOIA practice is neither relevant nor proportional. Fed. R. Civ. P. 26(b)(1).

Nor does State's production of written discovery from 2016 to the present require 30(b)(6) testimony from 2014 onward. MTC at 2. Written discovery and 30(b)(6) depositions are different. Written discovery just needs to be reviewed and processed. "Rule 30(b)(6) imposes an affirmative duty on the organization to prepare the designated person or persons so they can give full, complete, and non-evasive answers to the questions posed." *Leach Farms, Inc. v. Ryder Integrated Logistics, Inc.*, 2015 WL 348238, at *1 (E.D. Wisc. Jan. 26, 2015). This is much more burdensome, and a narrower time period for a 30(b)(6) witness than written discovery is accordingly proper.

## II. Plaintiff's Attempt to Categorically Preclude State From Asserting the Deliberative Process Privilege Does Not Accord With Seventh Circuit Caselaw.

Plaintiff seeks to categorically preclude the government from asserting the Deliberative Process Privilege ("DPP") over "a range of deliberations regarding" State's FOIA processes, policies, backlog, and resources. MTC at 3. First, DPP is not amenable to categorical determinations; rather, as the Seventh Circuit has held, it "must be addressed and resolved one lawsuit—indeed, one document—at a time." *United States v. Zingsheim*, 384 F.3d 867, 872 (7th Cir. 2004). The plaintiff must make a "sufficient showing of a particularized need" to overcome DPP and the Seventh Circuit holds that "relevance alone is an insufficient reason for breaching the deliberative process privilege." *United States v. Farley*, 11 F.3d 1385, 1389-90 (7th Cir. 1993). "Yet [plaintiff's] argument for a categorical rule denying the privilege when the plaintiff's claim puts directly at issue the government's subjective motivation rests on the premise that relevance alone *is* sufficient to defeat the privilege." *Ill. Coal. for Immigrant & Refugee Rights, Inc. v. Wolf*, 2020 WL 7353408, at *2 (N.D. Ill. Dec. 15, 2020) ("Seventh Circuit precedent resolves this dispute in [the government's] favor"). This Court should not rule absent a specific assertion of DPP.

2

Plaintiff is also wrong to assert that DPP "simply does not apply where 'the government's decision-making process is central to the plaintiff's case.'" MTC at 3 (citation omitted). Courts routinely apply DPP in cases—such as those under the Administrative Procedure Act—where agency decision-making is core to the case. And even where courts hold that DPP may not be available as a categorical matter, which is not the law in the Seventh Circuit, *Ill. Coal.*, 2020 WL 7353408, at *1-2, they explicitly cabin that holding to "those circumstances in which the cause of action is directed at the agency's subjective motivation," *In re Subpoena Duces Tecum Served on the Office of the Comptroller of the Currency*, 156 F.3d 1279, 1280 (D.C. Cir. 1998), such as in a Title VII case. State's intent or motivation is not relevant here—only its policies and procedures.

## III. State Should Not be Compelled to Testify About Open America Stays.

Plaintiff also seeks to compel State to testify regarding *Open America* stays, where FOIA litigation can be stayed under certain circumstances. MTC at 2-3. State never sought or received an *Open America* stay in any of Plaintiff's cases. Borson Dec. ¶¶ 2-3. Nor did Plaintiff's complaint, or the Court's previous decision, mention *Open America* stays. There is no basis to discover information into an action that has not and will not plausibly injure Plaintiff. *See Alley*, 2010 WL 11561222, at *5 ("[t]he court did not invite Plaintiffs to search out and bring to the court all flawed FOIA policies of HHS and convert this court into a super-watchdog over HHS's FOIA practices"). Plaintiff says that he "narrowed [his 30(b)(6) topic] to cover only information sought in Interrogatory No. 24," MTC at 3, but that interrogatory is itself overbroad and disproportionate, *see* ECF No. 43-13, at 5-6, and is not meaningfully different than Plaintiff's deposition topic. *Compare id* at 5 (Interrogatory No. 24: "describe [State's] efforts to use *Open America* stays [since 1995]"), *with* ECF No. 43-2, at 4 (30(b)(6) notice: "State's policies and practices for seeking *Open America* stays in FOIA lawsuits").

3

Dated: March 19, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

MARCIA BERMAN
Assistant Director, Federal Programs Branch

*/s/ Joseph E. Borson*
JOSEPH E. BORSON (Va Bar No. 85519)
Senior Trial Counsel
CHRISTOPHER M. LYNCH
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Washington, DC 20005
Phone: (202) 514-1944
Email: joseph.borson@usdoj.gov

*Counsel for Defendant*