# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RYAN SCOVILLE,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE,<br><br>    Defendant. | Civil Action No. 2:22-cv-00091-NJ |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME

Defendant respectfully responds to Plaintiff's Motion for Extension of Time (ECF No. 47). There, Plaintiff seeks, out of an "abundance of caution," an extension of 30 days of his March 22, 2024 deadline to serve written discovery.[1] ECF No. 47 at 2. Plaintiff provides a certification of conference asserting that the parties have conferred, but Plaintiff never proposed to Defendant the relief requested in his recently-filed extension motion. As such, to the extent any such conference is necessary, Plaintiff's motion is not properly before the Court. *See* Civil L.R. 37.

To be clear, Defendant is not opposed to a limited extension of deadlines in this case for the parties to further discuss potential modest amendments to the scheduling order. But Plaintiff never presented Defendant with any such proposal. Plaintiff's only proposal regarding the current scheduling order made to Defendant was a March 7, 2024 request to extend all deadlines in the case for six months. *See* ECF No. 43-9 (March 7, 2024 email).

Defendant notes, however, that while it is willing to continue to confer in good faith about the schedule, it is not clear that the parties will be able to reach agreement on either the schedule or whether any additional discovery Plaintiff may serve is appropriate and proportional, in light of the extensive discovery Plaintiff has already propounded and the parties' significant divergence of opinion about the appropriate scope of discovery in this case. As already set forth in Defendant's Opposition to Plaintiff's Motion to Compel (ECF No. 45), it is well-established that "discovery in a FOIA case is rare." *In re Clinton*, 973 F.3d 106, 110 (D.C. Cir. 2020), and that "in a FOIA policy-or-practice suit," only "narrow discovery" is permitted "on the agency's current 'policies and practices for responding to FOIA requests and the resources allocated to ensure its compliance with the FOIA time

---

[1] Plaintiff suggests that his pending motion to compel regarding Defendant's 30(b)(6) deposition "probably stays any immediate deadlines." ECF No. 47 at 2. It does not. No part of Plaintiff's motion to compel sought extension of *any* deadline as part of the relief requested. *See* ECF No. 43.

1

limitations,'" *Am. Ctr. for Law & Justice v. U.S. Dep't of State*, 289 F. Supp. 3d 81, 92 (D.D.C. 2018); *see generally* ECF No. 45 at 1. Plaintiff, however, contends that he is entitled to broad discovery into every aspect of Defendant's FOIA program for a decade, including tens of thousands of internal emails among State Department personnel. Plaintiff's position on the scope of discovery, coupled with the significant extension suggested by Plaintiff in the only proposal made to Defendant to date, make Defendant concerned that Plaintiff is hoping to propound even more disproportionate and unreasonably burdensome discovery, and is not simply seeking an extension to preserve his ability to target a handful of loose ends.

| | |
|---|---|
| Dated: March 28, 2024 | Respectfully submitted,<br><br>BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General<br>Civil Division<br><br>MARCIA BERMAN<br>Assistant Director, Federal Programs Branch<br><br> */s/Christopher M. Lynch*<br>CHRISTOPHER M. LYNCH<br>(D.C. Bar No. 1049152)<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L St. NW<br>Washington, DC 20005<br>(202) 353-4537 (phone)<br>(202) 616-8470 (fax)<br>christopher.m.lynch@usdoj.gov<br><br>*Counsel for Defendant* |