# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**Ryan Scoville,**

                          **Plaintiff,**        Case No. 22-CV-91

      **v.**

                                      **MINUTE SHEET**

**US Department of State,**

                          **Defendant.**

---

**Hon. Nancy Joseph, presiding.**    **Deputy Clerk:** Ross Miller

**Type of Proceeding:** MOTIONS HEARING

**Date:** April 4, 2024 at 10:00am    **Court Reporter:** Zoom Audio

**Time Commenced:** 10:01am    **Time Concluded:** 10:46am

**Appearances:**    **Plaintiff:**    Ben Menke, Tobin Raju, Brady Williamson

                          **Defendant:**    Christopher Lynch

**Comments:**

Matter in Court for hearing on Plaintiff's Motion to Compel (ECF No. 43) and Motion for Extension of Time (ECF No. 47)

As to Motion to Compel:
Court flagged four issues in the motion to compel.

The first issue involves timeframe disputes. Parties have discussed and agreed to a compromise regarding the timeframe issue.

The second issue is the testimony regarding the State's processing of Plaintiff's FOIA requests. Plaintiff clarified that they are not seeking testimony on attorney-client communication. Court finds it difficult to rule on this part of the motion in the abstract. Plaintiff allowed to proceed with questioning with the understanding that the State has the privilege of objecting to questions and preserving those objections for the record.

The third issue involves plaintiff request for information regarding *Open America* stays. State believes this is beyond the scope of a policy and practice claim and that plaintiff may access statistical information it seeks through PACER. Plaintiff believes this information has probative value and is factually relevant to their policy and practice claim. Court DENIES this part of the motion.

The fourth issue involves State asserting a broad deliberative process privilege in its document production. Plaintiff seeking guidance from the Court before the deposition on April 12. State points to 7th circuit precedent that forecloses Plaintiff's requests. State also believes Plaintiff misreads its cited case law in this part of the motion. Plaintiff has a particularized need for this information and anticipates issues at the deposition. Plaintiff to inform State of questions as specific as possible so that State can assess its position to assert privilege. If there are issues that cannot be resolved parties are to bring it before the Court before

the April 12 deposition. Court DENIES AS MOOT the DPP part of the motion to compel and ORDERS the parties to confer and if specific questions and objections come up to contact the Court to address them.

As to Motion for Extension:

Plaintiff is requesting a 6-month extension to all deadlines. Parties discussed issues regarding discovery and production of documents. There have been ongoing discussions regarding interrogatories and a dispute regarding a request for production regarding emails. Court will allow the amending of the deadlines but in a shorter timeframe than Plaintiff is requesting. Court ORDERS parties to confer and attempt to come to agreements as to the amending of certain deadlines.

Parties are to submit a joint proposal for amending the scheduling order in this case by Friday April 19, 2024.