

ABRAMS INSTITUTE FOR FREEDOM OF EXPRESSION

Yale Law School

April 22, 2024

**By ECF**
The Honorable Nancy Joseph
United States Magistrate Judge
Eastern District of Wisconsin
United States Federal Building and Courthouse
517 E. Wisconsin Ave
Milwaukee, WI 53202

> Re: *Scoville v. U.S. Department of State*, No. 2:22-cv-00091-NJ –
> <u>Joint Status Report Regarding Proposals for Amending Scheduling Order</u>

Dear Judge Joseph:

    The parties write pursuant to the Court's April 4, 2024 Minute Order [Doc. 50], directing the parties to submit a joint proposal for amending the operative scheduling order [Doc. 41]. This is, regrettably, not a joint proposal despite additional conferences between parties' counsel.

    Below are scheduling proposals from each party. Both proposals contemplate a less than two-month extension of the deadline for completion of summary judgment briefing. Plaintiff's proposal makes the deadline to serve interrogatories and requests for admission and the close of fact discovery contingent on Defendant's completion of its outstanding document production. While Defendant consents to Plaintiff's proposed deadlines for the service of requests for production, expert discovery, and summary judgment briefing, Defendant objects to any amendment to fact discovery deadlines beyond a 45 day extension.

    Plaintiff's position is that his proposal for amending the scheduling order is warranted and reasonable given Defendant's six-month long refusal to make a 30(b)(6) designee available for a deposition, and the fact that it has yet to produce any documents in response to Plaintiff's request for production of emails, served in March 2023 and significantly narrowed since. Defendant would have Plaintiff serve all interrogatories and requests for admission by May 6, 2024, likely before any production of emails has begun and about a week after Plaintiff expects to receive the transcript for the April 12, 2024 deposition initially noticed for November 2023. Defendant's proposed fact discovery deadlines foreclose a meaningful opportunity for Plaintiff to seek discovery based on information learned during Defendant's deposition and impede longstanding efforts to obtain discovery directly related to Defendant's non-isolated policy and practice of delayed responses in violation of FOIA's timing requirements at issue in this case— the type of discovery necessary for such claims. *See, e.g.*, *Gilmore v. U.S. Dep't of Energy*, 33 F. Supp. 2d 1184, 1190 (N.D. Cal. 1998) (discovery on "policies and practices for responding to FOIA requests, and the resources allocated to ensure its compliance with the FOIA time limitations" "is necessary and should be taken"). It would be inequitable to permit Defendant to prejudge any future discovery requests by Plaintiff or allow Defendant's months-long refusal to make available a 30(b)(6) designee and delay in producing responsive emails to prevent Plaintiff



from obtaining the discovery necessary to begin briefing summary judgment before year's end. Plaintiff's proposal provides reasonable and practical deadlines to account for Defendant's past and ongoing discovery delays and comports with this Court's Local Rules, providing that "discovery (including depositions to preserve testimony for trial) must be scheduled to allow depositions to be completed, interrogatories and requests for admission to be answered, and documents to be produced before the deadline and in accordance with the provisions of the Federal Rules of Civil Procedure." Civil L. R. 26(c).

Defendant's position is that a 45 day extension of discovery is sufficient for any minor remaining discovery that might be appropriate in light of the extensive discovery Plaintiff has already obtained and the well-established limited scope of discovery in this kind of case. *See, e.g.*, *Alley v. United States Dep't of Health & Hum. Servs.*, No. CV-07-BE-0096-E, 2010 WL 11561222, at *5 (N.D. Ala. Sept. 30, 2010); (explaining that "*limited* discovery" should be "tailored to specific policies impacting specific Plaintiffs and a specific FOIA request"; it is not appropriate for "Plaintiffs to search out and bring to the court all flawed FOIA policies of [Defendant] and convert this court into a super-watchdog over [Defendant's] FOIA practices") (emphasis in original); *id.* ("[t]he role of this court is to adjudicate cases in controversy, not to issue advisory opinions about whether policies violate FOIA where no evidence exists that the policies impacted the particular Plaintiff[] at bar."). Plaintiff has already received approximately 1,322 documents, totaling at least 14,232 pages from Defendant in discovery in this case, in addition to the extensive amount of relevant material that Defendant makes publicly available on its website. Borson Decl. ¶ 4, ECF No. 45-1; *see* U.S. Dep't of State, FOIA Reports, *available at* https://foia.state.gov/Learn/Reports.aspx (providing links to Defendant's FOIA Annual Reports from 1999-2023, quarterly FOIA reports from Q1 2013 to Q2 2024, and Chief FOIA Officer Reports from 2010-2024). Plaintiff has also propounded 31 Interrogatories and taken the 30b6 deposition of Defendant. This is more than sufficient discovery in this type of case. *Cf. Am. Ctr. for Law & Justice v. U.S. Dep't of State*, 289 F. Supp. 3d 81, 93 (D.D.C. 2018) (rejecting request to seek *any* discovery in case with materially similar claim, noting that "Plaintiff's request seems little more than the proverbial fishing expedition"); *id.* at 92 (explaining that while some discovery may be appropriate "in a FOIA policy-or-practice suit," it is limited to "narrow discovery on the agency's 'policies and practices for responding to FOIA requests and the resources allocated to ensure its compliance with the FOIA time limitations.'") *see generally* Rule 26(b)(1) (discovery must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit").

