**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| RYAN SCOVILLE,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF STATE,<br><br>Defendant. | Civil Action No. 2:22-cv-91-NJ |

## DECLARATION OF TOBIN RAJU

I, Tobin Raju, declare under penalty of perjury as follows:

1. I am an attorney and clinical lecturer with the Yale Law School Media Freedom and Information Access Clinic (the "Clinic"), counsel to Plaintiff Ryan Scoville in the above-captioned lawsuit. I submit this declaration in support of plaintiff's motion for summary judgment. The statements in the foregoing declaration are based on my personal knowledge.

2. During the course of my representation of Professor Scoville, I have communicated with the Department of State ("State") and its counsel regarding FOIA requests Professor Scoville filed on March 4, 2020 and August 16, 2021.

3. On November 1, 2023, State informed me that a production of documents responsive to Prof. Scoville's March 4, 2020 Request "should be ready very soon," but that this would not be the final production. However, State did not produce any records, nor did it provide any updates for several more months.

4. During the April 12, 2024 30(b)(6) deposition of State, counsel for plaintiff again requested an update on the processing of the March 4, 2020 request and asked for information on

what additional steps, if any, State needed to take to complete processing the request and when it would produce responsive records. State could not provide an answer.

5. On October 4, 2024, I sent a letter to State's counsel setting forth the long history of State's delay in processing Professor Scoville's March 4, 2020 FOIA request (No. F-2020-04794) and his August 16, 2021 FOIA request (No. F-2021-09309), and the parties communications regarding those requests.

6. On November 4, 2024, State's counsel explained that State had located potentially responsive material in a tranche of a variety of unrelated materials, most of which was not responsive to Prof. Scoville's request.

7. On December 2, 2024, more than 4 years after Prof. Scoville submitted his request, State produced 17 pages of records, but they related to statutory provisions completely unrelated to the request.

8. I informed State's counsel of State's error on December 3, 2024.

9. On December 5, 2024, I followed up with State's counsel to inquire if State had any questions about what records would be responsive to Prof. Scoville's request, and on December 10, 2024, I provided State's counsel with additional detail regarding the categories of records that would be responsive to the request.

10. On January 13, 2025, State notified Professor Scoville that the processing of his March 4, 2020 request remains ongoing.

11. As part of my representation of Professor Scoville, I supervised research members of the Clinic conducted on State's use of stays permitting an agency additional time to produce records responsive to a FOIA request because of "exceptional circumstances," pursuant to 5 U.S.C. § 552(a)(6)(C). Such stays are also known as "*Open America* stays."

12. This research was conducted by searching every federal court docket available on Bloomberg Law, https://www.bloomberglaw.com, mentioning the terms "*Open America*," or "5 U.S.C. § 552(a)(6)(C)" and "stay," in FOIA cases to which State was a party since November 30, 2005, when State requested an *Open America* stay in *Center for Public Integrity v. U.S. Department of State*, No. 1:05-cv-02313 (D.D.C. Nov. 30, 2005), ECF No. 11.

13. In the course of this research, members of the Clinic also reviewed dockets available on Bloomberg Law in which State sought stays in FOIA productions, regardless of whether the stay was framed under *Open America* or 5 U.S.C. § 552(a)(6)(C). These cases were identified by searching for all FOIA cases available on Bloomberg Law to which State was a party since November 30, 2005 that mention the terms "stay production," "stay in the production," "stay of production," "stay the production," "stay of the disclosure," "stay of disclosure," "stay in the disclosure," "stay in disclosure," or "stay disclosure."

14. According to this research, it appears that State has not been granted, nor has it requested, an *Open America* stay, under the standard set forth in 5 U.S.C. § 552(a)(6)(C), from the courts since 2005, even in situations where the court has inquired whether it would like to do so.

