# EXHIBIT 16

RYAN SCOVILLE,

                            Plaintiff,

          v.                                              Civil Action No. 2:22-cv-91-NJ

U.S. DEPARTMENT OF STATE,

                            Defendant.

_____

## DECLARATION OF JASON LEOPOLD

I, Jason Leopold, declare under penalty of perjury that the following is true and correct:

1.      I am currently employed as a senior investigative reporter at *Bloomberg News*. My investigative work has also appeared in a variety of other leading outlets, including *BuzzFeed News*, *VICE News* and *The Los Angeles Times*, among others. I have contributed to several high-profile investigative projects, such as the FinCEN Files and a series on suspicious deaths linked to the UK and back to the Kremlin, which have garnered international attention and recognition. My work has been honored with awards, including the 2023 Gerald Loeb Award for investigative reporting and the 2022 George Polk Award for health reporting. I have twice been a finalist for the Pulitzer Prize.

2.      I understand that the Plaintiff, Ryan Scoville, intends to use this declaration in support of his summary judgment motion in this case. I have not seen the motion papers and therefore cannot comment on any specific aspects of them, but I understand in broad strokes that Plaintiff argues that repeated, prolonged, and unexcused delays by defendant United States Department of State ("State") in responding to Plaintiff's Freedom of Information ("FOIA")

1

requests amount to an impermissible policy or practice of violating FOIA. That assertion is consistent with my own experiences as a reporter who has submitted numerous FOIA requests to State, only to have them languish for years.

3.      The statements in the foregoing declaration are based on my personal knowledge.

4.      I have been a reporter since 1992. I have been a senior investigative reporter at *Bloomberg News* since July 2022. Prior to that, I was a senior investigative reporter at *BuzzFeed News* and *VICE News*.

5.      In my reporting, I conduct comprehensive investigations into a wide range of topics, including corporate malfeasance, politics, and global affairs. I routinely use documents to support my work.

6.      In connection with my reporting, I regularly submit FOIA requests. My public records work has contributed to changes in policy and launching of investigations by Congress. For example, the Senate Intelligence Committee now requires the Director of National Intelligence to submit a report to Congress detailing how intelligence agencies interact with the entertainment industry. This rule was instituted after I published stories based on documents I obtained via FOIA that showed how the CIA played a hands-on role in the production of nearly two-dozen entertainment projects.[1]

7.      My work relies significantly on timely access to information obtained through FOIA. Delays in processing FOIA requests directly hinder my ability to report on matters of public interest and can interfere with the impact of my reporting.

8.      I have submitted hundreds of FOIA requests to State since 2011, the most recent of which was in October of 2024.

---

[1] https://www.vice.com/en/article/senate-cracks-down-on-cia-and-intelligence-community-in-hollywood.

9. I have submitted FOIA requests to State on a range of topics, including Guantanamo Bay, detainee treatment, the capture of Bowe Bergdahl in Afghanistan and the release of Hillary Clinton's emails.

10. The FOIA requests I submit to State often seek production of specifically-identified records. I also submit FOIA requests for records that were created within a certain time period or contain certain key words.

11. Given the nature of my work, it is likely I will submit FOIA requests to State in the future.

12. Access to records requested from State is essential to my reporting because the information requested is generally unavailable from other sources or, if partially available, lacks the completeness and reliability of the records held by State. State is in the best position to provide complete records, including emails, internal memos, and other communications that detail government operations.

13. I have over 50 requests pending with State, 46 of which have been pending for over 5 years and 22 of which have been pending for almost 10 years. State often provides no response at all to my requests for estimated dates of completion. When they do respond with estimated dates, it takes months for them to do so. In order for me to obtain estimated dates of completion, I must go to great lengths to remind State of its obligation under the law, which includes sending numerous emails, phone calls, and letters over the course of many months. It takes State anywhere from three years to more than a decade to produce responsive records to my FOIA requests.

3

14. Communication from State regarding pending requests is often nonexistent beyond an initial acknowledgement letter and sometimes a "still interested" letter many years later.

15. I rarely receive any records responsive to my requests unless I have pursued litigation. Even after filing lawsuits to compel responses to my FOIA requests, I have encountered significant issues with the records that State eventually produced, including a failure to search for all responsive records within all record-keeping systems that are likely to have or maintain the records I am seeking. Produced records are often heavily redacted and productions of voluminous records take years to complete.

16. As illustrated in the examples below, the delays in receiving information from State have severely hindered my ability to cover important stories in a timely fashion, an incontrovertible disadvantage to the public.