Defendant further notes that the delay in completion of discovery to date that Plaintiff references is in fact attributable to Plaintiff's unreasonable demand for (at least) tens of thousands of emails from numerous custodians and refusal to meaningfully narrow its demand after extensive efforts and numerous proposals by Defendant offering reasonable ways to narrow the request. *See* Def's Response to RFP 34, ECF No. 43-11 at 12 (noting that a "preliminary search using a subset of the terms and custodians identified in the request for emails dating from March 10, 2016, to the present has already produced more than 134,000 hits). Defendant had maintained that resolving the scope of this request for production was appropriate before conducting the 30(b)(6)



deposition in order to facilitate Defendant's preparation of its witness, although Defendant ultimately agreed to make the witness available notwithstanding Plaintiff's intransigence on the scope of the request for production.

While Defendant believes that the discovery obtained by Plaintiff to date is more than sufficient, it is willing to consent to a 45 day extension for Plaintiff to serve a reasonable number of Requests for Admission in light of the recently-completed 30b6 deposition and potentially for specific, narrowly-targeted follow up written discovery. Defendant was also willing to extend the deadlines for non-fact discovery for a longer period to accommodate Plaintiff's request that the deadlines accommodate the academic calendar so that the students involved can continue to participate in the case. But Defendant cannot consent to a significant extension of the fact discovery deadline in order for Plaintiff to seek what appears to be extensive additional discovery in this case, and respectfully submits that fact discovery should be promptly brought to a close.

| Event | Current Deadline | Plaintiff's Proposal | Defendant's Proposal |
|---|---|---|---|
| Deadline to serve written discovery requests | 3/22/2024 | See below | 5/6/2024 |
| Deadline to serve requests for production | 3/22/2024 | 5/6/2024 | 5/6/2024 |
| Deadline to serve interrogatories and requests for admission | 3/22/2024 | 2 weeks after completion of document production | 5/6/2024 |
| Deadline to complete fact discovery | 5/3/2024 | 6 weeks after the completion of document production, but no later than 8/9/2024 | 6/17/2024 |
| Deadline to disclose expert designations | 5/10/2024 | 9/9/2024 | 9/9/2024 |
| Deadline for exchange of expert reports | 6/14/2024 | 9/9/2024 | 9/9/2024 |
| Deadline to disclose rebuttal expert designations and exchange rebuttal reports | 7/19/2024 | 10/7/2024 | 10/7/2024 |
| Deadline to complete expert discovery | 8/16/2024 | 10/31/2024 | 10/31/2024 |
| Deadline for any *Daubert* motions | 9/27/2024 | 11/22/2024 | 11/22/2024 |
| Plaintiff's motion and supporting materials for summary judgment due | 9/27/2024 | 11/22/2024 | 11/22/2024 |
| Responses to *Daubert* motions due | 11/8/2024 | 1/6/2025 | 1/6/2025 |
| Defendant's cross motion for summary judgment and opposition to Plaintiff's motion for summary judgment due | 11/8/2024 | 1/6/2025 | 1/6/2025 |
| Any replies in support of *Daubert* motions due | 12/6/2024 | 2/3/2025 | 2/3/2025 |
| Plaintiff's reply in support of motion for summary judgment and opposition to defendant's cross-motion | 12/6/2024 | 2/3/2025 | 2/3/2025 |
| Defendant's reply in support of cross motion for summary judgment and opposition to Plaintiff's motion | 1/10/2025 | 3/3/2025 | 3/3/2025 |

P.O. BOX 208215, NEW HAVEN, CONNECTICUT 06520-8215 • FACSIMILE 203 432-3034

COURIER ADDRESS 127 WALL STREET, NEW HAVEN, CT 06511



                                      Respectfully submitted,

| | |
|---|---|
| */s/ Brady C. Williamson* | */s/ Tobin Raju* |
| Brady C. Williamson | Tobin Raju, No. 5638523 |
| State Bar No. 1013896 | MEDIA FREEDOM & INFORMATION |
| GODFREY & KHAN, S.C. | ACCESS CLINIC, YALE LAW SCHOOL |
| One East Main Street, Suite 500 | P.O. Box 208215 |
| Madison, WI 53703 | New Haven, CT 06520 |
| Tel: (608) 257-3911 | Tel: (203) 436-5836 |
| bwilliam@gklaw.com | tobin.raju@ylsclinics.org |
| | |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |

*/s/Christopher M. Lynch*
CHRISTOPHER M. LYNCH
(D.C. Bar No. 1049152)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
(202) 353-4537 (phone)
(202) 616-8470 (fax)
christopher.m.lynch@usdoj.gov

*Counsel for Defendant*