15. Although the research revealed that State's co-defendants have, at times, requested *Open America* stays, State has not requested *Open America* stays in those cases or others. *See, e.g.,* Motion for Stay of Proceedings with Respect to FBI, *Electronic Frontier Foundation v. Office of the Director of National Intelligence*, No. 4:09-cv-03351 (N.D. Cal. July 22, 2009), ECF No. 26 (FBI requested the *Open America* stay); Motion for an Open America Stay, *Talbot et al. v. Central Intelligence Agency et al.*, No. 1:07-cv-00277 (D.D.C. Feb. 6, 2007), ECF No. 11 (CIA requested the *Open America* stay).

16. According to the research, it appears that State has obtained stays in certain cases where it has cited federal government shutdowns or the COVID-19 pandemic. None of these stays appear to have been granted pursuant to the *Open America* framework. In one instance, where multiple pending cases involved a similar issue, State motioned for a temporary stay to facilitate better coordination. Motion to Stay Pending Resolution of its Motion for Designation of Coordinating Judge, *Judicial Watch, Inc. v. U.S. Department of State*, No. 1:15-cv-00684 (D.D.C. May 5, 2015), ECF No. 9. This stay was not requested pursuant to the *Open America* framework, and the court subsequently denied it as moot.

17. Attached hereto as **Exhibit 1** is a true and correct copy of excerpts from the transcript of the deposition of Eric Stein, held on April 12, 2024.

18. Attached hereto as **Exhibit 2** is a true and correct copy of excerpts from the transcript of the deposition of Timothy Kootz, held on January 10, 2025.

19. Attached hereto as **Exhibit 3** is a true and correct copy of the February 17, 2025 Declaration of Plaintiff Ryan Scoville.

20. Attached hereto as **Exhibit 4** is a true and correct copy of the February 10, 2025 Declaration of Plaintiff's retained expert, Dr. A.Jay Wagner, which also contains Dr. Wagner's expert report.

21. Attached hereto as Exhibits 5-16 are true and correct copies of declarations submitted by other FOIA requesters that Plaintiff's counsel learned of through documents produced in discovery by State in this litigation and through publicly available FOIA logs posted on FOIA.State.gov.

22. Attached hereto as **Exhibit 5** is a true and correct copy of the January 31, 2025 Declaration of Katherine Anthony, Deputy Chief Counsel for American Oversight.

23. Attached hereto as **Exhibit 6** is a true and correct copy of the February 5, 2025 Declaration of Austin Matthews, Assistant Professor of political science for East Carolina University.

24. Attached hereto as **Exhibit 7** is a true and correct copy of the February 5, 2025 Declaration of Patrick Eddington, Senior Fellow for the Cato Institute.

25. Attached hereto as **Exhibit 8** is a true and correct copy of the February 5, 2025 Declaration of Nikhel Sus, Deputy Chief Counsel for Citizens for Responsibility and Ethics in Washington.

26. Attached hereto as **Exhibit 9** is a true and correct copy of the February 6, 2025 Declaration of Anna Diakun, Staff Attorney for the Knight First Amendment Institute at Columbia University.

27. Attached hereto as **Exhibit 10** is a true and correct copy of the February 6, 2025 Declaration of John Monaghan, Senior Litigation Counsel for American Center for Law and Justice.

28. Attached hereto as **Exhibit 11** is a true and correct copy of the February 11, 2025 Declaration of Jared McBride, Assistant Professor of history for the University of California, Los Angeles.

29. Attached hereto as **Exhibit 12** is a true and correct copy of the February 12, 2025 Declaration of David McCraw, Senior Vice President and Deputy General Counsel for *The New York Times*.

30. Attached hereto as **Exhibit 13** is a true and correct copy of the February 12, 2025 Declaration of Jimmy Tobias, an independent investigative reporter whose work has appeared in *The Guardian*, *The Nation*, *The New York Times*, *The Los Angeles Times*, and other publications.

31. Attached hereto as **Exhibit 14** is a true and correct copy of the February 12, 2025 Declaration of Michael Morisy, Founder and CEO of MuckRock.

32. Attached hereto as **Exhibit 15** is a true and correct copy of the February 15, 2025 Declaration of Oona Hathaway, Professor of international law for Yale Law School.