17. Nearly every single FOIA request I have filed with State is evidence of State's consistent failure to respond to FOIA requests within the statutory time limits and the prolonged delay in producing records responsive to these requests.

18. One significant example is F-2013-14533, a request I filed on August 21, 2013, for copies of the uncashed checks sent to Cuba to pay for the Guantanamo Bay lease. I sought these records for my reporting on the United States's acquisition of Guantanamo Bay.

19. State acknowledged the request on September 19, 2013. However, despite this acknowledgment, the request has been marked "In Process" for over ten years, and I have received no substantive updates from State.

20. State has yet to produce any records responsive to this request. State's to-date eleven-year delay in producing responsive records interfered with my ability to continue

reporting on the issue, which is even more timely now given President Trump's January 29, 2025 announcement that he intends to build a detention facility at Guantanamo Bay to house as many as 30,000 migrants.

21. As another example, on April 2, 2014, I submitted FOIA request F-2014-06101 to State for records concerning talking points prepared by the State Department for use at a hearing in March 2014 before the United Nations Human Rights Committee. I sought these records as part of my newsgathering and reporting efforts.

22. State acknowledged the request on April 30, 2014. Despite submitting the request in April 2014 and receiving an acknowledgment on April 30, 2014, the request has remained "In Process" for over ten years.

23. State has failed to provide any substantive response or produce any records responsive to this request to date. I am still waiting for the records even though the reason I sought these records was to report on a breaking news topic back in 2014.

24. On February 21, 2017, I filed FOIA request F-2017-03728 with State, seeking emails records as part of my newsgathering and reporting efforts.

25. State acknowledged the request on March 21, 2017. However, since then, I have received no further communication from State regarding the status of the request, and the request remains marked as "In Process."

26. Despite the extended period of time since the acknowledgment, State has yet to produce any responsive records or offer any substantive response. This nearly eight-year delay has disrupted my work, undermining my newsgathering and reporting efforts.

27. On August 9, 2018, I filed FOIA request F-2018-06052 with State, seeking a copy of a set of bright-colored simple flash cards referenced in news reports from January 1, 2018 to

August 9, 2018. These flash cards were reportedly used during a trade negotiation between President Donald Trump and European Commission Chief Jean-Claude Juncker, which was widely covered in the media. I sought these records as part of my newsgathering and reporting efforts.

28.     State acknowledged receipt of the request on May 11, 2021, and the request has been marked as "In Process" since that time. Despite the acknowledgment, there has been no communication from State regarding the progress of the request, and no substantive response or records have been provided.

29.     Given the public interest in these materials, State's failure to produce them in the past six years has hindered my ability to report on the trade negotiations and the role these flash cards may have played in the discussions.

30.     On November 29, 2018, I submitted FOIA request F-2018-06052 to State for records referring to President Donald Trump's travel to Belleau Wood, located 55 miles northeast of Paris, as part of the 100th anniversary celebrations of the end of World War I. I sought these records as part of my newsgathering and reporting efforts.

31.     State acknowledged the request three years later on November 29, 2021. However, despite the passage of considerable time, State has not provided the requested records. The request has remained "In Process" since then, and I have yet to receive any substantive response from State.

32.     State has yet to produce any records related to this request. The failure to process and release these records in a timely manner has hindered my ability to report on the broader implications of the trip.

33.     On January 30, 2020, I submitted FOIA request F-2020-03412 to State for records as part of my newsgathering and reporting efforts.

34.     Despite submitting the request in early 2020, State only acknowledged it on March 13, 2022, over two years later. The records have remained "In Process" ever since, and no substantive response has been provided by State.

35.     State has yet to produce any records responsive to this request. This delay has severely impacted my ability to report on newsworthy events.

36.     The delays in responding to my pending FOIA requests continue to severely disrupt my ability to investigate and report on State's operations, to inform the public about how their taxpayer dollars are being used, and to report on issues around waste, fraud, abuse, and other government activity. Litigation is expensive, and my pursuit of these records has been costly. The inability to access key information in a timely manner also hampers my ability to inform the public. Given the persistent nature of these delays, I anticipate continued harm to my ability to gather the information necessary for my reporting.

37.     Given my prior experience with State's processing of my FOIA requests, I expect any new requests I submit to State are also likely to face similar processing issues, further impeding my ability to cover stories that require timely and accurate data. Future delays in processing FOIA requests on key issues like State's activities almost surely will negatively impact my reporting.

38.     Addressing State's failure to comply with FOIA's timing requirements is critical to my reporting, and that of so many other journalists. Information delayed is information denied.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 17. 2025.

Beverly Hills, California.

_____
Jason Leopold