33. Attached hereto as **Exhibit 16** is a true and correct copy of the February 17, 2025 Declaration of Jason Leopold, Senior Investigative Reporter for Bloomberg News.

34. Attached hereto as **Exhibit 17** is a true and correct copy of Defendant's Supplemental Responses to Plaintiff's Interrogatory Nos. 29 and 31.

35. Attached hereto as **Exhibit 18** is a true and correct copy of Defendant's Supplemental Responses to Plaintiff's Interrogatory Nos. 11, 12, and 28.

36. Attached hereto as **Exhibit 19** is a true and correct copy of State's Fiscal Year 2014 FOIA Annual Report.

37. Attached hereto as **Exhibit 20** is a true and correct copy of State's Fiscal Year 2015 FOIA Annual Report.

38. Attached hereto as **Exhibit 21** is a true and correct copy of State's Fiscal Year 2016 FOIA Annual Report.

39. Attached hereto as **Exhibit 22** is a true and correct copy of State's Fiscal Year 2017 FOIA Annual Report.

40. Attached hereto as **Exhibit 23** is a true and correct copy of State's Fiscal Year 2018 FOIA Annual Report.

41. Attached hereto as **Exhibit 24** is a true and correct copy of State's Fiscal Year 2019 FOIA Annual Report.

42. Attached hereto as **Exhibit 25** is a true and correct copy of State's Fiscal Year 2020 FOIA Annual Report.

43. Attached hereto as **Exhibit 26** is a true and correct copy of State's Fiscal Year 2021 FOIA Annual Report.

44. Attached hereto as **Exhibit 27** is a true and correct copy of State's Fiscal Year 2022 FOIA Annual Report.

45. Attached hereto as **Exhibit 28** is a true and correct copy of State's Fiscal Year 2023 FOIA Annual Report.

46. Attached hereto as **Exhibit 29** is a true and correct copy of State's Fiscal Year 2024 FOIA Annual Report.

47. Attached hereto as **Exhibit 30** is a true and correct copy of State's 2016 Chief FOIA Officer Report.

48. Attached hereto as **Exhibit 31** is a true and correct copy of State's 2017 Chief FOIA Officer Report.

49. Attached hereto as **Exhibit 32** is a true and correct copy of State's 2018 Chief FOIA Officer Report.

50. Attached hereto as **Exhibit 33** is a true and correct copy of State's 2019 Chief FOIA Officer Report.

51. Attached hereto as **Exhibit 34** is a true and correct copy of State's 2020 Chief FOIA Officer Report.

52. Attached hereto as **Exhibit 35** is a true and correct copy of State's 2021 Chief FOIA Officer Report.

53. Attached hereto as **Exhibit 36** is a true and correct copy of State's 2022 Chief FOIA Officer Report.

54. Attached hereto as **Exhibit 37** is a true and correct copy of State's 2023 Chief FOIA Officer Report.

55. Attached hereto as **Exhibit 38** is a true and correct copy of State's 2024 Chief FOIA Officer Report.

56. Attached hereto as **Exhibit 39** is a true and correct copy of an excerpt of a FOIA log from State's FOIA.State.gov website for 4th Quarter for Fiscal Year 2022, reflecting a FOIA request submitted by Jared McBride that has been pending since August 2, 2022.

57. Attached hereto as **Exhibit 40** is a true and correct copy of an excerpt of a FOIA log from State's FOIA.State.gov website for 3rd Quarter for Fiscal Year 2023, reflecting a FOIA request submitted by Austin Matthews that has been pending since June 21, 2023.

58. Attached hereto as **Exhibit 41** is a true and correct copy of an excerpt of a FOIA log from State's FOIA.State.gov website for 3rd Quarter for Fiscal Year 2023, reflecting a FOIA request submitted by Jimmy Tobias that has been pending since June 14, 2023.

59. Attached hereto as **Exhibit 42** is a true and correct copy of a letter, sent by Plaintiff's counsel, Tobin Raju, to Defendant's counsel, Christopher Lynch, on October 21, 2024.

60. Attached hereto as **Exhibit 43** is a true and correct copy of a document Bates stamped SCO_2626, which is the complaint in a FOIA lawsuit filed by *The New York Times* against State, captioned *New York Times Co. v. U.S. Dep't of State*, No. 1:19-cv-00645-JSR (S.D.N.Y.), which State produced in discovery for this litigation.

61. Attached hereto as **Exhibit 44** is a true and correct copy of a document Bates stamped SCO_6399, which is the complaint in a FOIA lawsuit filed by the American Center for Law and Justice against State, captioned *American Center for Law and Justice v. U.S. Dep't of State*, No. 1:16-cv-01751-TNM (D.D.C.), which State produced in discovery for this litigation.

62. Attached hereto as **Exhibit 45** is a true and correct copy of a document Bates stamped SCO_7659, which is the complaint in a FOIA lawsuit filed by American Oversight against State, captioned *American Oversight v. U.S. Dep't of State*, No. 1:18-cv-02579-ABJ (D.D.C.), which State produced in discovery for this litigation.

63. Attached hereto as **Exhibit 46** is a true and correct copy of a document Bates stamped SCO_9299, which is the complaint in a FOIA lawsuit filed by Citizens for Responsibility and Ethics in Washington against State, captioned *Citizens for Responsibility and Ethics in Washington v. U.S. Dep't of State*, No. 1:19-cv-01344 (D.D.C.), which State produced in discovery for this litigation.

64. Attached hereto as **Exhibit 47** is a true and correct copy of a document Bates stamped SCO_9658, which is the complaint in a FOIA lawsuit filed by Patrick Eddington, Senior Fellow for the Cato Institute, against State, captioned *Patrick Eddington v. U.S. Dep't of State*, No. 1:19-cv-02794-RC (D.D.C.), which State produced in discovery for this litigation.

65. Attached hereto as **Exhibit 48** is a true and correct copy of a document Bates stamped SCO_12437, which is the complaint in a FOIA lawsuit filed by the Muckrock Foundation against State, captioned *Muckrock Foundation v. U.S. Dep't of State*, No. 1:20-cv-12170 (D. Mass.), which State produced in discovery for this litigation.

66. Attached hereto as **Exhibit 49** is a true and correct copy of a document Bates stamped SCO_10611, which is the complaint in a FOIA lawsuit filed by Oona A. Hathaway

against State, captioned *Oona A. Hathaway v. U.S. Dep't of State*, No. 3:21-cv-00691-AWT (D. Conn.), which State produced in discovery for this litigation.

67. Attached hereto as **Exhibit 50** is a true and correct copy of a document Bates stamped SCO_11817, which is the complaint in a FOIA lawsuit filed by the Knight First Amendment Institute against State, captioned *Knight First Amendment Inst. at Columbia Univ. v. U.S. Dep't of State*, No. 1:17-cv-07572-ALC (S.D.N.Y.), which State produced in discovery for this litigation.

68. Attached hereto as **Exhibit 51** is a true and correct copy of a document Bates stamped SCO_12015, which is the complaint in a FOIA lawsuit filed by Jason Leopold against State, captioned *Jason Leopold v. U.S. Dep't of State*, No. 1:17-cv-01525 ABJ (D.D.C), which State produced in discovery for this litigation.

69. Attached hereto as **Exhibit 52** is a true and correct copy of a letter bearing Bates stamp SCO_200 sent by Secretary of State Rex W. Tillerson, produced in discovery by Defendants.

70. Attached hereto as **Exhibit 53** is a true and correct copy of a document Bates stamped SCO_376, entitled "Freedom of Information Act (FOIA) Surge Frequently Asked Questions," dated October 12, 2017, which State produced in discovery for this litigation.

71. Attached hereto as **Exhibit 54** is a true and correct copy of a document Bates stamped SCO_401, entitled "Bureau Weekly Feedback Meeting (Bunche Library)," dated January 25, 2018, which State produced in discovery for this litigation.

72. Attached hereto as **Exhibit 55** is a true and correct copy of a document Bates stamped SCO_414, entitled "FOIA Processing Priorities," dated October 24, 2016, which State produced in discovery for this litigation.

73. Attached hereto as **Exhibit 56** is a true and correct copy of a document Bates stamped SCO_617, entitled "State Department FOIA Working Group Meeting," dated August 22, 2018, which State produced in discovery for this litigation.

74. Attached hereto as **Exhibit 57** is a true and correct copy of a document Bates stamped SCO_657, entitled "Freedom of Information Act (FOIA) Backlog Reduction Effort," dated Augst 21, 2017, which State produced in discovery for this litigation.

75. Attached hereto as **Exhibit 58** is a true and correct copy of a document Bates stamped SCO_674, entitled "Department of State FOIA Backlog Reduction Plan," dated February 2020, which State produced in discovery for this litigation.

76. Attached hereto as **Exhibit 59** is a true and correct copy of a document Bates stamped SCO_688, entitled "Department of State Freedom of Information Act (FOIA) Program: Initial Deep Dive Briefing for the Chief FOIA Officer," dated February 7, 2022, which State produced in discovery for this litigation.

77. Attached hereto as **Exhibit 60** is a true and correct copy of a document Bates stamped SCO_706, entitled "Policies for Litigation," dated September 2019, which State produced in discovery for this litigation.

78. Attached hereto as **Exhibit 61** is a true and correct copy of a document Bates stamped SCO_13401, entitled "State Department FOIA Working Group Agenda," dated September 28, 2022, which State produced in discovery for this litigation.

79. Attached hereto as **Exhibit 62** is a true and correct copy of a document Bates stamped SCO_13774, entitled "Freedom of Information Act (FOIA) Backlog Plan/Surge Effort," dated October 2017, which State produced in discovery for this litigation.

80. Attached hereto as **Exhibit 63** is a true and correct copy of a document Bates stamped SCO_13870, entitled "FY 2018 Appropriations," which State produced in discovery for this litigation.

81. Attached hereto as **Exhibit 64** is a true and correct copy of a document Bates stamped SCO_13906, entitled "FY 2017 Appropriations," which State produced in discovery for this litigation.

82. Attached hereto as **Exhibit 65** is a true and correct copy of a letter from the Department of State to the Senate Committee on Foreign Relations regarding FY 2018 appropriations, produced by Defendants in discovery and bearing Bates stamp SCO_13940.

83. Attached hereto as **Exhibit 66** is a true and correct copy of a document Bates stamped SCO_14418, entitled "Meeting with FOIA Surge DASes," dated May 4, 2018, which State produced in discovery for this litigation.

84. Attached hereto as **Exhibit 67** is a true and correct copy of a document Bates stamped SCO_14421, entitled "Freedom of Information Act (FOIA)—Overview of Current Status," dated August 16, 2017, which State produced in discovery for this litigation.

85. Attached hereto as **Exhibit 68** is a true and correct copy of a document Bates stamped SCO_33486, which is the FOIAXPress Request Detail Report for Ryan Scoville's 2021 Request pulled on October 16, 2024, which State produced in discovery for this litigation.

86. Attached hereto as **Exhibit 69** is a true and correct copy of a document Bates stamped SCO_13772, entitled "Action Memo for Assistant Secretary Cabelka," dated February 25, 2020, which State produced in discovery for this litigation.

87. Attached hereto as **Exhibit 70** is a true and correct copy of a document Bates stamped SCO_14234, discussing State's FOIA processing policies. This document has been

designated as “Confidential” by State and filed under seal pursuant to the Protective Order, ECF No. 32.

88. Attached hereto as **Exhibit 71** is a true and correct copy of an email, sent by the Director of State’s Office of Information Programs and Services at 9:16:56 AM on February 28, 2020, produced in discovery by Defendant and bearing Bates stamp SCO_30146.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 18, 2025.
New Haven, Connecticut

/s/ *Tobin Raju*
Tobin Raju